IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.:

## **COMPLAINT FOR DAMAGES**

COMES NOW, NATALIE SOTO, Plaintiff in the above styled civil action, and files this Complaint for Damages against Defendant WENDELL HOLMES, JR., and shows the Court as follows:

## **PARTIES**

1.

Plaintiff NATALIE SOTO (hereinafter referred to as "Plaintiff") is a U.S. citizen currently domiciled in the State of Georgia in the United States of America.

2.

Defendant WENDELL HOLMES, JR. (hereinafter referred to as "Defendant Holmes" or "Defendant") is both a citizen and resident of the State of Georgia, domiciled in Cobb County, Georgia.  Defendant Holmes may be served with

process at his last known residence: 5934 Rosie Lane SE, Mableton, Cobb County, Georgia 30126. Once Defendant Holmes has been so served, he will be subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

3.

Jurisdiction over Defendant is proper pursuant to 28 U.S.C. § 1331.

4.

Venue is proper in this district pursuant to 28 U.S.C.§ 1391.

## STATEMENT OF FACTS

5.

Plaintiff Natalie Soto was previously in an intimate relationship with Defendant Wendell Holmes, Jr.. Plaintiff Soto ended her relationship with Defendant Holmes on or about January 1, 2024.

6.

During Plaintiff's relationship with Defendant Holmes, in approximately November of 2023, Plaintiff shared an intimate photo of herself with Defendant via text message.

7.

This intimate visual depiction of Plaintiff was intended solely for the private enjoyment of Defendant Wendell Holmes, Jr. and Plaintiff, and was not intended for distribution to anyone other than Defendant Holmes.

8.

In January of 2024, based on Plaintiff's growing suspicions that Defendant Holmes was either married or in an intimate relationship with one or more other women, Plaintiff ended her relationship with Defendant Holmes.

9.

On or about February 15, 2024, Plaintiff posted a publicly accessible dating app profile photo of Defendant Holmes in a Facebook group called "Are we dating the same guy?" a Facebook page for women and dedicated to identifying men who are sleeping with several women at the same time, and captioned her post: "If you see this man, run."

10.

Plaintiff's Facebook post identified Defendant by his first name only and included no other identifying information, apart from advising others in the Facebook group that Defendant was married or in a relationship while claiming on the dating app to be single.

11.

On or about February 15, 2024, after posting the above in the Facebook group, Plaintiff received a private Facebook message from Defendant Holmes' sister-in-law, who advised Plaintiff that they were aware of Defendant's activities and intended to confront him about it.

12.

On February 22, 2024, Plaintiff received a text message from an unfamiliar phone number. The message contained a screenshot of the "If you see this man, run" Facebook post Plaintiff had made and included no text, only the image.

13.

Plaintiff replied to the unfamiliar number via text, "Who is this?" and upon receiving no response, Plaintiff then called the number. When no one answered, Plaintiff heard an automated voicemail message stating that she had reached the phone of Wendell Holmes, Jr.

14.

On or about Friday, February 23, 2024, Plaintiff received a public Facebook comment on her personal page from one "Dawn Douglas," a woman previously unknown to Plaintiff who advised that she had sent Plaintiff a private Facebook message.

15.

Dawn Douglas' private message to Plaintiff stated that Defendant Holmes was now harassing her for making a public Facebook comment underneath Plaintiff's "If you see this man, run" post, which, upon information and belief, Defendant had either seen himself or had learned about from another source.

16.

Continuing to communicate with Plaintiff via private-message, Ms. Douglas described how Defendant Holmes had recently been hounding her on Facebook and her other social media, sending her vulgar and inappropriate messages.

17.

During this communication, Dawn Douglas provided multiple screenshots to Plaintiff showing the Defendant's harassment of her, one of which showed that Defendant had sent Ms. Douglas an intimate photo of Plaintiff, as well as another intimate photo of an unidentified woman.

18.

Plaintiff's intimate photo that she had shared with Defendant Holmes on or about November of 2023 was one of the images Defendant had disclosed to Dawn Douglas during his harassment of her.

19.

Plaintiff did not consent to this disclosure.

20.

In the alternative, Defendant Holmes acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

21.

Defendant Wendell Holmes, Jr. used a means or facility of interstate or foreign commerce to disclose an intimate visual depiction of the Plaintiff when he used the internet and cellular networks to disclose a photograph which contained intimate visual depictions of Plaintiff.

## CAUSE OF ACTION
### Civil action relating to disclosure of intimate images
### 15 U.S.C. § 6851

22.

Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

23.

On or about February 22, 2024, Defendant Wendell Holmes, Jr. used the internet and cellular networks to disclose a photograph containing an intimate visual depiction of Plaintiff to Dawn Douglas.

24.

Defendant used a means or facility of interstate or foreign commerce to disclose the intimate visual depictions of Plaintiff when he used the internet and cellular networks to disclose a photo containing an intimate visual depiction of Plaintiff.

25.

Plaintiff did not consent to this disclosure.

26.

In the alternative, Defendant acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

27.

Plaintiff has suffered damages as a result.

28.

Plaintiff is entitled to liquidated damages in the amount of $150,000.00 against Defendant Wendell Holmes, Jr. for this disclosure, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(I).

29.

Plaintiff is also entitled to equitable relief, including a permanent injunction ordering the Defendants to cease all display or disclosure of the visual depiction

pursuant to 15 U.S.C. § 6851(b)(3)(ii).

WHEREFORE, Plaintiff Natalie Soto prays for judgment in her favor and against each Defendant, and for the following relief:

A. Finding Defendant liable under 15 U.S.C. § 6851;

B. Awarding Plaintiff liquidated damages in the amount of $150,000 against each Defendant, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to *15 U.S.C. § 6851(b)(3)(I)*;

C. Granting appropriate injunctive relief against Defendant pursuant to *15 U.S.C. § 6851(b)(3)(ii)*; and

D. Awarding such other and further available relief and any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

This 1st day of July, 2024.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave.
Suite 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)