IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 15 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

NATALIE SOTO,

    Plaintiff,

vs.

**CIVIL ACTION**
**FILE NO: 1:24-CV-02911-SDG**

WENDELL HOLMES, JR,

    Defendant.

## DEFENDANT'S AFFIRMATIVE DEFENSES, ANSWER AND COUNTERCLAIM

Defendant files this his Affirmative Defenses, Answer and Counterclaim to Plaintiff's Complaint for Damages (hereinafter referred to as "Complaint"), as follows:

### I.  AFFIRMATIVE DEFENSES

#### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

2. Improper Service. Plaintiff served someone by the name of "Rosie" (someone out walking a dog). No one residing in Defendant's residence goes by the name of "Rosie".

#### Third Affirmative Defense

3. Any damages Plaintiff is alleging are minimal at best, as there was never any public display of Plaintiff's photograph. However, acknowledges posting slanderous and libel information about the Defendant on social media for all the world to see.

1

### Fourth Affirmative Defense

4. Plaintiff engaged in extortion attempts in an effort to force the Defendant to send money to the Plaintiff.

### Fifth Affirmative Defense

5. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

### DEFENDANT'S ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of the Complaint as follows:

### II.

### SUMMARY

Defendant denies the allegations contained within the Summary of the Complaint.

### III.

### PARTIES

1. Defendant neither admits nor denies the allegations contained in paragraph 1. of Plaintiff's complaint for want of information and knowledge.

2. Defendant admits the allegations contained in paragraph 2. of Plaintiff's complaint.

### JURISDICTION AND VENUE

3. Defendant admits the allegations contained in paragraph 3. of Plaintiff's complaint.

4. Defendant denies the allegations contained in paragraph 4. of Plaintiff's complaint.

## STATEMENT OF FACTS

5. Defendant admits the allegations contained in paragraph 5. of Plaintiff's complaint.

6. Defendant neither admits nor denies the allegations contained in paragraph 6. of Plaintiff's complaint for want of information.

7. Defendant denies the allegations contained in paragraph 7. of Plaintiff's complaint.

8. Defendant denies the allegations contained in paragraph 8. of Plaintiff's complaint.

9. Defendant admits the allegations contained in paragraph 9. of Plaintiff's complaint.

10. Defendant denies the allegations contained in paragraph 10. of Plaintiff's complaint.

11. Defendant neither admits nor denies the allegations contained in paragraph 11. of Plaintiff's complaint for want of information.

12. Defendant neither admits nor denies the allegations contained in paragraph 12. of Plaintiff's complaint for want of information.

13. Defendant denies the allegations contained in paragraph 13. of Plaintiff's complaint.

14. Defendant neither admits nor denies the allegations contained in paragraph 14. of Plaintiff's complaint for want of information.

15. Defendant neither admits nor denies the allegations contained in paragraph 15. of Plaintiff's complaint for want of information.

16. Defendant neither admits nor denies the allegations contained in paragraph 16. of Plaintiff's complaint for want of information.

17. Defendant neither admits nor denies the allegations contained in paragraph 17. of Plaintiff's complaint.

18. Defendant denies the allegations contained in paragraph 18. of Plaintiff's complaint.

19. Defendant denies the allegations contained in paragraph 19. of Plaintiff's complaint which alleges that Plaintiff ever expressly prohibited any disclosure of information or items with others.

20. Defendant denies the allegations contained in paragraph 20. of Plaintiff's complaint.

21. Defendant denies the allegations contained in paragraph 21. of Plaintiff's complaint.

**CAUSE OF ACTION**
**Civil action relating to disclosure of intimate images**
**15 U.S.C. section 6851**

22. Defendant neither admits nor denies the allegations contained in paragraph 22. of Plaintiff's complaint for want of information.

23. Defendant asserts his Fifth Amendment right against self-incrimination.

24. Defendant asserts his Fifth Amendment right against self-incrimination.

25. Defendant denies the allegations contained in paragraph 25. of Plaintiff's complaint.

26. Defendant denies the allegations contained in paragraph 26. of Plaintiff's complaint.

27. Defendant denies the allegations contained in paragraph 27. of Plaintiff's complaint.

28. Defendant denies the allegations contained in paragraph 28. of Plaintiff's complaint.

29. Defendant denies the allegations contained in paragraph 29. of Plaintiff's complaint.

Wherefore, having responded to each numbered paragraph contained in Plaintiff's complaint, Plaintiff's complaint should be dismissed with prejudice.

