IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: 1:24-cv-02911-SDG

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

COMES NOW Natalie Soto (hereinafter referred to as "Plaintiff Soto"), Plaintiff in the above-styled action and hereby presents her brief in support of her motion to dismiss, respectfully showing to the Court the following:

### I. STATEMENT OF FACTS

This case involves a civil claim by Plaintiff Soto against Defendant under 15 U.S.C. § 6851 [Civil action relating to disclosure of intimate images]. *(See Plaintiff's Complaint)*. Plaintiff alleges that on or about February 22, 2024, Defendant Wendell Holmes, Jr., without the consent of Plaintiff Soto, used the internet and cellular networks to disclose a photograph containing an intimate visual depiction of Plaintiff Soto to a third party. *(Plaintiff's Complaint ¶¶ 23-25)*.

Plaintiff is seeking liquidated damages in the amount of $150,000.00 against Defendant Wendell Holmes, Jr. for this disclosure, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(I).  *(Plaintiff's Complaint ¶28)*.  Plaintiff is also seeking equitable relief, including a permanent injunction ordering the Defendant to cease all display or disclosure of the visual depiction pursuant to 15 U.S.C. § 6851(b)(3)(ii). (*Plaintiff's Complaint ¶29*).

    Plaintiff Soto filed this action on July 1, 2024. [D.E. 1].  Defendant was served with process on July 26, 2024 and the Affidavit of Service was filed with the Court on July 28, 2024.  [D.E. 5-1].  Defendant filed an Answer and Counterclaim *pro se* on August 15, 2024. [D.E. 6].

    Defendant's Counterclaim purports to be a claim for "blackmail" under 18 U.S.C. § 873, the federal criminal blackmail statute.  *(Defendant's Counterclaim ¶33)*.  The Defendant's counterclaim also makes conclusory and legally unsupported references to "extortion" *(Defendant's Counterclaim  ¶33)*, "harassment, slander, libel" *(Defendant's Counterclaim  ¶32)*,  "defamatory statements"  *(Defendant's Counterclaim  ¶35)*, "a pattern of threats, harassment, slander and defamation" *(Defendant's Counterclaim  ¶35)*, and "intentional infliction of emotional distress"  *(Defendant's Counterclaim  ¶44)*, but makes no

allegations of any specific tort or other civil wrong that Plaintiff has allegedly violated.  *(Defendant's Counterclaim  ¶3-48)*.   Defendant claims to be "entitled to liquidated damages in the amount of $300,000.00", but cites no contract or statute that would support an award of liquidated damages.  *(Defendant's Counterclaim ¶44)*.  Curiously, Defendant also makes a claim for attorney's fees, despite being *pro se.  (Defendant's Counterclaim  ¶46)*.

## II. ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a claim  filed against her if the complaint fails to state a claim against her upon which relief can be granted. The Court should grant a motion to dismiss for failure to state a claim if the claim does not contain sufficient alleged facts to "state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544 (2017).  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  As shown below, Defendant has failed to state a plausible claim for relief and has failed to give Plaintiff Soto notice of what his claims are and the grounds upon which his claims rest.  Accordingly, his Counterclaim should be dismissed.

**1.     Defendant's Counterclaim under 18 U.S.C. § 873 fails to state a plausible claim for relief** .

    **A.     There is no private right of action under 18 U.S.C. § 873**

The only specific allegation made by Defendant in his counterclaim is a claim for blackmail under 18 U.S.C. § 873, the federal criminal blackmail statute. 18 U.S.C. § 873 provides:

> *Whoever, under a threat of informing, or as a consideration for not informing, against any violation of any law of the United States, demands or receives any money or other valuable thing, shall be fined under this title or imprisoned not more than one year, or both.*

It has long been established that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Cannon v. Univ. of Chicago, 441 U.S. 677, 688, 99 S. Ct. 1946, 1953, 60 L. Ed. 2d 560 (1979).  Moreover, "private rights of action to enforce federal law must be created by Congress", either by expressly or by implication.  Alexander v. Sandoval, 532 U.S. 275, 286, 121 S. Ct. 1511, 1519, 149 L. Ed. 2d 517 (2001).

