IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NATALIE SOTO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO.: 1:24-cv-02911-SDG |
| **WENDELL HOLMES, JR.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S PORTION OF PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Natalie Soto ("Plaintiff"), by and through her respective undersigned counsel and pursuant to Local Rule 16.2, hereby submits this Plaintiff's Portion of Preliminary Report and Discovery Plan.

The parties have not conferred. Counsel for Plaintiff has made multiple attempts to contact Defendant, including letters dated September 3rd and October 29th (copies which are attached as Exhibit "A"), but has not heard from Defendant. For this reason, Plaintiff now submits her portion of the preliminary report to the Court.

**1.    Description of Case:**

1

*a)     Describe briefly the nature of this action.*

Plaintiff alleges that Defendant disclosed videos and/or photos which contained an intimate visual depiction of Plaintiff by internet and cellular networks without her consent. Plaintiff asserts claims against Defendant for a violation of 15 U.S.C. § 6851.

*b)     Summarize, in the space provided below, the facts of this case.*

Plaintiff Natalie Soto was previously in an intimate relationship with Defendant Wendell Holmes, Jr. Plaintiff Soto ended her relationship with Defendant Holmes on or about January 1, 2024. During Plaintiff's relationship with Defendant Holmes, in approximately November of 2023, Plaintiff shared an intimate photo of herself with Defendant via text message. This intimate visual depiction of Plaintiff was intended solely for the private enjoyment of Defendant Wendell Holmes, Jr. and Plaintiff, and was not intended for distribution to anyone other than Defendant Holmes. In January of 2024, based on Plaintiff's growing suspicions that Defendant Holmes was either married or in an intimate relationship with one or more other women, Plaintiff ended her relationship with Defendant Holmes.

On or about February 15, 2024, Plaintiff posted a publicly accessible dating app profile photo of Defendant Holmes in a Facebook group called "Are we dating the same guy?" a Facebook page for women and dedicated to identifying men who

are sleeping with several women at the same time, and captioned her post: "If you see this man, run." Plaintiff's Facebook post identified Defendant by his first name only and included no other identifying information, apart from advising others in the Facebook group that Defendant was married or in a relationship while claiming on the dating app to be single. On or about February 15, 2024, after posting the above in the Facebook group, Plaintiff received a private Facebook message from Defendant Holmes' sister-in-law, who advised Plaintiff that they were aware of Defendant's activities and intended to confront him about it. On February 22, 2024, Plaintiff received a text message from an unfamiliar phone number. The message contained a screenshot of the "If you see this man, run" Facebook post Plaintiff had made and included no text, only the image. Plaintiff replied to the unfamiliar number via text, "Who is this?" and upon receiving no response, Plaintiff then called the number. When no one answered, Plaintiff heard an automated voicemail message stating that she had reached the phone of Wendell Holmes, Jr.

   On or about Friday, February 23, 2024, Plaintiff received a public Facebook comment on her personal page from one "Dawn Douglas," a woman previously unknown to Plaintiff who advised that she had sent Plaintiff a private Facebook message. Dawn Douglas' private message to Plaintiff stated that Defendant Holmes

3

was now harassing her for making a public Facebook comment underneath Plaintiff's "If you see this man, run" post, which, upon information and belief, Defendant had either seen himself or had learned about from another source. Continuing to communicate with Plaintiff via private-message, Ms. Douglas described how Defendant Holmes had recently been hounding her on Facebook and her other social media, sending her vulgar and inappropriate messages.

During this communication, Dawn Douglas provided multiple screenshots to Plaintiff showing the Defendant's harassment of her, one of which showed that Defendant had sent Ms. Douglas an intimate photo of Plaintiff, as well as another intimate photo of an unidentified woman. Plaintiff's intimate photo that she had shared with Defendant Holmes on or about November of 2023 was one of the images Defendant had disclosed to Dawn Douglas during his harassment of her. Plaintiff did not consent to this disclosure. In the alternative, Defendant Holmes acted with reckless disregard as to whether Plaintiff had consented to such disclosure. Defendant Wendell Holmes, Jr. used a means or facility of interstate or foreign commerce to disclose an intimate visual depiction of the Plaintiff when he used the internet and cellular networks to disclose a photograph which contained intimate visual depictions of Plaintiff.

Plaintiff alleges that Defendant's use of internet and cellular networks to disclose videos and photos of Plaintiff violated 15 U.S.C. § 6851, because Plaintiff did not consent to this disclosure; or, in the alternative, Plaintiff alleges Defendant acted with reckless disregard as whether Plaintiff had consented to such disclosure. Defendant denies Plaintiff's allegations. The present legal action followed.

