IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: **1:24-cv-02911-SDG**

## PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO MOTION TO DISMISS

COMES NOW Natalie Soto, Plaintiff in the above-styled action (hereinafter referred to as "Plaintiff"), and files this Response and Brief in Opposition to Defendant Wendell Holmes, Jr.'s Motion to Dismiss, and respectfully shows the following:

### I. STATEMENT OF FACTS

This case involves a civil claim by Plaintiff Soto against Defendant under 15 U.S.C. § 6851 [Civil action relating to disclosure of intimate images]. *(See Plaintiff's Complaint)* [D.E. 1]. Plaintiff alleges that on or about February 22, 2024, Defendant Wendell Holmes, Jr., without the consent of Plaintiff Soto, used the internet and cellular networks to disclose a photograph containing an intimate visual depiction of Plaintiff Soto to a third party. *(Plaintiff's Complaint ¶¶ 23-25)*.

Plaintiff is seeking liquidated damages in the amount of $150,000.00 against Defendant Wendell Holmes, Jr. for this disclosure, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(I). *(Plaintiff's Complaint ¶28)*. Plaintiff is also seeking equitable relief, including a permanent injunction ordering the Defendant to cease all display or disclosure of the visual depiction pursuant to 15 U.S.C. § 6851(b)(3)(ii). (*Plaintiff's Complaint ¶29*).

Plaintiff Soto filed this action on July 1, 2024. [D.E. 1]. Defendant was served with process on July 26, 2024 and the Affidavit of Service was filed with the Court on July 28, 2024. [D.E. 5-1]. Specifically, on July 26, 2024 at 10:41 am, James Basham, a private process server personally served Rosa a/k/a Kia Holmes at 5934 Rosie Lane SE, Mableton, Cobb County, Georgia 30126. [D.E. 5-1]. Mr. Basham swore, under oath,

1. That he handed the service papers to "a black female, approximately 45 years of age, 5' 6", 115 lbs"; [D.E. 5-1]
2. That the woman identified herself as "Rosa"; [D.E. 5-1]
3. That "Rosa" stated that she shared the residence with Wendell Holmes; [D.E. 5-1]
4. That "Rosa" stated that "Mr. Holmes was not home": [D.E. 5-1]

Defendant filed an Answer and Counterclaim *pro se* on August 15, 2024.

[D.E. 6]. In his Answer, Defendant lists his address as 5934 Rosie Lane SE, Mableton, Cobb County, Georgia 30126 ("5934 Rosie Lane"). [D.E. 6].  In his Answer, Defendant admits that he is "a resident of the State of Georgia, domiciled in Cobb County, Georgia." [para 2., D.E. 6].  In his Answer, Defendant admits that he "may be served with process at his last known residence: 5934 Rosie Lane SE, Mableton, Cobb County, Georgia 30126." [para 2., D.E. 6].  In his Answer, Defendant admits that "[o]nce Defendant Holmes has been so served, he will be subject to the jurisdiction of this Court." [para 2., D.E. 6].  In his Answer, Defendant admits "jurisdiction over Defendant is proper" . [para 3., D.E. 6].

Defendant Holmes filed a Motion to Dismiss on March 10, 2025, in which he now claims that he did not reside at 5934 Rosie Lane on July 28, 2024. [D.E. 19]. In direct contradiction to the admission in his Answer that he was domiciled in Cobb County[1], Defendant Holmes now claims that he resided in Fulton County[2] on July 28, 2024.  However, other than a self-serving Affidavit[3], Defendant Holmes has offered no evidence that he was domiciled at 717 Waterford Place, Sandy Springs, GA and not 5934 Rosie Lane on July 28, 2024.

All of the independent evidence demonstrates that Holmes was domiciled at

---

[1] D.E. 6, para 2.

[2] 717 Waterford Place, Sandy Springs, GA is located in Fulton County.

[3] Interestingly, Holmes lists 5934 Rosie Lane SE as his address in the Affidavit's signature line. [D.E. 19-1].

