IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: **1:24-cv-02911-SDG**

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SPECIAL APPEARANCE**

COMES NOW Natalie Soto, Plaintiff in the above-styled action (hereinafter referred to as "Plaintiff"), and files this Response and Brief in Opposition to Defendant's "Motion for Special Appearance" and respectfully shows the following:

**I. INTRODUCTION**

Defendant has filed a "Motion for Special Appearance" in an attempt to contest personal jurisdiction while expressly disclaiming any intent to submit to this Court's authority. However, the Federal Rules of Civil Procedure no longer recognize the concept of a "special appearance." Under modern federal practice, there is no distinction between special and general appearances; all appearances before the Court are considered general unless properly limited by a timely and

sufficient motion challenging jurisdiction under Rule 12(b)(2). This Motion should be denied.

## II. ARGUMENT

### A. Special Appearances Are Not Recognized Under the Federal Rules

The doctrine of "special appearance" has been abolished in federal court. *See* Production Promotions, Inc. v. Cousteau, 495 F.2d 483, 490 (5th Cir. 1974) (holding that the Federal Rules eliminate special appearances and require a party to raise jurisdictional challenges through a motion to dismiss under Rule 12). overruled on other grounds as recognized in Hester Int'l Corp. v. Fed. Republic of Nigeria, 879 F.2d 170, 181 (5th Cir.1989). A party's appearance, even for the limited purpose of contesting jurisdiction, constitutes a general appearance unless it is done strictly through a properly filed motion to dismiss. Morgan v. Yarbrough, No. 7:07-CV-45 (HL), 2008 WL 1932079, at *2 (M.D. Ga. Apr. 30, 2008).

Defendant's motion is inconsistent with federal procedural rules and should therefore be denied. The only recognized way for Defendant to challenge personal jurisdiction is to file a motion under Rule 12(b)(2), which he has done in a separate Motion [D.E. 19].

**B.    Defendant Has Already Submitted to the Jurisdiction of This Court.**

In his Answer, Defendant admits "jurisdiction over Defendant is proper" . [para 3., D.E. 6].   Moreover, by filing his motion and actively requesting relief from this Court, Defendant has effectively subjected himself to its jurisdiction. Even if Defendant had properly challenged jurisdiction, the procedural defects in his motion render it ineffective.  Federal courts require that jurisdictional objections be raised through a motion to dismiss - like the one filed by Defendant at the same time as this Motion- [See D.E. 19]—not through an obsolete "special appearance" motion.

### III. CONCLUSION

Because the Federal Rules do not allow a "special appearance," and because Defendant's motion fails to properly invoke Rule 12(b)(2) or any other procedural mechanism to contest jurisdiction, this motion should be denied.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion for Special Appearance in its entirety and grant any other relief that the Court deems appropriate.

Respectfully submitted, this 11th day of March, 2025.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave.
Suite 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy and/or an electronic copy of the within and foregoing PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SPECIAL APPEARANCE and all Exhibits thereto was served upon all parties to this action and/or counsels of record in this action via electronic filing through the Court's CM/ECF system which will automatically send an electronic copy of said pleading to all electronic service registrants and attorneys of record, and/or via email, and/or via USPS First Class Mail with postage paid and addressed as follows:

Wendell Holmes, Jr.
5934 Rosie Lane, SE
Mableton, GA 30126
wendellholmesjr@gmail.com

This 11th day of March, 2025.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Avenue, Suite 450
Decatur, GA 30030-2560
Ph: 404-373-3131
Fax: 404-373-7286
jweeks@mcnallyweeks.com