IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATALIE SOTO,<br>    Plaintiff,<br>                v.<br>WENDELL HOLMES, JR.,<br>    Defendant. | Civil Action No.<br>1:24-cv-02911-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Natalie Soto's motion to dismiss Defendant Wendell Holmes, Jr.'s counterclaim [ECF 7]. After careful review of the parties' submissions, Soto's motion to dismiss is **GRANTED**. Soto's motion for oral argument [ECF 8] is **DENIED as moot**.

**I.   Background**[1]

Soto was previously in an "intimate relationship" with Holmes, and during their relationship she shared an intimate photo of herself with Holmes for his private enjoyment.[2] In January 2024, Soto grew suspicious that Holmes was married or in an intimate relationship with one or more other women, and so she

---

[1]  "In considering a plaintiff's motion to dismiss a counterclaim under Rule 12(b)(6), the allegations in the counterclaim must be accepted as true and construed in the light most favorable to the defendant." *Deutz Corp. v. Engine Distributors, Inc.*, 2017 WL 11692626, at *2 (N.D. Ga. May 12, 2017) (citing *See Al-Babtain v. Banoub*, 410 F. App'x 179, 183 (11th Cir. 2010)). Allegations from Soto's complaint, while not relevant to her motion to dismiss, are included as background, except where otherwise noted.

[2]  Complaint, ECF 1, ¶¶ 5–7.

1

ended their relationship.[3] Soto then went to a Facebook group called "Are we dating the same guy?"—a group for women to identify men who are in intimate relationships with more than one woman at the same time—and posted a photo of Holmes taken from his dating app profile.[4] Soto captioned the photo, "If you see this man, run."[5] Soto also advised the other members of the Facebook group that, while Holmes claimed to be single in his dating app profile, he was actually married or in a relationship.[6]

Shortly after making the post, Soto received a private Facebook message from a woman named Dawn Douglas.[7] Douglas stated that Holmes had started harassing her after she made a comment on Soto's Facebook post.[8] Douglas sent Soto multiple screenshots of Holmes's vulgar and inappropriate messages to her.[9] Of particular note, one of the screenshots that Douglas sent to Soto was the

---

[3] *Id.* ¶ 8.

[4] *Id.* ¶ 9. In his Answer and Counterclaim, Holmes admits this allegation is true. ECF 6, ¶ 9.

[5] ECF 1, ¶ 9. Holmes admits this allegation is true. ECF 6, ¶ 9.

[6] ECF 1, ¶ 10.

[7] *Id.* ¶ 14.

[8] *Id.* ¶ 15.

[9] *Id.* ¶¶ 16–17.

intimate photo of Soto, as well as an intimate photo of another unidentified woman.[10] Soto did not consent to Holmes's disclosure of her intimate photo.[11]

On July 1, 2024, Soto filed a complaint against Holmes alleging a single cause of action for disclosure of intimate images in violation of 15 U.S.C. § 6851.[12] Holmes, appearing *pro se*, filed an answer and counterclaim.[13] While Holmes's counterclaim does not set out separate causes of action, it references, *inter alia*, harassment, defamation, intentional infliction of emotional distress, and extortion/blackmail in violation of 18 U.S.C. § 873.[14] Holmes acknowledged his relationship with Soto but alleges that Soto knew he was married and demanded money or else she would contact his spouse.[15] Soto also filed an application for a "Dating Violence Protective Order" in March 2024, which was dismissed.[16] Soto then applied for an arrest warrant against Holmes and directed law enforcement to arrest Holmes while he was attending a church service with his spouse.[17]

---

10   *Id.* ¶ 17.
11   *Id.* ¶ 19.
12   ECF 1.
13   ECF 6.
14   *Id.* ¶¶ 32–33, 44.
15   *Id.* ¶¶ 30–33.
16   *Id.* ¶¶ 39–40.
17   *Id.* ¶ 41.

Soto moves to dismiss Holmes's counterclaim.[18] Holmes did not file a response.[19]

## II. Applicable Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).[20] "[C]onclusory allegations, unwarranted deductions of

---

[18] ECF 7.

[19] Local Rule 7.1(B), NDGa, provides that "[f]ailure to file a response shall indicate that there is no opposition to the motion." However, the Court may not grant Soto's motion solely based on Holmes's failure to file an opposition, *Giummo v. Olsen*, 701 F. App'x 922, 924 (11th Cir. 2017), and therefore the Court will consider Soto's motion to dismiss on the merits.

