

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

Plaintiff,

v.

WENDELL HOLMES, JR.,

Defendant.

Civil Action No. 1:24-cv-02911-SDG

MOTION FOR RECONSIDERATION OF COURT'S FAILURE TO ADDRESS DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

TO THE HONORABLE U.S. District JUDGE Steven D. Grimberg

COMES NOW, Wendell Holmes Jr., the Defendant in the above-captioned matter, and respectfully submits this Motion for Reconsideration, requesting the Court to properly address Defendant's previously filed Motion to Dismiss for Lack of Jurisdiction due to improper service, which was submitted on March 10, 2025. This motion is made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and the Court's inherent authority to correct errors or oversights.

I. INTRODUCTION

1. On March 10, 2025, Defendant filed a Motion to Dismiss for Lack of Jurisdiction, asserting improper service in violation of Rule 4 of the Federal Rules of Civil Procedure.

2. The Court has not addressed Defendant's jurisdictional challenge and instead ordered Defendant to participate in a deposition with Plaintiff's attorney.

3. Defendant respectfully requests the Court to reconsider and properly address the jurisdictional challenge before compelling any further proceedings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff initiated this action on July 1, 2024.

2. Plaintiff attempted to serve Defendant by leaving legal papers with a dog walker at a residence where Defendant was not living, due to separation from Defendant's estranged spouse.

3. Service was improper under Federal Rule of Civil Procedure 4(e), which requires service by:

- Delivering a copy of the summons and complaint to the individual personally;

- Leaving copies at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

- Delivering the documents to an agent authorized by appointment or by law to receive service.

4. The papers were not served at Defendant's current dwelling or usual place of abode, nor were they delivered to someone authorized to accept service on Defendant's behalf.

5. Defendant filed a Motion to Dismiss for Lack of Jurisdiction on March 10, 2025, asserting improper service.

## III. ARGUMENT

A. The Court Lacks Personal Jurisdiction Due to Improper Service

1. Legal Standard: Proper service is a fundamental requirement for a court to establish personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.").

2. The service made to a dog walker at a residence Defendant was not residing at fails to meet the requirements of Rule 4(e).

3. Failure to properly serve the Defendant renders the court without personal jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 (1982) (Personal jurisdiction is a due process right that must be properly established before proceedings may continue).

B. The Court Must Address Jurisdiction Before Proceeding

    1.    Fundamental Principle: A court must determine jurisdiction before compelling participation in litigation. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.").

    2.    By ordering Defendant to participate in a deposition without addressing the jurisdictional challenge, the Court may violate Defendant's due process rights.

    3.    Proceeding without ruling on Defendant's jurisdictional challenge would constitute reversible error if appealed.

C. Relief Requested

Defendant respectfully requests that the Court:

- (a) Reconsider its failure to address Defendant's Motion to Dismiss for Lack of Jurisdiction.

- (b) Issue a ruling specifically addressing Defendant's jurisdictional challenge.

- (c) Dismiss the case for lack of personal jurisdiction, or, alternatively, order Plaintiff to properly serve Defendant if the case is to proceed.

---

IV. CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Motion for Reconsideration be granted and that the Court provide the relief requested.

Respectfully submitted,

*/s/ Wendell Holmes Jr.*

Wendell Holmes Jr.

---

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025 a true and correct copy of the foregoing Motion for Reconsideration was served upon Josep Weeks via [Certified Mail/Email.]

*/s/ Wendell Holmes Jr.*

Wendell Holmes Jr.

_____

Dated: March 24, 2025

Pro Per (Self-Represented Defendant)