IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: **1:24-cv-02911-SDG**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION AND BRIEF IN SUPPORT

COMES NOW Plaintiff Natalie Soto and files this Response in Opposition to Defendant Wendell Holmes, Jr.'s Motion for Reconsideration [D.E. 30], respectfully showing this Honorable Court as follows:

### I. INTRODUCTION

Defendant seeks reconsideration under Fed. R. Civ. P. 60(b), asserting the Court failed to address a jurisdictional challenge based on alleged improper service. However, Defendant's motion is procedurally deficient, substantively without merit, and ignores the clear record before the Court. Defendant was properly served, expressly admitted the Court's jurisdiction in his pleadings, and has waived any personal jurisdiction defense through his substantial participation in this litigation.

## II. LEGAL STANDARD

Relief under 60(b)(6) is an "extraordinary remedy," and a movant must show "extraordinary circumstances justifying the reopening of a final judgment. Williams v. Fla., No. 20-14231, 2021 WL 3720065, at *2 (11th Cir. Aug. 23, 2021)

## III. ARGUMENT

### *A. Defendant Was Properly Served Under Rule 4(e) and Georgia Law*

As previously demonstrated in Plaintiff's Response to Defendant's Motion to Dismiss [D.E. 23], service was proper under both Fed. R. Civ. P. 4(e)(1) and O.C.G.A. § 9-11-4(e)(7). Defendant was served at 5934 Rosie Lane SE, a residence he jointly owns with his wife, has listed as his domicile, and has used consistently as his legal address—including in this very litigation.

The Affidavit of Service [D.E. 5-1] provides credible, sworn testimony from a process server that service was made to a woman who stated she lived at that address with Defendant. This is precisely the type of substituted service permitted under Georgia law.

Defendant's attempt to retroactively dispute this service with a self-serving affidavit contradicts his own prior admissions and is insufficient to overcome the "evidence of a high order" provided by the return of service. *See* Dinh v. Crosby, 263 Ga. App. 260, 261 (2003).

### B. Defendant Explicitly Waived Any Personal Jurisdiction Objection

In his Answer [D.E. 6], Defendant admitted he was domiciled in Cobb County and stated he could be served at the Rosie Lane address. He explicitly conceded: "Jurisdiction over Defendant is proper." His subsequent reversal is inconsistent and unsupported.

Moreover, Defendant filed his Answer in August 2024 but did not raise the issue of service or jurisdiction until March 2025—eight months later and one week before the close of discovery. Under Rule 12(h)(1), this delay constitutes waiver. *See* <u>Hickson v. Home Fed. of Atlanta</u>, 805 F. Supp. 1567, 1571 (N.D. Ga. 1992); <u>Binns v. City of Marietta Hous. Auth</u>., 2007 WL 2746695, at *2 (N.D. Ga. Sept. 18, 2007).

### C. The Court Has Already Implicitly Rejected the Jurisdictional Challenge

While Defendant claims the Court "failed to address" his Motion to Dismiss for lack of jurisdiction, that assertion is incorrect. The Court granted Plaintiff's Motion to Dismiss Defendant's Counterclaims on the merits [D.E. 29], and no part of that ruling suggests the Court lacked jurisdiction. Moreover, the Court's scheduling orders and directives—including ordering Defendant's deposition—presuppose valid service and jurisdiction. There is nothing to reconsider.

## IV. CONCLUSION

Defendant's Motion for Reconsideration should be denied. Service was proper under both federal and state law, Defendant waived any jurisdictional challenge, and his continued efforts to delay this case through inconsistent and unsupported procedural motions should be rejected.

WHEREFORE, Plaintiff respectfully requests that the Court DENY Defendant's Motion for Reconsideration in its entirety.

Respectfully submitted, this 24th day of March, 2025.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing motion was prepared using a font and point selection approved by the Court in LR5.1(C), NDGa.

   This 24th day of March, 2025.

                                               /s/ Joseph W. Weeks
                                               Joseph W. Weeks
                                               Attorney for Plaintiff
                                               Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION AND BRIEF IN SUPPORT has been served upon all parties to this action at the below mailing address and/or email address:

    Wendell Holmes, Jr., *Pro Se*
    5934 Rosie Lane, SE
    Mableton, GA 30126
    wendellholmesjr@gmail.com

This 24th day of March, 2025.

                                    /s/ Joseph W. Weeks
                                    Joseph W. Weeks
                                    Attorney for Plaintiff
                                    Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)