IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: **1:24-cv-02911-SDG**

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT

COMES NOW Plaintiff Natalie Soto, by and through undersigned counsel, and files this Response in Opposition to Defendant's "Motion to Sanction Plaintiff and Her Counsel for Invasion of Privacy" [Doc 32], and respectfully shows the Court the following:

### I. INTRODUCTION

Defendant's Motion for Sanctions is wholly without merit, based on a misunderstanding and mischaracterization of the discovery process and the evidence disclosed in this case. Defendant fails to identify any actual violation of law, order, or ethical obligation that would warrant the extraordinary relief of sanctions. The Plaintiff's conduct and her counsel's actions throughout this litigation have been appropriate, ethical, and in compliance with applicable rules.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant alleges that Plaintiff and her counsel disseminated "intimate images" of a non-party, Jane Doe, without consent. In fact:

- The image at issue was part of a collage of nude images (including two nude images of Plaintiff) that was sent by Defendant without consent to Dawn Douglas;

- Dawn Douglas sent the collage of images to Plaintiff out of concern;

- The image as presented to Defendant in his deposition was redacted by Plaintiff's counsel to cover the nudity

- The image as presented to Defendant in his deposition does not contain any image or depiction of Defendant.

## III. ARGUMENT AND CITATION TO AUTHORITY

### A. No Violation of Privacy Law Occurred

Defendant incorrectly cites general language regarding nonconsensual dissemination of intimate images, but fails to identify any statute or authority that was violated by Plaintiff or her counsel. Defendant's claim that Plaintiff engaged in misconduct by allegedly distributing another woman's nude photo is both factually incorrect and legally meritless.

First, Defendant has no legal standing to assert a privacy violation on behalf

of the woman allegedly depicted in the image. He is not the individual shown in the photo, nor has he demonstrated that he has any legal authority to assert claims on her behalf. Only the "depicted individual" — as defined in 15 U.S.C. § 6851(a)(3) — may bring an action under the statute, and Defendant is not that individual. Courts have consistently held that a party lacks standing to raise claims belonging to third persons who are not before the court and have not assigned their rights.

Second, the image was redacted to cover the portion of the image that contained nudity.  The image as presented in the deposition did not contain an "intimate visual depiction" as defined in 15 U.S.C. § 6851.

Third, even if the image could be considered an "intimate visual depiction" under 15 U.S.C. § 6851(a)(5), any disclosure of the image occurred solely within the context of this litigation — specifically, during Defendant's deposition— and is therefore expressly exempt from liability under the statute. 15 U.S.C. § 6851(b)(4)(B)(ii) provides that an individual may not bring a claim for the disclosure of such an image where the disclosure was made "as part of a legal proceeding." Plaintiff and her counsel acted in good faith and in full compliance with applicable discovery obligations in producing materials relevant to Defendant's alleged conduct.

### *B. Counsel Acted Within the Bounds of Professional Responsibility*

The Georgia Rules of Professional Conduct authorize attorneys to use relevant and lawfully obtained evidence in the pursuit of their client's case. There is no evidence of bad faith, and Plaintiff's counsel did not "disseminate" the image beyond what is permitted or required in litigation. To the extent Defendant believes the material should be protected or sealed, his proper recourse was to file a motion for protective order—not an unsupported motion for sanctions.

### *C. Defendant's Motion Is Procedurally and Substantively Deficient*

Defendant, a pro se litigant, cites no authority, provides no affidavit or evidentiary support, and makes broad conclusory statements unsupported by the record. The Court should reject his motion for failing to comply with the procedural requirements of Fed. R. Civ. P. 11 and Local Rule 7.1.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendant's Motion for Sanctions in its entirety. Plaintiff further requests that the Court caution Defendant against filing further baseless and harassing motions.

Respectfully submitted, this 24th day of March, 2025.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing motion was prepared using a font and point selection approved by the Court in LR5.1(C), NDGa.

    This 24th day of March, 2025.

                                              /s/ Joseph W. Weeks
                                              Joseph W. Weeks
                                              Attorney for Plaintiff
                                              Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within and foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT has been served upon all parties to this action at the below mailing address and/or email address:

    Wendell Holmes, Jr., *Pro Se*
    5934 Rosie Lane, SE
    Mableton, GA 30126
    wendellholmesjr@gmail.com

    This 24th day of March, 2025.

                                                /s/ Joseph W. Weeks
                                                Joseph W. Weeks
                                                Attorney for Plaintiff
                                                Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)