IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

     Plaintiff,                    Civil Action
                                    File No.: **1:24-cv-02911-SDG**

v.

WENDELL HOLMES, JR.,

     Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S "MOTION AND STATEMENT TO THE COURT" AND BRIEF IN SUPPORT

COMES NOW Plaintiff Natalie Soto, by and through undersigned counsel, and files this Response in Opposition to Defendant Wendell Holmes Jr.'s "Motion and Statement to the Court" [Doc. 33], showing the Court as follows:

### I. Response to Reassertion of Motion to Dismiss for Lack of Jurisdiction

Defendant's renewed request for dismissal based on lack of jurisdiction fails to identify any new facts or law that would alter the Court's jurisdictional analysis. Defendant offers no evidence or legal authority to support his claim that this Court lacks personal or subject matter jurisdiction. Defendant previously filed a motion to dismiss on March 10, 2025. [Doc. 19]. Plaintiff filed a response in opposition on March 11, 2025. [Doc. 23]. Defendant's Motion will be resolved in due course pursuant to the Court's procedures. Accordingly, this request is improper and

should be denied.

## II. Response to Request for Forensic Analysis of Recording

Defendant's request for a court-ordered forensic analysis of the audio recording presented during his deposition is unwarranted. Defendant is in possession of the recording and is free to retain any expert or forensic analyst of his choosing to examine the recording at his own expense. He has not presented any evidence or expert affidavit to suggest that the recording is inauthentic or has been materially altered. Mere speculation or discomfort with the contents of the recording is not a valid basis to involve the Court. Accordingly, this request should be denied.

## III. Response to Allegations of Plaintiff's "Misconduct"

Defendant's claim that Plaintiff engaged in misconduct by allegedly distributing another woman's nude photo is both factually incorrect and legally meritless.

First, Defendant has no legal standing to assert a privacy violation on behalf of the woman allegedly depicted in the image. He is not the individual shown in the photo, nor has he demonstrated that he has any legal authority to assert claims on her behalf. Only the "depicted individual" — as defined in 15 U.S.C. § 6851(a)(3) — may bring an action under the statute, and Defendant is not that individual. Courts have consistently held that a party lacks standing to raise claims

belonging to third persons who are not before the court and have not assigned their rights.

Second, the image was redacted to cover the portion of the image that contained nudity. The image as presented in the deposition did not contain an "intimate visual depiction" as defined in 15 U.S.C. § 6851.

Third, even if the image could be considered an "intimate visual depiction" under 15 U.S.C. § 6851(a)(5), any disclosure of the image occurred solely within the context of this litigation — specifically, during Defendant's deposition— and is therefore expressly exempt from liability under the statute. 15 U.S.C. § 6851(b)(4)(B)(ii) provides that an individual may not bring a claim for the disclosure of such an image where the disclosure was made "as part of a legal proceeding." Plaintiff and her counsel acted in good faith and in full compliance with applicable discovery obligations in producing materials relevant to Defendant's alleged conduct.

## IV. Response to Request to "Clarify" Deposition Testimony

Defendant's request to revise or "clarify" sworn deposition testimony is improper. A deposition is a sworn statement subject to the penalties of perjury. If Defendant now claims his testimony was inaccurate, he may be impeached at trial or through appropriate discovery responses. However, post hoc efforts to reframe

sworn testimony without procedural basis or evidentiary support are not appropriate grounds for Court intervention. If Defendant seeks to submit an errata sheet in accordance with Rule 30(e), he may do so within the required time frame and in the appropriate manner.

### V. Conclusion

Defendant's Motion is procedurally improper, lacks legal and factual support, and is largely comprised of speculative assertions and irrelevant accusations. Accordingly, Plaintiff respectfully requests that the Court DENY all relief requested in Defendant's "Motion and Statement to the Court."

Respectfully submitted, this 24th day of March, 2025.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing motion was prepared using a font and point selection approved by the Court in LR5.1(C), NDGa.

    This 24th day of March, 2025.

<u>/s/ Joseph W. Weeks</u>
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within and foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S "MOTION AND STATEMENT TO THE COURT" AND BRIEF IN SUPPORT has been served upon all parties to this action at the below mailing address and/or email address:

> Wendell Holmes, Jr., *Pro Se*
> 5934 Rosie Lane, SE
> Mableton, GA 30126
> wendellholmesjr@gmail.com

This 24th day of March, 2025.

> /s/ Joseph W. Weeks
> Joseph W. Weeks
> Attorney for Plaintiff
> Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)