IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: **1:24-cv-02911-SDG**

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT

COMES NOW Plaintiff Natalie Soto, by and through the undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully files this Motion and Incorporated Brief in Support of Motion for Summary Judgment on her claim under 15 U.S.C. § 6851. In support of this Motion, Plaintiff relies upon Plaintiff's Statement of Undisputed Material Facts, Affidavit of Natalie Soto [Doc 40], Affidavit of Dawn Douglas [Doc 41], Deposition of Wendell Holmes [Doc 39], Defendant Holmes's Motion to Amend Deposition Testimony [Doc 31], and all other pleadings and matters of record in this case.

### I. INTRODUCTION

This case involves allegations of "revenge porn," in which the Plaintiff

claims that the Defendant Holmes made a nonconsensual disclosure of an intimate image(s) of Plaintiff using means of interstate commerce in violation of 15 U.S.C. § 6851. Plaintiff filed this suit on or about July 1, 2024, seeking liquidated damages, attorneys' fees, and injunctive relief. [Doc 1].

As shown herein, there is no genuine dispute as to any material fact regarding Defendant's knowing, nonconsensual disclosure of an intimate image(s) of Plaintiff using means of interstate commerce. The record includes sworn testimony from the Plaintiff, the third-party recipient of the image(s), and Defendant himself—each confirming the core facts establishing liability. Accordingly, Plaintiff is entitled to summary judgment as a matter of law on her federal claim, and requests the relief provided by statute, including liquidated damages, attorneys' fees, and injunctive relief.

## II. STATEMENT OF FACTS

Plaintiff and Defendant Holmes were in a romantic relationship between approximately September and the end of December 2023. *(Plaintiff's Statement of Undisputed Material Facts ¶1).* During that relationship, Plaintiff sent Defendant Holmes nude photos of herself that showed her exposed breasts. *(Plaintiff's Statement of Undisputed Material Facts ¶2).* The nude photos were intended solely for the private enjoyment of Plaintiff and Defendant Holmes, and were not intended for distribution to anyone other than Defendant Holmes. *(Plaintiff's*

*Statement of Undisputed Material Facts ¶3).*

By early 2024, the relationship had soured. On or about February 22, 2024, Defendant Holmes threatened to post Plaintiff's private nude photos during a heated text message argument with Plaintiff. *(Plaintiff's Statement of Undisputed Material Facts ¶4).* Defendant Holmes provided Plaintiff a deadline of noon on February 23rd to comply with his demands or he would make Plaintiff's life "a living hell" by posting her nude photos. *(Plaintiff's Statement of Undisputed Material Facts ¶5).*

Defendant Holmes followed through on his threat. The very next day - February 23, 2024, Defendant Holmes sent a message via Facebook Messenger to a third party, Dawn Douglas, which included the nude photos of Plaintiff. *(Plaintiff's Statement of Undisputed Material Facts ¶6).* Dawn Douglas had previously met Defendant Holmes on a dating app, but had never met Defendant Holmes in person prior to February 23, 2024. *(Plaintiff's Statement of Undisputed Material Facts ¶8).* Dawn Douglas had never met Plaintiff prior to February 23, 2024. *(Plaintiff's Statement of Undisputed Material Facts ¶7).* Plaintiff did not consent to the sharing or distribution of her nude images by Defendant Holmes. *(Plaintiff's Statement of Undisputed Material Facts ¶9).*

During his deposition, Defendant Holmes denied sending nude photos of Natalie Soto via Facebook Messenger to Dawn Douglas. *(Plaintiff's Statement of*

*Undisputed Material Facts ¶10)*.  Defendant Holmes lied.  *(Plaintiff's Statement of Undisputed Material Facts ¶11)*. Defendant Holmes now admits that he disclosed nude images of Plaintiff to Dawn Douglas. *(Plaintiff's Statement of Undisputed Material Facts ¶12)*.

The cell phone used by Defendant Holmes for the disclosure of the images in this case is a T-Mobile (formerly Sprint) phone.  *(Plaintiff's Statement of Undisputed Material Facts ¶13)*.  Defendant Holmes also used a Google Voice phone number to threaten and harass Plaintiff. *(Plaintiff's Statement of Undisputed Material Facts ¶14)*.

### III. ARGUMENT AND CITATION OF AUTHORITY

As shown herein, there is no genuine dispute as to any material fact regarding Defendant's knowing, nonconsensual disclosure of an intimate image of Plaintiff using means of interstate commerce. The record includes sworn testimony from the Plaintiff, the third-party recipient of the image, and Defendant himself—each confirming the core facts establishing liability. Accordingly, Plaintiff is entitled to summary judgment as a matter of law on her federal claim, and requests the relief provided by statute, including liquidated damages, attorneys' fees, and injunctive relief.

