FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 14 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

Plaintiff,

v.

Civil Action File No. 1:24-cv-02911-SDG

WENDELL HOLMES, JR.,

Defendant.

# DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Wendell Holmes, Jr., acting pro se, and respectfully files this Response in Opposition to Plaintiff's Motion for Summary Judgment. Pursuant to Fed. R. Civ. P. 56, Defendant shows the Court that genuine disputes of material fact preclude summary judgment, and the Plaintiff is not entitled to judgment as a matter of law.

## I. INTRODUCTION

Plaintiff Natalie Soto seeks summary judgment based on the claim that Defendant knowingly and non-consensually distributed an intimate image using means of interstate commerce under 15 U.S.C. § 6851. However, material facts remain in dispute, and Plaintiff has failed to establish each element of her claim. Defendant denies the factual basis underlying Plaintiff's allegations, and further contends that Plaintiff's own actions and omissions contradict her narrative and cast doubt on her credibility.

## II. STANDARD OF REVIEW

Summary judgment is only appropriate where the moving party demonstrates the absence of a genuine dispute as to any material fact and is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in their favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## III. DEFENDANT'S RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendant responds to each of the elements of Plaintiff's claim under 15 U.S.C. § 6851 as follows:

### A.

**Disputed Element 1: Knowingly Disclosed an Intimate Visual Depiction**

Defendant denies knowingly disclosing an "intimate visual depiction" of Plaintiff as defined by the statute. While Plaintiff claims a nude image was shared via Facebook Messenger, Defendant asserts the image at issue was not transmitted with the intent to harass, threaten, or cause harm. Moreover, the photo was never shared publicly or posted online. The alleged transmission was part of a broader context of harassment initiated by the Plaintiff, which included her own public online posts.

Additionally, the so-called "admission" of disclosure was made under duress following misleading tactics during deposition, and Defendant maintains his deposition was not an acknowledgment of wrongdoing under 15 U.S.C. § 6851.

### B.

**Disputed Element 2: Without Consent of the Individual Depicted**

Defendant asserts that Plaintiff openly expressed comfort with sharing sexual content, frequently posting provocative pole-dancing content on social media and discussing displaying nude art in her home. In light of this behavior and conversations between the parties, Defendant reasonably believed Plaintiff did not have a reasonable expectation of privacy over the content in question. Plaintiff's actions and public persona contradict the notion that she viewed the image as confidential.

### C.

**Disputed Element 3: Use of Interstate Commerce**

Although Facebook Messenger and mobile phones involve internet-based platforms, Defendant disputes that any image was transmitted across state lines for the purpose of public dissemination. The alleged message was private and not uploaded to a public platform or transmitted in any way that qualifies under "interstate commerce" as interpreted in similar statutory contexts. Furthermore, Plaintiff's claim relies on a highly expansive reading of the statute.

### D. Plaintiff Has Failed to Show Emotional Distress or Actual Harm

Plaintiff has submitted no medical records, counseling records, or testimony from health professionals to demonstrate emotional or psychological injury. By contrast, Defendant has suffered actual harm, including termination from his job and public humiliation. Social media posts made by Plaintiff during and after the events in question, which Defendant will file as Exhibit C, indicate that Plaintiff did not suffer the type of harm she now claims.

## IV. STATEMENT OF MATERIAL FACTS IN DISPUTE

1. Whether Defendant knowingly shared an "intimate image" within the meaning of 15 U.S.C. § 6851.

2. Whether Plaintiff had a reasonable expectation of privacy regarding the image.

3. Whether any image was shared without Plaintiff's express or implied consent.

4. Whether Defendant acted with the intent or recklessness to cause harm, humiliation, or distress.

5. Whether the alleged disclosure meets the legal standard for use of interstate commerce.

6. Whether Plaintiff's prior conduct and statements contradict her claim of non-consensual disclosure.

7. Whether Plaintiff has suffered actual harm or damages attributable to Defendant's alleged conduct.

8. Whether the Plaintiff's version of events is credible, given discrepancies in her affidavit, social media activity, and contact history.

## V. CONCLUSION

Plaintiff's Motion for Summary Judgment should be denied. Genuine disputes of material fact remain regarding the nature of the image, the context of its alleged transmission, Plaintiff's consent, and whether the statutory elements have been met. This case must proceed to a jury for resolution.

WHEREFORE, Defendant respectfully prays that this Court deny Plaintiff's Motion for Summary Judgment in its entirety and grant such further relief as the Court deems just and proper.

Respectfully submitted this 14th day of April, 2025.


Wendell Holmes, Jr.

Pro Se Defendant

5934 Rosie LN SE

Mableton, GA 30126

wendellholmesjr@mail.com