IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

Plaintiff,

v.

WENDELL HOLMES, JR.,

Defendant.

Civil Action No. 1:24-cv-02911-SDG

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EVIDENCE

COMES NOW Defendant Wendell Holmes, Jr., pro se, pursuant to Federal Rule of Civil Procedure 12(f), and respectfully moves this Court to strike portions of Plaintiff's evidentiary submissions filed in support of her Motion for Summary Judgment, specifically including the Affidavit of Dawn Douglas [Doc. 41], and any other documents that have not been properly authenticated, or otherwise fail to comply with the Federal Rules of Evidence and Civil Procedure. In support of this Motion, Defendant shows the Court as follows:

## I. INTRODUCTION

Plaintiff has submitted various materials in support of her Motion for Summary Judgment, including an affidavit from a third-party, Dawn Douglas, who was not present at the events in question and whose statements lack foundation, personal knowledge, and proper authentication. The affidavit is inadmissible under the Federal Rules of Evidence and should not be considered by the Court in ruling on summary judgment.

## II. ARGUMENT

**A. The Affidavit of Dawn Douglas is Inadmissible Hearsay and Lacks Foundation**

Under Federal Rule of Civil Procedure 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The affidavit submitted by Dawn Douglas contains conclusory statements, speculation, and assertions regarding the intentions, conduct, or knowledge of the Defendant and Plaintiff without establishing a sufficient basis of personal knowledge or relevance.

The affidavit includes hearsay and statements allegedly made outside of the affiant's direct observation, making them inadmissible under Federal Rule of Evidence 802. Furthermore, Ms. Douglas's affidavit does not appear to be based on personal, firsthand knowledge of the Plaintiff's state of mind or the nature of the parties' relationship. Without a valid evidentiary foundation, the affidavit must be stricken.

### B. Plaintiff's Supporting Evidence Is Not Properly Authenticated

To be admissible at the summary judgment stage, documents must be capable of being presented in admissible form at trial and must be authenticated under Federal Rule of Evidence 901. Certain exhibits referenced in Plaintiff's filings, including screenshots and alleged communications, do not include any indication of their origin, authorship, or verification. The Court should not rely on these unauthenticated materials when evaluating the existence of genuine issues of material fact.

## III. CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court strike the Affidavit of Dawn Douglas [Doc. 41] and any other inadmissible or improperly authenticated evidence presented in support of Plaintiff's Motion for Summary Judgment.

Respectfully submitted this 14th day of April, 2025.

*/s/ Wendell Holmes, Jr.*

Wendell Holmes, Jr. Pro Se

5934 Rosie LN SE

Mableton, GA 30126

(404) 664-2943

Wendellholmesjr@gmail.com