

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

NATALIE SOTO,

Plaintiff,

v.

Wendell Holmes Jr.

Defendant/Counterclaimant.

Civil Action File No.: 1:24-cv-02911-SDG

AMENDED COUNTERCLAIM

COMES NOW, Wendell Holmes Jr., Defendant and Counterclaimant in the above-styled action, and hereby asserts the following Counterclaims against Plaintiff, Natalie Soto ("Soto"), and alleges as follows:

PARTIES

1. Counterclaimant, Wendell Holmes Jr., is an individual residing in Cobb County, GA.

2. Counter-Defendant, Natalie Soto, is an individual residing in Cobb, GA.

JURISDICTION AND VENUE

3. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367 (Supplemental Jurisdiction) because they arise from the same set of facts and events as the Plaintiff's claims and form part of the same case or controversy under Article III of the U.S. Constitution.

4. Venue is proper in this Court because the events giving rise to these claims occurred within its jurisdiction.

## FACTUAL BACKGROUND

5. On or about February 15, 2024, Natalie Soto began sending multiple text messages to Counterclaimant, demanding that he pay her $900 for her dog's surgery.

6. When Counterclaimant did not immediately comply, Soto escalated her threats, stating she would contact Counterclaimant's wife to disclose personal matters if he did not pay.

7. Counterclaimant, feeling coerced, initially ignored the messages but later responded after Soto threatened further action.

8. In March 2024, Soto filed a petition for a Dating Violence Protective Order, which was later dismissed by the court due to lack of evidence.

9. Despite the dismissal, Soto continued to pursue legal action against Counterclaimant, filing criminal charges in Cobb County, Georgia, which ultimately led to Counterclaimant's arrest on June 16, 2024 (Father's Day), at his church and workplace.

10. Soto deliberately waited until a high-profile moment—Father's Day, when she knew Counterclaimant would be at church—to contact law enforcement, ensuring his arrest was public.

11. This public humiliation caused significant emotional distress, reputational damage, and the loss of Counterclaimant's job at the church.

12. Additionally, Soto engaged in defamatory conduct, posting Counterclaimant's photo online with statements such as "If you see this man, run," implying criminal behavior.

13. Soto further spread false statements about Counterclaimant to his wife, sister-in-law, and others, causing additional harm to his personal and professional reputation.

## CAUSES OF ACTION

### COUNT I: MALICIOUS PROSECUTION

14. Counterclaimant incorporates by reference all preceding paragraphs.

15. Soto initiated a criminal complaint against Counterclaimant without probable cause.

16. Soto acted with malice and an improper purpose, intending to harass, embarrass, and harm Counterclaimant.

17. The criminal case resulted in Counterclaimant's arrest under false pretenses.

18. As a direct and proximate result of Soto's malicious prosecution, Counterclaimant suffered economic damages, emotional distress, and reputational harm.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

19. Counterclaimant incorporates by reference all preceding paragraphs.

20. Soto's conduct—including threatening to contact Counterclaimant's wife for financial gain, orchestrating his public arrest, and making defamatory statements online—was extreme and outrageous.

21. Soto's actions were intended to cause emotional harm or were carried out with reckless disregard for their impact.

22. Counterclaimant suffered severe emotional distress, including embarrassment, anxiety, and financial loss.

## COUNT III: DEFAMATION (LIBEL AND SLANDER)

23. Counterclaimant incorporates by reference all preceding paragraphs.

24. Soto made false and defamatory statements about Counterclaimant, including posting online that people should "run" from him, implying he was dangerous.

25. Soto also communicated false statements to Counterclaimant's wife, sister-in-law, and others, causing damage to his personal and professional reputation.

26. These statements were made with actual malice, knowing they were false or with reckless disregard for the truth.

27. Counterclaimant has suffered loss of employment, reputational harm, and emotional distress as a result.

## COUNT IV: ABUSE OF PROCESS

28. Counterclaimant incorporates by reference all preceding paragraphs.

29. Soto misused legal processes, including improperly seeking a protective order, filing criminal charges, and engineering a public arrest, for an ulterior motive—to harass and destroy Counterclaimant's reputation.

30. These actions were taken not for legitimate legal purposes, but to coerce, punish, and humiliate Counterclaimant.

31. As a result, Counterclaimant suffered damages, including legal costs, emotional distress, and reputational damage.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant respectfully requests that this Court grant the following relief:

a. Compensatory damages in an amount to be determined at trial for lost wages, reputational harm, and emotional distress;

b. Punitive damages for Soto's willful and malicious conduct;

c. Injunctive relief, prohibiting Soto from making further defamatory statements;

d. Attorneys' fees and costs, if applicable; and

e. Any further relief this Court deems just and proper.

DEMAND FOR JURY TRIAL

Counterclaimant demands a trial by jury on all issues triable as a matter of right.

Respectfully submitted,

*/s/ Wendell Holmes Jr.*

Wendell Holmes Jr.

5934 Rosie Lane SE

Mableton, GA 30126

Pro Se Counterclaimant