IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: **1:24-cv-02911-SDG**

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff Natalie Soto and files this Reply Brief in further support of her Motion for Summary Judgment [Doc. 42], showing the Court as follows:

### I. INTRODUCTION

Defendant's Response in Opposition [Doc. 45] and Statement of Material Facts [Doc. 46] fail to create any genuine dispute of material fact. Defendant concedes that he disclosed an intimate image of Plaintiff using Facebook Messenger, a means of interstate commerce. Defendant attempts to deflect liability by raising meritless arguments regarding consent, intent, and the scope of the statute. These arguments are legally irrelevant or contradicted by the undisputed record. Moreover, the facts contained in Plaintiff's Statement of Undisputed

Material Facts [Doc. 43] have been now admitted based on Defendant's noncompliance with LR 56.1. Summary judgment should be granted.

## II. ARGUMENT

### A. *Defendant Has Admitted to the Core Conduct Underlying Liability*

Despite now characterizing the disclosure as unintentional or misunderstood, Defendant has already admitted—in his Motion to Amend Deposition Testimony [Doc. 31]—that he did, in fact, send Plaintiff's nude image to Dawn Douglas via Facebook Messenger. This satisfies the disclosure element under 15 U.S.C. § 6851(a)(1).

> *"I now seek to amend my testimony to truthfully acknowledge that I did, in fact, share the Plaintiff's photo with Dawn Douglas." [Doc. 31-1].*

No reasonable jury could find that this was anything other than a "knowing" disclosure within the meaning of the statute.

### B. *Plaintiff's Lack of Consent Is Undisputed*

Defendant provides no competent evidence that Plaintiff consented to the disclosure. He instead cites Plaintiff's prior comfort with "provocative content" and her general social media behavior, neither of which constitute legal consent to the specific disclosure at issue. The statute requires actual consent to the "disclosure," not a subjective belief by the disclosing party.

> *"The term 'consent' means an affirmative, conscious, and voluntary authorization made by the individual." 15 U.S.C. § 6851(a)(2) (emphasis added).*

Plaintiff and Dawn Douglas both attest that Plaintiff never gave such consent. [Soto Aff. ¶ 20; Douglas Aff. ¶ 15].

C.   *Use of Interstate Commerce Is Satisfied as a Matter of Law*

Defendant admits he used Facebook Messenger and a T-Mobile cellular phone to send the image. The Eleventh Circuit has repeatedly held that both internet-based platforms and cell phones are instrumentalities of interstate commerce. See:

United States v. Hair, 178 F. App'x 879, 886 (11th Cir. 2006)

United States v. McKinley, 647 F. App'x 957, 962 (11th Cir. 2016)

Defendant's argument that the message was not "publicly disseminated" is immaterial. The statute prohibits disclosure to any person without consent, not just public posts.

D.   *Defendant's Purported Defenses Are Legally Irrelevant or Speculative*

Defendant's claim that he was "pressured" into his deposition denial is not a defense—it is an admission of perjury. His vague assertions of duress, harassment by Plaintiff, and her social media presence are unsupported by admissible

evidence and do not undermine the statutory elements of Plaintiff's claim.

**E.     *The facts contained in Plaintiff's Statement of Undisputed Material Facts [Doc 43] have been admitted based on Defendant's noncompliance with LR 56.1***

Under Local Rule 56.1(B)(2), Holmes' April 14, 2025 filing—entitled Defendant's Statement of Material Facts in Dispute in Opposition to Plaintiff's Motion for Summary Judgment [Doc. 46]—does not comply with the rule in several key respects.  LR 56.1(B)(2)(a)(1) requires individually numbered, concise, nonargumentative responses corresponding to each of Plaintiff's numbered facts. Defendant Holmes did not respond point-by-point to Plaintiff's 13 numbered facts [Doc. 46].  Instead, he submitted ten general factual assertions, most of which do not correlate numerically to Plaintiff's facts and are argumentative in nature. [Doc. 46].

Moreover, LR 56.1(B)(2)(a)(2) requires specific citations to evidence or valid objections.  Defendant Holmes does not cite any deposition, affidavit, or exhibit evidence.  No objections are raised to admissibility. No citations challenge the accuracy or materiality of Plaintiff's facts.

For these reasons, the facts contained in Plaintiff's Statement of Undisputed Material Facts [Doc. 43] should be deemed admitted as a matter of law.

**F.**     ***Plaintiff Is Entitled to Summary Judgment and the Relief Sought***

Defendant has admitted the conduct and offers no competent evidence to dispute the key elements of liability under 15 U.S.C. § 6851. As such, Plaintiff is entitled to: Liquidated damages under 15 U.S.C. § 6851(b)(3)(A)(ii); Attorney's fees and costs under § 6851(b)(3)(B); and Permanent injunctive relief under § 6851(b)(3)(C) barring further disclosure.

### III. CONCLUSION

There are no genuine disputes of material fact. The record shows that Defendant knowingly disclosed a nude image of Plaintiff without her consent using means of interstate commerce. Plaintiff respectfully requests that the Court GRANT her Motion for Summary Judgment and award the relief requested therein.

This 15th day of April, 2025.

/S/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Avenue, Suite 450
Decatur, GA 30030-2560

Ph: 404-373-3131
Fax: 404-373-7286
jweeks@mcnallyweeks.com

## **LR 7.1(D) NDGa. CERTIFICATE**

I, Joseph W. Weeks, hereby certify that the foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

This 15th day of April, 2025.

**McNally Weeks**

/s/ Joseph W. Weeks
Joseph W. Weeks

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: **1:24-cv-02911-SDG**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy and/or an electronic copy of the within and foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was served upon all parties to this action and/or counsels of record in this action via electronic filing through the Court's CM/ECF system which will automatically send an electronic copy of said pleading to all electronic service registrants and attorneys of record, and/or via email, and/or via USPS First Class Mail with postage paid and addressed as follows:

    Wendell Holmes, Jr.
    5934 Rosie Lane, SE
    Mableton, GA 30126
    wendellholmesjr@gmail.com

This 15th day of April, 2025.

                                           /s/ Joseph W. Weeks
                                           Joseph W. Weeks
                                           Attorney for Plaintiff
                                           Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Avenue, Suite 450
Decatur, GA 30030-2560
Ph: 404-373-3131
Fax: 404-373-7286
jweeks@mcnallyweeks.com