IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: 1:24-cv-02911-SDG

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM AND BRIEF IN SUPPORT

COMES NOW Natalie Soto, Plaintiff in the above-styled action (hereinafter referred to as "Plaintiff"), and pursuant to FED. R. CIV. P. 12(b)(6), hereby moves to dismiss Defendant's Amended counterclaim [Doc 49], showing to the Court that Defendant's counterclaim fails to state a claim against Plaintiff upon which relief can be granted.

### I. STATEMENT OF FACTS

This case involves a civil claim by Plaintiff Soto against Defendant under 15 U.S.C. § 6851 [Civil action relating to disclosure of intimate images]. *(See Plaintiff's Complaint)*. Plaintiff alleges that on or about February 22, 2024, Defendant Wendell Holmes, Jr., without the consent of Plaintiff Soto, used the

internet and cellular networks to disclose a photograph containing an intimate visual depiction of Plaintiff Soto to a third party. *(Plaintiff's Complaint ¶¶ 23-25)*. Plaintiff is seeking liquidated damages in the amount of $150,000.00 against Defendant Wendell Holmes, Jr. for this disclosure, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(I). *(Plaintiff's Complaint ¶28)*. Plaintiff is also seeking equitable relief, including a permanent injunction ordering the Defendant to cease all display or disclosure of the visual depiction pursuant to 15 U.S.C. § 6851(b)(3)(ii). (*Plaintiff's Complaint ¶29)*.

Plaintiff Soto filed this action on July 1, 2024. [Doc 1]. Defendant was served with process on July 26, 2024 and the Affidavit of Service was filed with the Court on July 28, 2024. [Doc 5-1]. Defendant filed an Answer and Counterclaim *pro se* on August 15, 2024. [Doc 6]. Plaintiff filed a Motion to Dismiss Defendant's Counterclaim on August 16, 2024. [Doc 7]. On March 18, 2025, the Court granted Plaintiff's Motion to Dismiss but permitted Defendant leave to file an amended counterclaim consistent with the Order within 30 days. [Doc 29].

On April 14, 2025, Defendant filed an Amended Counterclaim alleging counts against Plaintiff for Malicious Prosecution, Intentional Infliction of

Emotional Distress (IIED), Defamation (Libel and Slander), and "Abuse of Process". [Doc 49]. As shown below, the Court should dismiss all Counts of Defendant's Amended Complaint.

## II. LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Mere legal conclusions or formulaic recitations of the elements do not suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. ARGUMENT AND CITATION OF AUTHORITY

Count I (Malicious Prosecution) should be dismissed because Defendant fails to allege termination of the underlying criminal charges in his favor, initiation of those charges under valid legal process, or specific facts showing a lack of probable cause.

Count II (Intentional Infliction of Emotional Distress) should be dismissed because the alleged conduct is not "extreme or outrageous" as a matter of law and Defendant fails to allege "severe" emotional distress.

Count III (Defamation) should be dismissed because Defendant fails to identify any actionable statement of fact, fails to plead what specific false factual

statements were made to others, and fails to allege defamation per se or special damages. Even if the statements alleged in Count III were otherwise actionable under Georgia defamation law (they are not), the First Amendment to the United States Constitution independently bars liability.

Count IV ("Abuse of Process") should be dismissed because that tort has been abolished by O.C.G.A. § 51-7-85. Even if Holmes Complaint is rewritten to make a claim under O.C.G.A. § 51–7–80 *et seq.*, Holmes has not alleged compliance with the statutory requirements of written notice required by O.C.G.A. § 51-7-84(a), or the elements of "malice", and "without substantial justification" as required by O.C.G.A. § 51-7-81.

1. **Defendant's Malicious Prosecution Count (Count I) fails to state a claim and should be dismissed**.

Defendant's malicious prosecution claim is legally deficient and fails to meet the basic pleading requirements. He does not allege termination of the underlying criminal charges in his favor, initiation of those charges under valid legal process, or specific facts showing a lack of probable cause. The Court should dismiss Count I with prejudice.

