IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: 1:24-cv-02911-SDG

# PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS IN DISPUTE

Plaintiff Natalie Soto respectfully submits the following response to Defendant Wendell Holmes, Jr.'s Statement of Material Facts in Dispute (Doc. 46) pursuant to Local Rule 56.1:

1. *Defendant denies knowingly or intentionally disclosing any "intimate image" of Plaintiff as defined under 15 U.S.C. § 6851(a)(3).*

**RESPONSE: Denied**. Defendant has admitted in his "Motion to Amend Deposition Testimony" (Doc. 31) that he did, in fact, disclose nude images of Plaintiff to third party Dawn Douglas via Facebook Messenger. See Plf's SOMF ¶¶ 11–12.

2. *While the Plaintiff voluntarily sent provocative content to the Defendant during the course of their relationship, the Defendant did not reciprocate in kind and did not solicit such images. The nature of the communication was initiated by Plaintiff, and the Defendant did not engage in a pattern of exchanging explicit content.*

**RESPONSE: Admitted in part, denied in part**. Plaintiff admits that she voluntarily shared one nude photo with Defendant in November 2023. See Soto Aff. ¶ 4. However, Defendant's characterization of the communication is self-serving and irrelevant to the issue of unlawful disclosure under 15 U.S.C. § 6851.

3. *The alleged image sent to Dawn Douglas was not shared for the purpose of harassment, harm, or distribution, and was taken out of context in the Plaintiff's allegations.*

**RESPONSE: Denied**. Defendant threatened to disclose Plaintiff's nude image unless she met his demands. The next day, he disclosed it to Ms. Douglas. See Soto Aff. ¶¶ 18–20; Douglas Aff. ¶¶ 13–14; Plf's SOMF ¶¶ 4–6.

4. *The disclosure alleged by Plaintiff, if it occurred, was not made via means*

*of interstate commerce with the intent to harm, harass, intimidate, or threaten.*

**RESPONSE: Denied.** Defendant used Facebook Messenger and/or cellular networks to transmit the nude image across state and/or network lines, satisfying the jurisdictional element of the statute. See Soto Aff. ¶ 19; Douglas Aff. ¶ 14; Plf's SOMF ¶ 6.

5. *Plaintiff had resumed contact with Defendant after several weeks of no communication, during which she made threats and demanded financial payments, as shown in Defendant's declaration.*

**RESPONSE: Denied as unsupported and immaterial.** Defendant has offered no admissible evidence that Plaintiff made threats or demanded payments. During his deposition Defendant himself claimed that any payments from Plaintiff were unsolicited gifts. See Holmes Dep. at 28:3–29:25.

6. *Plaintiff's emotional and financial distress claims are contradicted by her own social media activity, which Defendant intends to present at trial.*

**RESPONSE: Denied as unsupported and immaterial**. Plaintiff's social media activity has no bearing on Defendant's unlawful disclosure of her nude image.

Plaintiff's emotional harm is corroborated by the context and timing of Defendant's threats and actions. See Soto Aff. ¶¶ 18–20.

7. *Defendant has suffered real and documented harm, including job loss and arrest, based on Plaintiff's false allegations and public campaign to damage his reputation.*

**RESPONSE: Denied.** Defendant's arrest history is unrelated to this case. Moreover, he has admitted to disclosing Plaintiff's nude image and making threatening statements. See Holmes Dep. at 53:22–54:6; Plf's SOMF ¶¶ 4–6, 11–12.

8. *Plaintiff's Affidavit, the Affidavit of Dawn Douglas, and the cited deposition testimony contain factual inaccuracies and omissions that require cross-examination before a jury.*

**RESPONSE: Denied as conclusory and untrue**. Defendant has failed to identify any specific inaccuracy or omission. The Affidavits of Soto and Douglas are sworn under penalty of perjury and corroborate each other. See Soto Aff. ¶¶ 18–20; Douglas Aff. ¶¶ 13–15.

9.  *Defendant asserts that the Plaintiff's claims are retaliatory in nature and omit crucial context and communications leading up to the alleged disclosure.*

**RESPONSE: Denied**. Plaintiff's claims arise from Defendant's unlawful conduct under federal law and are supported by testimony and documentary evidence. See Plf's SOMF ¶¶ 1–13.

10. Genuine issues of material fact remain regarding Plaintiff's consent, the nature and context of any alleged image shared, the Defendant's intent, and the extent of Plaintiff's alleged harm.

**RESPONSE: Denied**. No genuine dispute exists. Plaintiff did not consent to the disclosure of her nude image. Defendant admitted in court filings that he lied under oath and that he did disclose the image. See Plf's SOMF ¶¶ 9–12; Soto Aff. ¶¶ 19–20.

Respectfully submitted, this 18th day of April, 2024.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave.
Suite 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

## **LR 7.1(D) NDGa. CERTIFICATE**

I, Joseph W. Weeks, hereby certify that the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS IN DISPUTE has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

This 18th day of April, 2025.

**McNally Weeks**

/s/ Joseph W. Weeks
Joseph W. Weeks

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that true and correct copies of the within and foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS IN DISPUTE have been served upon the Defendant via email and/or First Class Mail at Defendant's last known mailing address and/or email address, as follows:

Wendell Holmes, Jr.
5934 Rosie Lane, SE
Mableton, GA 30126
wendellholmesjr@gmail.com

This 18th day of April, 2024.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)