FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 21 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

Plaintiff,

v.

WENDELL HOLMES, JR.,

Defendant.

Civil Action No. 1:24-cv-02911-SDG

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. Introduction

Defendant Wendell Holmes, Jr. respectfully submits this response in opposition to Plaintiff Natalie Soto's Motion for Summary Judgment. The Plaintiff has not demonstrated the absence of genuine disputes of material fact, and therefore, summary judgment is inappropriate.

### II. Statement of Material Facts in Dispute

1. Consent and Context of Communications: The Plaintiff and Defendant engaged in a consensual relationship during which explicit photographs were exchanged. The Plaintiff's characterization of these communications lacks context and misrepresents the nature of their interactions.

2. Plaintiff's Public Facebook Post: The Plaintiff made a public Facebook post about the Defendant, which has remained visible for approximately 14 months. This post has been seen by the Defendant's wife's coworkers, musicians, peers, family members, and others, causing significant reputational harm and emotional distress.

3. Emotional Distress and Financial Impact: As a result of the Plaintiff's actions, the Defendant has suffered emotional distress, leading to the acquisition of a dog for emotional support. Additionally, the Defendant has faced financial hardship, including job loss and associated expenses.

4. Plaintiff Reinitiated Contact After Weeks of Silence, Demanding Money and Making Threats: After nearly two months of no communication, the Plaintiff unexpectedly resumed contact with the Defendant by demanding $900 for surgery related to her dog, "Bob." When the Defendant did not comply, the Plaintiff escalated the matter by directly messaging the Defendant's wife and demanding $1,700—nearly double the original amount. Although the original text messages are no longer in the Defendant's possession, the Defendant possesses screenshots of the message sent to his wife. These facts support the Defendant's claim that the Plaintiff reinitiated contact in a manner consistent with blackmail, which triggered the Defendant's heated response. The Plaintiff's narrative that the Defendant contacted her unprovoked is implausible when viewed in context.

5. Improper Motive for Civil Suit: Additionally, as reflected in the video evidence introduced by Plaintiff's attorney during the Defendant's deposition, the Plaintiff did not express any emotional or financial distress. Instead, she stated she was pursuing this matter because "he committed a crime." This directly undermines Plaintiff's claims for damages based on emotional or reputational harm, and further supports the Defendant's position that this civil action is being used improperly to punish or retaliate rather than to seek legitimate redress for harm.

### III. Legal Argument

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only when there is no genuine dispute as to any material fact. The Plaintiff has not met this burden.

Furthermore, under Georgia law, defamation encompasses both libel (written statements) and slander (spoken statements). Libel is defined as a false and malicious defamation of another, expressed in print or writing, tending to injure the reputation of the person and exposing them to public hatred, contempt, or ridicule. This includes statements made on social media platforms like Facebook.

Moreover, the Plaintiff's claim that the Defendant initiated contact after a long silence lacks credibility. It is far more plausible, based on the timeline and accompanying screenshots of the Plaintiff's message to the Defendant's wife, that she first contacted the Defendant demanding $900. The subsequent contact with his wife demanding $1,700 further undermines her narrative and supports Defendant's assertion that he was responding under emotional duress and pressure, not acting with malicious intent.

## IV. Conclusion

Given the genuine disputes of material fact and the Plaintiff's failure to demonstrate entitlement to judgment as a matter of law, the Defendant respectfully requests that the Court deny the Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

*[signature]*

Wendell Holmes, Jr.

Defendant, pro se

5934 Rosie LN SE

Mableton, GA 30126

(404) 664-2943


## CERTIFICATE OF SERVICE

I hereby certify that on 21st of April 2025 I served a copy of this Response in Opposition to Plaintiff's Motion for Summary Judgment to all parties of record via email.

*[signature]*

Wendell Holmes Jr.