## COUNTERCLAIM

30. The parties to this action were engaged in a romantic relationship which ended on or about January 1, 2024.

31. At all times, Plaintiff knew that Defendant was married.

32. Although the relationship ended on or about January 1, 2024, Plaintiff launched into a pattern of engaging in harassment, slander, libel on or about February 15, 2024, one and a half months after the relationship was concluded.

33. Plaintiff began engaging in a pattern of extortion and blackmail, 18. U.S. Code section 873, as Plaintiff began contacting Defendant and requesting money under the threat that if Defendant did not send money to the Plaintiff, Plaintiff would contact Defendant's spouse.

34. Plaintiff then began posting Defendant's photograph without Defendant's permission and consent on social media, including but not limited to Facebook, on which Plaintiff made defamatory statements such as, "If you see this man, run."

35. Plaintiff's defamatory statements implied that Defendant should be feared.

36. Plaintiff's online statements on social media for all the world to see, coupled with Defendant's photograph, caused extreme damage to not only the Defendant, but also Defendant's spouse.

37. Plaintiff used the internet and cellular networks to harass and defame the Defendant.

38. Plaintiff used a means or facility of interstate or foreign commerce to harass and defame the Defendant.

5

39. As a further means of harassment, on or about March 7, 2024, Plaintiff filed a "Dating Violence Protective Order" Application, in which Plaintiff made further defamatory allegations against the Defendant.

40. On or about April 2, 2024, at the TPO hearing, Plaintiff's TPO application was DISMISSED as Plaintiff failed to prove the required elements.

41. Plaintiff then went forward and applied for a warrant and directed authorities to arrest the Defendant while the Defendant was attending a church service with his spouse.

42. The romantic relationship between Plaintiff and Defendant was terminated on or about January 1, 2024; however, Plaintiff saw fit to initiate a pattern of threats, harassment, slander and defamation one-and-a-half months later.

43. By Plaintiff's action of posting Defendant's photograph along with making derogatory remarks on social media for all the world to see, and by stating on social media, "If you see this man, run," leading online viewers to speculate as to whether Defendant had a disease of some type or had Defendant committed some type of sexual or other criminal activity which would place people at risk.

44. Defendant is entitled to liquidated damages in the amount of $300,000.00 against the Plaintiff for Plaintiff's pattern of harassment, threats of blackmail and/or extortion, defamation, and intentional infliction of emotional distress.

45. Defendant's reputation has been severely damaged by Plaintiff's actions.

46. As a result of having to defend this action, Defendant has incurred and will continue to incur Attorney's fees. Defendant seeks reasonable Attorney's fees from Plaintiff.

47. Defendant seeks a permanent injunction against ordering the Plaintiff to remove any and all online social media postings referring to the Defendant, and cease from posting any additional information or photographs of the Defendant on social media.

**JURY DEMAND**

48. Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER

WHEREFORE, Defendant prays that his answer be deemed good and sufficient and all claims by Plaintiff against Defendant be dismissed with prejudice, and that Defendant be awarded liquidated damages against the Plaintiff in the amount of $300,000.00, plus Attorney's fees. Defendant further prays that Defendant be awarded such other and further relief, legal and equitable from the Plaintiff.

Respectfully submitted, this __14th__ day of 2024.

/s/ *Wendell Holmes, Jr.*
Wendell Holmes, Jr.

5934 Rosie Lane, SE
Mableton, GA 30126
(404) 664-2943
Email: wendellholmesjr@gmail.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of Defendant's Affirmative Defenses, Answer and Counterclaim, was duly served upon Joseph W. Weeks, Esq., 125 Clairemont Avenue, Suite 450, Decatur, Georgia 30030, this 15th day of August, 2024.

/s/ *Wendell Holmes, Jr.*
Wendell Holmes, Jr.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 15 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

NATALIE SOTO,

    Plaintiff,

vs.

WENDELL HOLMES, JR,

    Defendant.

: CIVIL ACTION
: FILE NO: 1:24-cv-02911-SDG

## VERIFICATION

Personally appeared before the undersigned officer duly authorized to administer oaths, WENDELL HOLMES, JR., who, after being duly sworn, states: that the facts alleged in the foregoing Defenses, Answer and Counterclaim are true and correct to the best of his knowledge and belief.

_____
WENDELL HOLMES, JR.

Sworn to and subscribed before me
this 14 day of August, 2024

_____
Notary Public

My commission expires: Anthony O'Van Johnson
NOTARY PUBLIC
Gwinnett County, GEORGIA
My Commission Expires 03/19/2025