It is indisputable that no express private right of action exists under 18 U.S.C. § 873 because the statute does not *expressly* provide a private entitlement to sue in district court.  *See generally*, Love v. Delta Air Lines, 310 F.3d 1347,

1354 (11th Cir. 2002). Therefore, in order for a private right of action to exist under 18 U.S.C. § 873, Congress would have to have intended to create by implication a private right of action.  In this case, the burden rests with the Defendant to establish that an implied private right of action exists. *See* McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1221 (11th Cir. 2002)

    The issue of whether a statute creates by implication a private right of action is a "question of statutory construction." Love v. Delta Air Lines, 310 F.3d 1347, 1351 (11th Cir.2002). The court must "interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." Sandoval, 532 U.S. at 286. "Statutory intent ... is determinative." Id. "Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Id. at 286–87. "Congressional intent to create a private right of action will not be presumed. There must be clear evidence of Congress's intent to create a cause of action." Love, 310 F.3d at 1353 (internal quotation marks omitted)

    Criminal statutes such as  18 U.S.C. § 873 are "enacted for the protection of the general public" and provide "far less reason to infer a private remedy in favor of individual persons." Love, 310 F.3d at 1352-53 (*quoting* Cannon v. University of Chi., 441 U.S. 677, 690-93 (1979)). Accordingly, the Supreme Court "has

rarely implied a private right of action under a criminal statute" and has only done so when "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (*quoting* Cort v. Ash, 422 U.S. 66, 79 (1975)).

 18 U.S.C. § 873 does not contain any evidence of an attempt by Congress to create a mechanism for civil claimants to assert an alleged violation of this criminal statute in a stand-alone civil action.  It does not contain any classification of who could sue, what remedies could be sought, any prescription of a statute of limitations or any rules regarding service of process.  As noted by the 11th Circuit, "[c]ontrast, by way of example, 18 U.S.C. § 2255, which expressly creates a "[c]ivil remedy for personal injuries" arising out of particular child-sex crimes. That statute specifies that a minor victim "who suffers personal injury" as a result of a violation of any of various federal criminal statutes can "sue in any appropriate United States District Court" and recover compensatory and punitive damages and, if appropriate, "preliminary and equitable relief," as well as fees and costs. Id. § 2255(a). The statute goes on to prescribe a statute of limitations and rules governing service of process. Id. § 2255(b), (c)." In re Wild, 994 F.3d 1244, 1260 (11th Cir. 2021).  Finally, despite a detailed search, counsel for Plaintiff is unaware of any federal courts of appeals that have interpreted 18 U.S.C. § 873 as

conferring a private right of action in federal district court. For these reasons, the Court should dismiss Defendant's counterclaim.

### B. Even assuming, *arguendo* that a private right of action does exist under 18 U.S.C. § 873, Defendant has failed to allege at least one essential elements of such a claim

Even if a private right of action did exist under the statute at issue, Defendant has not alleged all the required elements of a criminal claim for blackmail under 18 U.S.C. § 873. The statute criminalizes blackmail related to **threats to reveal the alleged victim's own violations of law**. Defendant's counterclaim alleges that "Plaintiff began contacting Defendant and requesting money under the threat that if Defendant did not send money to the Plaintiff, Plaintiff would contact Defendant's spouse [sic]." Defendant has not alleged that he committed "any violation of any law of the United States" that Plaintiff was threatening to reveal to his spouse. Therefore, his counterclaim should be dismissed for failure to state a claim.

**2.    Defendant's other non-specific claims fail to give Plaintiff fair notice of what the claim are and the grounds upon which they rest.**

In his counterclaim Defendant makes an number of conclusory and legally insufficient references to "harassment, slander, libel" *(Defendant's Counterclaim ¶32)*, "defamatory statements" *(Defendant's Counterclaim ¶35)*, "a pattern of threats, harassment, slander and defamation" *(Defendant's Counterclaim ¶35)*, and "intentional infliction of emotional distress" *(Defendant's Counterclaim ¶44)*, but makes no allegations of the elements of any specific torts or other civil wrongs that Plaintiff has allegedly violated.  This deprives Plaintiff of fair notice of Defendant's claims and the grounds upon which they rest.

Furthermore, Defendant's claims are simply implausible on their face.  The implausibility of Defendant's claims is further illustrated by Defendant's claim to be "entitled to liquidated damages in the amount of $300,000.00", while at the same time citing no contract or statute that would support any award of liquidated damages. *(Defendant's Counterclaim ¶44)*.  It would appear that Defendant simply took the amount of liquidated damages asserted by Plaintiff under 15 U.S.C. § 6851(b)(3)(I) in her complaint and doubled it, without any support in law or fact. This type of pleading is not permitted under <u>Twombly</u>.

Finally, the implausibility of Defendant's counterclaim is illustrated by his claim for his own attorney's fees while acting *pro se*. The U.S. Supreme Court in Kay v. Ehrler, 499 U.S. 432 (1991), established that pro se litigants, even if they are attorneys, cannot recover attorney's fees. However, unlike the litigant in Kay, Defendant is not a member of the bar, making his claim for attorney's fees even more egregious and frivolous.

### III. CONCLUSION

For the reasons stated herein, the Court should dismiss Defendant's Counterclaim for failure to state a claim.

Respectfully submitted, this 16th day of August, 2024.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave.
Suite 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)