    *c)*    *The legal issues to be tried are as follows:*

    1.    Whether Defendant's actions were in violation of 15 U.S.C.§ 6851.

    2.    Damages.

    *d)*    *The cases listed below (include both style and action number) are:*

    1)    <u>Pending Related Cases:</u>

**Response:** None.

    2)    <u>Previously Adjudicated Related Cases:</u>

**Response:** None.

**2.**    **This case is complex because it possesses one or more of the features listed below**

    The parties agree that this is not complex

    \_\_\_\_\_ (1) Unusually large number of parties

_____ (2) Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex

_____ (4) Greater than normal volume of evidence

__X___ (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

_____ (8) Multiple use of experts

_____ (9) Need for discovery outside United States boundaries

_____ (10) Existence of highly technical issues and proof

__X___ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

**Plaintiff's Counsel:**

Joseph W. Weeks
McNally Weeks
125 Clairemont Avenue, Suite 450
Decatur, GA 30030
Phone: (404) 373-3131
Fax: (404) 373-7286
jweeks@mcnallyweeks.com

*Attorney for Plaintiff*

4. **Jurisdiction**:

*Is there any question regarding this Court's jurisdiction?*

_____Yes    __X__ No

5. **Parties to This Action:**

   a) *The following persons are necessary parties who have not been joined:*

   **Response:** None known at this time.

   *The following persons are improperly joined as parties:*

   **Response:** None known at this time.

   b) *The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

   **Response:** None known at this time.

   c) *The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

6. **Amendments to the Pleadings:**

   a) *List separately any amendments to the pleadings that the parties anticipate will be necessary:*

   **Response:** Plaintiff does not currently anticipate the need for amendments to the pleadings.

   b) *Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

7. **Filing Times for Motions:**

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.*

*All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).*

(a) *Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.*

(b) *Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.*

(c) *Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

(d) *Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.*

**8.   Initial Disclosures:**

*The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).*

**9.   Request for Scheduling Conference:**

*Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.*

**Response:**   Plaintiff requests a scheduling conference with the Court.

Defendant has refused to communicate with Plaintiff on issues in this case.

10. **Discovery Period:**

*The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.*

*A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed:*

**Response:** Plaintiff believes that the assignment of this case to a six-month discovery track is appropriate, due to the length of time necessary to complete all discovery requests for phone records and related documents, and to schedule and take the depositions of the parties, as well as any witnesses.

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

   *(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

   *None at this time*

   *Is any party seeking discovery of electronically stored information?*

   \_\_\_\_\_X\_\_\_\_ Yes _____ No

   *If "yes,"*

~~(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:~~

**~~Response:~~**  ~~None.~~

~~(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:~~

Plaintiff will be seeking e-discovery from Defendant but has been unable to discuss these matters with Defendant.

**12. Other Orders:**

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

**Response:**  None.

**13. Settlement Potential:**

~~(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on April 18, 2023, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.~~

**~~For Plaintiff:~~**     ~~/s/ Joseph W. Weeks~~
~~Joseph W. Weeks~~
~~jweeks@mcnallyweeks.com~~
~~MCNALLY WEEKS~~

10

Plaintiff has been unable to discuss these matters with Defendant.

*(b) All parties were promptly informed of all offers of settlement and following by all counsel, it appears that there is now:*

(_) A possibility of settlement before discovery

(_) A possibility of settlement after discovery

(_) A possibility of settlement, but a conference with the judge is needed

(_) No possibility of settlement

*(c) Counsel (_) do or (_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is:  Within the next month following close of discovery.*

*(d) The following specific problems have created a hindrance to settlement of this case.*

**14.    Trial by Magistrate Judge:**

*(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2023.*

*(b) The parties (_) do not consent to having this case tried before a magistrate judge of this Court.*

Respectfully submitted this 14th day of November, 2024.

*/s/ Joseph W. Weeks*
Joseph W. Weeks
MCNALLY WEEKS
125 Clairemont Avenue, Suite 450
Decatur, GA 30030
Phone:  (404) 373-3131
Fax:  (404) 373-7286
jweeks@mcnallyweeks.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned counsel of record hereby certifies that true and correct copies of the within and foregoing PLAINTIFF'S PORTION OF PRELIMINARY REPORT AND DISCOVERY PLAN has been served upon the Defendant via email and/or First Class Mail at Defendant's last known mailing address and/or email address, as follows:

    Wendell Holmes, Jr.
    5934 Rosie Lane, SE
    Mableton, GA 30126
    wendellholmesjr@gmail.com


This 14th day of November, 2024.

                                                /s/ Joseph W. Weeks
                                                Joseph W. Weeks
                                                Attorney for Plaintiff
                                                Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATALIE SOTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO.: 1:24-cv-02911-SDG |
| WENDELL HOLMES, JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## SCHEDULING ORDER

Upon review of the information contained in the Plaintiff's Preliminary Report and Discovery Plan form completed and filed by the Plaintiff, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

Discovery close: May 26, 2025

**IT IS SO ORDERED**, this _____ day of _____ 2024.

_____

**UNITED STATES DISTRICT JUDGE**