5934 Rosie Lane both immediately before (on June 16, 2024) and immediately after (on August 15, 2024), the date he now claims to not be domiciled at 5934 Rosie Lane. On or about November 16, 2020, Defendant Holmes acquired title to 5934 Rosie Lane as a joint tenant with right of survivorship with his wife, Kia Dior Holmes.[4] When Defendant Holmes was arrested by the Cobb County Sheriff's Department on June 16, 2024, he provided 5934 Rosie Lane as his permanent address. (See Exhibit "B"). As noted above, when he filed his Answer on August 15, 2024 he listed 5934 Rosie Lane as his permanent address and admitted that he could be served with process at the Rosie Lane address. [D.E. 6].

## II. ARGUMENT AND CITATION OF AUTHORITY

1. *Defendant was properly served pursuant to Rule 4(e)(1) and O.C.G.A. §9-11-4(e)(7).*

A. FRCP Rule 4

Rule 4(e)(1) permits a claimant to perfect service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Plaintiff utilized the provisions of O.C.G.A.§9-11-4(e)(7) to serve Defendant Holmes in this case.

B. Service of process under O.C.G.A.§9-11-4(e)(7).

---

[4] Warranty Deed for 5934 Rosie Lane SE is attached as Exhibit "A".

Service of process under O.C.G.A.§9-11-4(e)(7) is sometimes called substituted service or notorious service. The code requires that such service be effected "by leaving copies thereof at [the defendant's] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Id.

The service of process in the instant case was made by personally handing a copy of the complaint and summons to a woman who identified herself as "Rosa" and who stated that she shared the residence with Wendell Holmes. Service was made at the location Defendant Holmes has listed over and over as his permanent address in deeds, in law enforcement public records and statements under oath before this Court.

2. ***The affidavit of service indicates that Mr. Basham served the Defendant on July 26, 2024 and Defendant cannot meet his burden to overcome this evidence.***

Under Georgia State law - which applies on this issue in this Court pursuant to Rule 4(e)(1) - when "a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service...[:] [a]nd this is a heavy burden." Dinh v. Crosby, 263 Ga.App. 260, 261, 587 S.E.2d 320, 322 (Ga.App.,2003); Lebbos v. Davis, 256 Ga.App. 1, 2(1), 567 S.E.2d 345 (2002).

Although "the return of service is not conclusive, it constitutes evidence of a high order as to the facts it recites." Dinh v. Crosby, 263 Ga.App. 260, 261, 587 S.E.2d 320, 322 (Ga.App.,2003); D.C. Micro Dev. v. Lange, 259 Ga.App. 611, 612(1), 578 S.E.2d 251 (2003).  A return of service or affidavit of service "can only be set aside upon evidence which is not only clear and convincing, but **the strongest of which the nature of the case will admit**." Id. (emphasis added)  When "the evidence is conflicting with respect to the proper receipt of service ...it becomes a question of fact to be resolved by the trial judge." Dinh v. Crosby, 263 Ga.App. 260, 261, 587 S.E.2d 320, 322 (Ga.App.,2003); Whatley's Interiors v. Anderson, 176 Ga.App. 406, 407(2), 336 S.E.2d 326 (1985).

In this case, the affidavit of service states that Mr. Basham served a person who identified herself as "Rosa" at 5934 Rosie Lane SE, Mableton, Cobb County, Georgia 30126 on July 26, 2024 at 10:41 am [D.E. 5-1].  "Rosa" told Basham that she shared the residence with Wendell Holmes, and that Wendell Holmes was not home at the time of service. [D.E. 5-1].  Service was made at a location that had been owned by Defendant Holmes since 2020, which Defendant Holmes has claimed over and over as his permanent address and domicile.

The self-serving Affidavit offered by Defendant Holmes is far from clear and convincing evidence of improper service. In fact, the only evidence that has been offered by Defendant is in direct conflict with Defendant's prior

representations. This Court should not permit Defendant to deny that the address was his domicile at the time of service when all available evidence—his prior and subsequent representations, official records, and other indicia—consistently establish it as his legal residence. Allowing such a contradiction would undermine the integrity of service rules and enable defendants to evade service through self-serving, selective assertions.