[20] The motion to dismiss standard applies equally to counterclaims. *USI Ins. Servs. LLC v. Se. Series of Lockton Cos.*, 2021 WL 912258, at *3 n.3 (N.D. Ga. Mar. 10, 2021).

4

facts[,] or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). A complaint is plausible on its face when a plaintiff pleads facts sufficient for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

When a litigant chooses to proceed *pro se*, his pleading is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation omitted); *see also Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding

that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

### III.  Discussion

Soto moves to dismiss Holmes's counterclaims for two primary reasons: (1) the federal blackmail statute, 18 U.S.C. § 873, does not provide for a private right of action, and (2) Holmes's remaining claims fail to give her fair notice of the grounds on which they rest. As to Soto's first argument, the Court agrees, and Holmes's counterclaim based on 18 U.S.C. § 873 is due to be dismissed. The Court construes Soto's second argument as seeking dismissal of Holmes's remaining counterclaims on the grounds that it is a shotgun pleading. Because the Court concludes that Holmes's counterclaim is a shotgun pleading, it is due to be dismissed as well, but Holmes will be given an opportunity to re-plead in compliance with this Order and the Federal Rules of Civil Procedure.

### A. Blackmail

Holmes appears to assert a claim for extortion and blackmail pursuant to the federal criminal blackmail statute, 18 U.S.C. § 873.[21] However, the federal blackmail statute does not provide for a private right of action, and therefore Holmes's extortion/blackmail claim must be dismissed.

Section 873 provides that "[w]hoever, under a threat of informing, or as a consideration for not informing, against any violation of any law of the United States, demands or receives any money or other valuable thing, shall be fined under this title or imprisoned not more than one year, or both." 18 U.S.C. § 873. Even assuming *arguendo* that Holmes adequately alleges blackmail by Soto, "[t]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979). Moreover, "private rights of action to enforce federal law must be created by Congress," either explicitly or by implication. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

---

[21] The Court construes Holmes's counterclaim as one for blackmail in violation of 18 U.S.C. § 873. While Holmes's counterclaim also refers to "extortion," Holmes does not cite another section of the federal criminal code, and the Court notes that Chapter 41 of Title 18—which includes the blackmail statute at Section 873—is titled "Extortion and Threats." *See also* 35 C.J.S. Extortion § 2 ("The term 'blackmail' is often synonymous with extortion.").

7

Congress did not explicitly create a private right of action under 18 U.S.C. § 873, as the statute does not expressly provide a private entitlement to sue in court. Nor does Holmes provide any authority for the proposition that Congress implicitly created a private right of action pursuant to § 873. Indeed, the Eleventh Circuit has held that in general "criminal statutes do not provide for private civil causes of action, so it follows that [a plaintiff's] Title 18 allegations are also without merit because those criminal statutes do not provide for private causes of action." *Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) (citing *Love v. Delta Air Lines*, 310 F.3d 1347, 1352–53 (11th Cir. 2002)); *see also Love*, 310 F.3d at 1352–53 ("[S]tatutory language customarily found in criminal statutes . . . and other laws enacted for the protection of the general public . . . provides far less reason to infer a private remedy in favor of individual persons.") (internal quotations and citations omitted).

In any case, the issue of whether a statute creates by implication a private right of action is a question of statutory construction. *Love*, 310 F.3d at 1351. In determining whether a statute implicitly creates a private right of action, federal courts must "interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Sandoval*, 532 U.S. at 286. "Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter

8

how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 286–87 (internal quotations and citations omitted).

Turning to the plain language of the statute, there is no indication that Congress intended to create a private right of action in 18 U.S.C. § 873. Nor has the Court's research produced any authority for the proposition that § 873 contains an implied private right of action. Therefore, Holmes cannot bring a civil claim for extortion and blackmail under this provision.

Lastly, as Soto correctly points out, even assuming *arguendo* that a private right of action did exist under 18 U.S.C. § 873, Holmes's claim would still fail because he does not allege an essential element of such a claim. Section 873 criminalizes a defendant's threat to reveal the alleged victim's "violation of any law of the United States." Here, Holmes alleges only that Soto threatened to contact his spouse regarding their relationship if he did not provide her with money.[22] While adultery is a misdemeanor under Georgia law, *see* O.C.G.A. § 16-6-19,[23] Holmes does not allege that Soto threatened to reveal his violation of *federal*

---

[22] ECF 6, ¶ 33.