### *A.   Summary Judgment Standard*

Summary judgment shall be granted "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *See* Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Once the movant meets this burden, the nonmovant must present specific evidence demonstrating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

### *B.   Plaintiff is entitled to Summary Judgment on her 15 U.S.C. § 6851 claim.*

Section 6851 of Title 15 creates a private cause of action against any person who:

1. *Knowingly discloses an intimate visual depiction of another individual;*
2. *Without the consent of the individual depicted;*
3. *Where the disclosure was made using means or facilities of interstate or foreign commerce.*

Each of these elements is conclusively established by the evidence of record in this case.

### 1. **Defendant Knowingly Disclosed Intimate Images of Plaintiff**

Defendant Holmes testified that he received nude photos from Plaintiff and that he possessed at least two such images. He further admitted, in his Motion to Amend Deposition Testimony [Doc. 31], that he disclosed these nude images of Plaintiff to Dawn Douglas. Ms. Douglas confirmed the same in her affidavit, stating she received the nude image of Plaintiff via social media message from Defendant.

### 2. **Disclosure Was Without Consent**

Plaintiff attests that she never consented to any disclosure of the image. Ms. Douglas confirms that she did not receive the image with any consent and that Plaintiff expressed clear shock and disapproval upon learning of the disclosure. (Soto Aff. ¶ 20; Douglas Aff. ¶ 15). Defendant has offered no evidence that he had the consent of Plaintiff to disclose her nude images. His threats to make Plaintiff's life "a living hell" by posting her nude photos, further illustrate that Defendant did not have the consent of Plaintiff to disclose the nude images.

### 3. **Disclosure Occurred Via Interstate Commerce**

Defendant now admits to using Facebook Messenger — an internet-based platform — to send nude images of Plaintiff to Dawn Douglas. The "internet is an instrumentality of interstate commerce". United States v. Hair, 178 F. App'x 879, 886 (11th Cir. 2006).

Additionally, Defendant has testified that he used a T-Mobile (formerly Sprint) phone, a facility of interstate commerce. The Eleventh Circuit has explained several times that "[c]ellular telephones are instrumentalities of interstate commerce." United States v. McKinley, 647 F. App'x 957, 962 (11th Cir. 2016) (citing United States v. Evans, 476 F.3d 1176, 1180–81 (11th Cir. 2007)); see also United States v. Nowak, 370 F. App'x 39, 45 (11th Cir. 2010); United States v. Pipkins, 378 F.3d 1281, 1295 (11th Cir. 2004).

## IV. CONCLUSION

The pleadings, deposition of Defendant, and admissions on file, together with the affidavits of Natalie Soto and Dawn Douglas show that there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law.

WHEREFORE, Plaintiff respectfully requests the following relief, as provided under 15 U.S.C. § 6851(b)(3):

    A.    Liquidated damages in the amount of $150,000;

    B.    An award of reasonable attorneys' fees and litigation costs;

    C.    Permanent injunctive relief barring Defendant from further disclosing the image; and

    D.    Such other and further relief as the Court deems just and proper.

This 10th day of April, 2025.

/S/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Avenue, Suite 450
Decatur, GA 30030-2560
Ph: 404-373-3131
Fax: 404-373-7286
jweeks@mcnallyweeks.com

## **LR 7.1(D) NDGa. CERTIFICATE**

I, Joseph W. Weeks, hereby certify that the foregoing PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT OF MOTION has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

This 10th day of April, 2025.

**McNally Weeks**

/s/ Joseph W. Weeks
Joseph W. Weeks

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,                                   Civil Action
                                             File No.: **1:24-cv-02911-SDG**

v.

WENDELL HOLMES, JR.,

    Defendant.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy and/or an electronic copy of the within and foregoing PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT OF MOTION was served upon all parties to this action and/or counsels of record in this action via electronic filing through the Court's CM/ECF system which will automatically send an electronic copy of said pleading to all electronic service registrants and attorneys of record, and/or via email, and/or via USPS First Class Mail with postage paid and addressed as follows:

    Wendell Holmes, Jr.
    5934 Rosie Lane, SE
    Mableton, GA 30126
    wendellholmesjr@gmail.com

This 10th day of April, 2025.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Avenue, Suite 450
Decatur, GA 30030-2560
Ph: 404-373-3131
Fax: 404-373-7286
jweeks@mcnallyweeks.com