   A. *Malicious Prosecution Requires Termination of the Criminal*

*Proceeding in Defendant's Favor*

Under Georgia law, the elements of malicious prosecution include:

(1) a criminal prosecution,
(2) initiated under valid process,
(3) which terminated in favor of the plaintiff,
(4) was initiated with malice,
(5) without probable cause, and
(6) resulted in damage.

Wal-Mart Stores, Inc. v. Blackford, 264 Ga. 612, 613 (1994); *O.C.G.A. § 51-7-40*.

Here, Defendant fails to allege that the criminal prosecution terminated in his favor. Instead, he references the dismissal of a civil temporary protective order filed in March 2024. [Am. Countercl. ¶ 8]. But a dismissed civil petition does not constitute favorable termination of a separate criminal case for purposes of malicious prosecution. *See* McCord v. Jones, 168 Ga. App. 891, 892 (1983) ("Unless the prosecution is terminated in the plaintiff's favor, no action for malicious prosecution will lie."); O.C.G.A. § 51-7-41.

The Amended Counterclaim does not state that the felony criminal charges—on which he alleges he was arrested—were ever resolved in his favor by dismissal, acquittal, or otherwise. This failure alone warrants dismissal of Count I.

### B.   *Defendant Fails to Plead That the Prosecution Was Initiated Under Valid Process*

To support a malicious prosecution claim, the arrest or prosecution must have been initiated pursuant to valid legal process—i.e., a warrant, accusation, or summons. Peterson v. Banker, 316 Ga. App. 571, 574 (2012). Defendant does not allege that any such valid process was issued in his case. Without it, the claim fails.

### C.   *Defendant Does Not Allege That Plaintiff Made Any False Statements or Withheld Material Facts*

Defendant merely asserts that Plaintiff acted "with malice" and that the charges were made "without probable cause." [Am. Countercl. ¶¶ 15–17]. But these are classic legal conclusions devoid of factual support. Defendant does not allege that Plaintiff made any specific false statements or withheld exculpatory information

To support a finding of malice or lack of probable cause, a malicious prosecution claim must include specific facts showing that the defendant procured the prosecution by knowingly making false statements or withholding exculpatory information. *See* Willis v. Brassell, 220 Ga. App. 348, 353, 469 S.E.2d 733 (1996); Wolf Camera, Inc. v. Royter, 253 Ga. App. 254 (2002).

Here, Holmes does not allege that Plaintiff made any false report to police, swore out a false affidavit, misrepresented any facts, or withheld exculpatory information. Without such allegations, there is no basis for inferring malice or want of probable cause. Chen v. Tai, 232 Ga. App. 595, 598 (1998) ("malice and want of probable cause must be supported by specific factual allegations"). The mere fact that Plaintiff initiated legal proceedings—without any falsehood or deception—is not actionable. El-Amin v. Trust Co. Bank, 171 Ga. App. 35, 318 S.E.2d 655 (1984) (no liability where law enforcement made an independent decision to arrest). Defendant's failure to allege false statements is fatal to Count I.

**2. Defendant's Intentional Infliction of Emotional Distress(Count II) fails to state a claim and should be dismissed**.

Defendant's intentional infliction of emotional distress claim is legally deficient because the alleged conduct is not "extreme or outrageous" as a matter of law and defendant fails to allege "severe" emotional distress.

To state a claim for intentional infliction of emotional distress under Georgia law, a plaintiff must allege facts showing:

- The defendant's conduct was intentional or reckless;
- The conduct was extreme and outrageous;
- The conduct caused emotional distress; and

- The emotional distress was severe.