### 3.    5934 Rosie Lane was Defendant Holmes' dwelling house or usual place of abode on July 26, 2024

The Georgia Supreme Court has adopted the approach taken by Moore's Federal Practice Manual in determining a person's usual place of abode. See Tolbert v. Murrell 253 Ga. 566, 567-568 (1984). Under this approach, "[w]here a party maintains a residence with a member of his family, but travels about or lives at various other places, the permanent residence may, on the facts, be his usual place of abode.." Tolbert v. Murrell 253 Ga. 566, 567-568, 322 S.E.2d 487, 489 (Ga.,1984). Under Georgia law "[t]here exists a rebuttable presumption of continuity that one's residence, having been duly established, is presumed to continue until the contrary is established." Earley v. Dyson, 220 Ga.App. 586, 587, 469 S.E.2d 841, 843 (Ga.App.,1996); Sandifer v. Long Investors, 211 Ga.App. 757, 759(2)(d), 440 S.E.2d 479. Finally, under well-established Georgia

law, "[w]here a married man, having a permanent abode in this state, determined to change his residence and establish it in a distant state, and, with the avowed intention of doing so, took his departure, but left his wife (who was all of his family) here, where she remained until after process in a suit brought against him was served by leaving a copy with her at the same abode he occupied with her when he left, which abode she continued to occupy, such service was effectual." Collins v. Camp, 20 S.E. 356 (Ga. 1894)

When Defendant Holmes was arrested by the Cobb County Sheriff's Department on June 16, 2024, he provided 5934 Rosie Lane as his permanent address. He has consistently listed it as his address in filings with this Court. While Defendant Holmes may have possibly slept elsewhere for a period of time, all the competent evidence shows that he considered 5934 Rosie Lane to be his usual place of abode. Leaving process with "Rosa" at their joint home was proper service under O.C.G.A.§9-11-4(e)(7) and Collins v. Camp, 20 S.E. 356 (Ga. 1894). Defendant Holmes has clearly failed to provide any evidence that rebuts the presumption of continuity of his residence at marital home.

### 4. *Defendant's challenge to service is both untimely and inconsistent, amounting to a waiver of any objection to personal jurisdiction.*

In his Answer, Defendant admits "jurisdiction over Defendant is proper"

[para 3., D.E. 6]. However, Defendant now claims that this Court "does not have personal jurisdiction over me" [D.E. 20, para. 4]. This is but one of the inconsistent positions taken by Defendant in this case.

Moreover, Defendant has now waived any objection to service by failing to raise the issue in a timely manner, waiting until after actively participating in the case for over eight months before asserting the defense in March 2025, one week before the close of discovery. His delay, coupled with his prior engagement in litigation, and inconsistent positions, constitutes a waiver under both procedural rules and established case law, which prohibit a party from selectively challenging service only after substantial participation in the proceedings.

If a party "fails to raise a sufficiently clear and specific objection in its initial responsive pleading... the objection is deemed waived pursuant to Rule 12(h)(1)." Fed.R.Civ.P. 12(h)(1); Binns v. City of Marietta Hous. Auth., No. 1:07-CV-0070-RWS, 2007 WL 2746695, at *2 (N.D. Ga. Sept. 18, 2007); Hickson v. Home Federal of Atlanta, 805 F.Supp. 1567, 1571 (N.D.Ga.1992).

### III. CONCLUSION

For the reasons stated herein, the Court should deny Defendant's Motion to Dismiss in its Entirety.

Respectfully submitted, this 11th day of March, 2025.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave.
Suite 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy and/or an electronic copy of the within and foregoing PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO MOTION TO DISMISS and all Exhibits thereto was served upon all parties to this action and/or counsels of record in this action via electronic filing through the Court's CM/ECF system which will automatically send an electronic copy of said pleading to all electronic service registrants and attorneys of record, and/or via email, and/or via USPS First Class Mail with postage paid and addressed as follows:

> Wendell Holmes, Jr.
> 5934 Rosie Lane, SE
> Mableton, GA 30126
> wendellholmesjr@gmail.com

This 11th day of March, 2025.

> /s/ Joseph W. Weeks
> Joseph W. Weeks
> Attorney for Plaintiff
> Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Avenue, Suite 450
Decatur, GA 30030-2560
Ph: 404-373-3131
Fax: 404-373-7286
jweeks@mcnallyweeks.com