[23] Commentators generally agree that criminal adultery statutes are rarely enforced. *See, e.g.,* William N. Eskridge Jr., *Family Law Pluralism: The Guided-Choice Regime of Menus, Default Rules, and Override Rules*, 100 Geo. L.J. 1881, 1914 (2012); Edward Stein, *Adultery, Infidelity, and Consensual Non-Monogamy*, 55 Wake Forest L. Rev. 147, 149 (2020) (citing Deborah L. Rhode, *Adultery: Infidelity and the Law* 89, 91, 93 (2016)); Dr. Joanne Sweeny, *Undead Statutes: The*

law. *See United States v. Teplin*, 775 F.2d 1261, 1263 (4th Cir. 1985) (holding that § 873 was inapplicable because "the defendant's threat in this case was not a threat to expose a violation of *federal* law.") (emphasis added). Thus, even if 18 U.S.C. § 873 provided a private right of action, Holmes's claim would fail.

### B.     Shotgun pleadings

The Court further concludes that Holmes's counterclaim—and in particular his references to additional tort causes of action—constitutes a shotgun pleading. A "shotgun pleading" is one that does "not provide a short and plain statement of a claim as required by Rule 8." *Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)). A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted). "It employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson*, 898 F.3d at 1356.

---

*Rise, Fall, and Continuing Uses of Adultery and Fornication Criminal Laws*, 46 Loy. U. Chi. L.J. 127, 130, 131 (2014).

Shotgun pleadings "patently violate" the federal pleading standards. *Id.*; *see also Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("Such a pleading is never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so."). Accordingly, when a district court receives a shotgun pleading, the court "should strike it and instruct counsel to replead the case," rather than "parse out such incomprehensible allegations." *Estate of Bass*, 947 F.3d at 1358 (citation omitted).

The Eleventh Circuit has identified four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. While these categories are not legally distinct from one another, they are instructive in determining whether a complaint is a shotgun pleading. As relevant here, shotgun pleadings include those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," and those that do "not separate[ ] into a different count each cause of action or claim for relief." *Id.* at 1322–23.

Holmes's counterclaim fits this mold. Because Holmes has not separated his claims into different counts—and has not responded to Soto's motion—neither Soto nor the Court know exactly what claims Holmes intends to bring. While Holmes's factual allegations are relatively specific, he does not connect them to any particular cause of action; the Court is therefore left to guess what claims may

even be subject to dismissal on Soto's motion. For example, the Court notes that "[t]here is no distinct tort in Georgia law for harassment," *Canty v. Fry's Elecs., Inc.*, 736 F. Supp. 2d 1352, 1379–80 (N.D. Ga. 2010) (citing *Alford v. Cosmyl, Inc.*, 209 F. Supp. 2d 1361, 1372 (M.D. Ga. 2002); *Orquiola v. Nat'l City Mortg. Co.*, 510 F. Supp. 2d 1134, 1140 (N.D. Ga. 2007)), though Georgia courts have recognized that harassing conduct may form the basis of an intentional infliction of emotional distress claim, *id.* at 1380 (citing *Trimble v. Circuit City Stores, Inc.*, 220 Ga. App. 498, 500 (1996); *Yarbray v. S. Bell Tel. & Tel. Co.*, 261 Ga. 703, 706 (1991)). And, as discussed in Section III.A, *supra*, Holmes has attempted to bring a civil claim pursuant to the federal blackmail statute, 18 U.S.C. § 873, which does not provide for a private right of action.

The Court concludes that the interests of justice are better served by allowing Holmes to re-plead his counterclaim in compliance with this Order and the Federal Rules of Civil Procedure. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

In recognition of Holmes's *pro se* status, the Court emphasizes the following pleading rules established by the Federal Rules of Civil Procedure: (1) Holmes

must allege sufficient facts to establish a plausible case supporting his claims for relief; (2) Holmes must clearly identify every individual legal claim, with its own separately numbered count, which is to be identified with a bolded and enumerated header; (3) the allegations supporting each individual count must allege the legal elements of each claim along with the facts that support each element; and (4) in doing so, Holmes must include or incorporate in each count only the facts and other allegations relevant to that specific count.

### IV.  Conclusion

Soto's motion to dismiss Holmes's counterclaim [ECF 7] is **GRANTED**. Soto's motion for oral argument [ECF 8] is **DENIED as moot**. Holmes is granted leave to file an amended counterclaim consistent with this Order within 30 days.

**SO ORDERED** this 18th day of March, 2025.

                                                    _____
                                                    Steven D. Grimberg
                                                    United States District Judge