Mayorga v. Benton, 364 Ga. App. 665, 669–70, 875 S.E.2d 908, 912–13 (2022); Racette v. Bank of America, 318 Ga. App. 171, 179 (2012).  Critically, "[t]he defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Racette, 318 Ga. App. at 179. Whether conduct rises to this level is a question of law for the court. Id.  Further, the conduct must have been directed at the plaintiff, not merely incidental. Doe v. Roe, 362 Ga. App. 23, 29 (2021).  Additionally, the emotional distress alleged by a Plaintiff must be "severe".  Because the alleged conduct is not "extreme or outrageous" as a matter of law and because defendant fails to allege "severe" emotional distress, Count II should be dismissed.

### A. *The Alleged Conduct Is Not "Extreme or Outrageous" as a Matter of Law*

Defendant's IIED claim is based on the allegation that Plaintiff:

- Threatened to contact his wife unless he paid $900;

- "Caused" his arrest at church on Father's Day; and

- Posted a photo with the caption "If you see this man, run."

[Am. Countercl. ¶¶ 5–12, 20]. While perhaps embarrassing or unpleasant, these

allegations fall far short of "extreme and outrageous" conduct under Georgia law. *See* Racette, 318 Ga. App. at 179 (extreme conduct must be "atrocious" and "utterly intolerable"). In other cases, Georgia Courts have held that much more serious allegations of bad conduct fails to meet the requirement of "extreme conduct" necessary to support an IIED claim. [1]

### B.   Defendant Fails to Allege "Severe" Emotional Distress

Holmes offers only conclusory allegations that he suffered "embarrassment, anxiety, and financial loss." [Am. Countercl. ¶ 22]. These allegations are insufficient to plead severe emotional distress. Georgia courts require facts showing distress "so severe that no reasonable man could be expected to endure it." Johnson v. Savannah College of Art & Design, Inc., 218 Ga. App. 66, 67 (1995). Embarrassment, humiliation, or emotional upset does not suffice.

### 3.   Defendant's Defamation (Libel and Slander) (Count III) fails to state a claim and should be dismissed.

Holmes's defamation count (Count III) is legally insufficient and must be

---

[1] For example In Abdul–Malik v. AirTran Airways, Inc., 297 Ga. App. 852 (2009), the plaintiff, a former airport ramp agent, alleged that the defendants engaged in outrageous conduct by falsely accusing him of making a terroristic threat, fabricating evidence to support that accusation, and calling him a "terrorist" and a "liar" during an internal investigation meeting. The Court held that this conduct did not rise to the level of "extreme and outrageous" as defined by Georgia law that would support an IIED claim. Id.

dismissed for failure to state a claim under Georgia law. Specifically, the claim fails to allege (1) actionable defamatory statements of fact, (2) that the statements were false and unprivileged, (3) publication to a third party with the requisite fault, or (4) that the alleged statements are defamatory per se or caused special damages. As such, Count III does not meet the minimal pleading standard under Rule 8(a), let alone the heightened plausibility requirements of Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

To state a claim for defamation in Georgia, a party must plead:

- A false and defamatory statement concerning the plaintiff;
- An unprivileged communication to a third party;
- Fault by the defendant amounting at least to negligence; and
- Special harm or the actionability of the statement irrespective of special harm (i.e., defamation per se).

See Am. Civil Liberties Union v. Zeh, 312 Ga. 647, 650 (2021); *O.C.G.A. §§ 51-5-1 to 51-5-11*. For libel specifically, the defamatory statement must appear in "print, writing, pictures, or signs." O.C.G.A. § 51-5-1(a). To be actionable, the statement must be both false and malicious, and either defamatory per se or cause special damages. See Dellinger-Allen v. O'Brien, 355 Ga. App. 811, 814–15 (2020).

### A.   *Count III fails to identify any actionable statement of fact*

Holmes's defamation claim rests primarily on two general assertions:

1. That Soto posted a photo of him online with the caption "If you see this man, run"; and

2. That she communicated "false statements" to his wife and sister-in-law (Am. Countercl. ¶¶ 24–25).

These alleged statements are not actionable under Georgia law for several reasons:

"If you see this man, run" is nonactionable opinion or rhetorical hyperbole. The test for libel is whether the statement, "in context, could reasonably be understood as describing actual facts about the plaintiff." Smith v. Stewart, 291 Ga. App. 86, 660 S.E.2d 822 (2008). Courts have repeatedly held that rhetorical statements, hyperbole, and opinion—even if harsh—are not defamatory as a matter of law. See Bryant v. Cox Enters., Inc., 311 Ga. App. 230, 232 (2011). A generalized warning to "run" from someone is vague, lacks factual content, and cannot be proven true or false.

### B. The Counterclaim does not plead what specific false factual statements were made to others.

Holmes vaguely alleges that Soto communicated "false statements" to his family and others but does not identify what was said, when, or how it was false. Georgia law requires that the alleged defamatory statements be set forth "explicitly and with specificity." See Mathis v. Cannon, 276 Ga. 16, 20-21 (2002). This

failure alone warrants dismissal.

### C. The Counterclaim fails to allege defamation per se or special damages.

To plead a claim for defamation that is not per se, a plaintiff must allege special damages—i.e., "specific monetary loss attributable to the publication." Zarach v. Atlanta Claims Ass'n, 231 Ga. App. 685, 689, 500 S.E.2d 1, 5 (1998); *See also,* Neff v. McGee, 346 Ga. App. 522, 529 (2018).  Holmes claims he suffered reputational harm and lost employment, but fails to plead any factual basis for causation, such as who saw the statements, how they impacted his employment, or any quantifiable damage.

Additionally, Georgia law does not treat the vague statements alleged here as defamation per se. Defamation per se includes accusations of a crime, professional incompetence, or statements tending to subject the plaintiff to public contempt. *See* Empire South Realty Advisors, LLC v. Younan, 366 Ga. App. 795, 797 (2023). The alleged "run" statement does not meet this threshold.

### D. The Statements are protected under the First Amendment

Even if the statements alleged in Count III were otherwise actionable under Georgia defamation law (they are not), the First Amendment to the United States Constitution independently bars liability.  Both the U.S. Supreme Court and

Georgia courts have long recognized that speech involving matters of public concern or expressions of opinion are protected from defamation liability unless the plaintiff can meet a heightened standard—one Holmes does not even attempt to meet.

The only statement in the Amended Counterclaim even arguably identified is that Soto posted Holmes's photo with the comment: "If you see this man, run." (Am. Countercl. ¶ 24.) This is precisely the type of nonfactual, rhetorical hyperbole that courts regularly hold immune from defamation suits under the First Amendment.

In <u>Horsley v. Rivera</u>, 292 F.3d 695 (11th Cir. 2002), the Eleventh Circuit held that calling someone an "accomplice to murder" during a heated public debate about abortion was rhetorical hyperbole. In <u>Old Dominion Branch No. 496 v. Austin</u>, 418 U.S. 264, 285 (1974), the Court found that the term "scab" was not actionable because it was used in a "loose, figurative sense.".

A vague, emotional warning to "run" from someone is the kind of subjective expression of opinion that lacks verifiable factual content. *See* <u>Bryant v. Cox Enters., Inc.</u>, 311 Ga. App. 230, 232 (2011) ("The First Amendment protects the right to speak in such figurative and hyperbolic language."). The use of such language may be unpleasant or even embarrassing, but it is not actionable under

the law.

**4.    Defendant's "Abuse of Process" claim (Count IV) fails to state a claim and should be dismissed.**

Holmes attempts to assert a tort claim for "abuse of process" based on Plaintiff's use of judicial proceedings, including the filing of a protective order and criminal complaint.  However, Georgia law expressly preempts common law torts like abuse of process and replaces them with a narrow statutory cause of action for abusive litigation.  Because Holmes does not allege compliance with the statutory requirements—most notably the condition precedent of written notice under O.C.G.A. § 51-7-84(a)—Count IV fails as a matter of law and must be dismissed.

**A.    *Georgia Law Preempts Common Law Claims for Abuse of Process or Abusive Litigation.***

O.C.G.A. § 51-7-85 provides that: "This article shall be the exclusive remedy for abusive litigation. No claim for the tort of malicious use of process, malicious abuse of process, or abusive litigation shall be asserted except under this article or as otherwise provided by statute." Id.  The General Assembly has abolished all common law causes of action for abusive litigation, malicious use of

process, or abuse of process. *See* <u>Sevostiyanova v. Tempest Recovery Servs., Inc.</u>, 307 Ga. App. 868, 870, 705 S.E.2d 878 (2011) (noting that "the exclusive remedy" for abusive litigation is the statutory scheme, which must be strictly construed); <u>Land v. Boone</u>, 265 Ga. App. 551, 594 S.E.2d 741 (2004) (reversed on other grounds). Count IV does not plead a claim under the statute, nor does it assert any compliance with the statutory prerequisites. Accordingly, it must be dismissed.

### B. *Holmes Fails to Allege Compliance with the Mandatory Pre-Suit Notice Provision of O.C.G.A. § 51-7-84(a).*

Even if Count IV were construed as an attempt to assert a claim under Georgia's abusive litigation statute, it still fails as a matter of law because Holmes did not provide the required statutory notice. *O.C.G.A. § 51-7-84(a)* provides that: "A claim for abusive litigation shall not be brought against a party unless the party alleging abusive litigation provides written notice to the party or parties alleged to have engaged in abusive litigation, specifying the conduct alleged to constitute abusive litigation and giving such party or parties a reasonable opportunity to voluntarily discontinue the conduct." This notice requirement is a mandatory condition precedent to filing a claim. <u>Id.</u> As the Court held in <u>Sevostiyanova</u>: "OCGA § 51–7–84(a) specifically requires notice to the opposing party as a condition precedent to any claim for abusive litigation, so that the party will have

the opportunity to voluntarily discontinue the proceeding at issue. It is undisputed that Sevostiyanova did not provide Tempest with the requisite advance notice of her abusive litigation claim." 307 Ga. App. at 870 (affirming dismissal). Holmes does not allege that he provided any advance notice of his intent to assert an abusive litigation claim against Soto. That omission is fatal. Count IV must be dismissed on this ground alone.

### C. Holmes Fails to Plead the Elements Required by O.C.G.A. § 51-7-81

Finally, a claim for abusive litigation requires proof that the opposing party (1) acted with malice, and (2) without substantial justification in initiating, continuing, or procuring civil or criminal proceedings. See O.C.G.A. § 51-7-81; Nairon v. Land, 242 Ga. App. 259, 261, 529 S.E.2d 390 (2000). Holmes's allegations are vague and conclusory, asserting that Soto acted with an "ulterior motive" or to "harass and destroy" him. These are insufficient to satisfy the strict statutory standard, which requires a showing that Soto's conduct lacked any arguable legal basis and was motivated solely by malice.

## IV. CONCLUSION

For the reasons stated above, Plaintiff requests that this Court dismiss

Counts I- IV of Defendant Wendell Holmes Jr.'s Amended Counterclaim [Doc. 49] because all four counts fail to state a claim to relief pursuant to FED. R. CIV. P. 12(b)(6).

Respectfully submitted, this 17th day of April, 2024.

/s/ Joseph W. Weeks<br>
Joseph W. Weeks<br>
Attorney for Plaintiff<br>
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave.
Suite 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

## **LR 7.1(D) NDGa. CERTIFICATE**

I, Joseph W. Weeks, hereby certify that the foregoing PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM AND BRIEF IN SUPPORT has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

This 17th day of April, 2025.

**McNally Weeks**

/s/ Joseph W. Weeks
Joseph W. Weeks

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that true and correct copies of the within and foregoing PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM AND BRIEF IN SUPPORT have been served upon the Defendant via email and/or First Class Mail at Defendant's last known mailing address and/or email address, as follows:

Wendell Holmes, Jr.
5934 Rosie Lane, SE
Mableton, GA 30126
wendellholmesjr@gmail.com

This 17th day of April, 2024.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)