FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 21 2025

KEVIN P. WEIMER, Clerk
By: _____ uty Clerk

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

Plaintiff,

v.

WENDELL HOLMES, JR.,

Defendant.

Civil Action File No. 1:24-cv-02911-SDG

Document 48

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO STATEMENT OF MATERIAL FACTS IN DISPUTE

Pursuant to Local Rule 56.1, Defendant Wendell Holmes, Jr. respectfully submits this Reply to Plaintiff's Response to Defendant's Statement of Material Facts in Dispute (Doc. 47):

1. Plaintiff denies Defendant's intent behind the alleged disclosure.

Reply: Defendant reiterates that the image was shared in a private conversation with a third party (Dawn Douglas) under emotional distress and solely in response to Plaintiff's ongoing public posts attacking Defendant and his family. The image was never posted publicly, never distributed broadly, and no further sharing occurred. There was no intent to harass, intimidate, or harm.

2. Plaintiff disputes the nature of communications between the parties.

Reply: Defendant maintains that Plaintiff voluntarily initiated the exchange of explicit content during their relationship. Plaintiff's partial admission in her affidavit supports this. The Defendant's lack of reciprocation or solicitation remains undisputed.

3. Plaintiff claims the disclosure was retaliatory.

Reply: Defendant acknowledges the message threatening to disclose the image was made in anger, but it was in direct response to Plaintiff's defamatory social media posts targeting Defendant and his wife. The limited and private disclosure to one individual was not done for humiliation, but to pressure the removal of harmful public content.

4. Plaintiff claims the disclosure involved interstate communication with harmful intent.

Reply: While Facebook Messenger may qualify as an instrumentality of interstate commerce, Defendant disputes the required element of "intent to harass, intimidate, or threaten." The context and emotional state under which the disclosure occurred preclude a finding of malicious intent as a matter of law.

5. Plaintiff denies contacting Defendant first or demanding payment.

Reply: Plaintiff has not denied sending messages to Defendant's wife demanding $1,700 for her dog's surgery. Defendant asserts that this supports his prior statement that Plaintiff reinitiated contact to demand money and made threats to contact Defendant's wife if her demands were not met. Plaintiff's failure to deny these allegations and the absence of contradictory evidence leaves these facts in genuine dispute.

6. Plaintiff disputes the relevance of her social media activity.

Reply: Defendant will introduce screenshots and videos from Plaintiff's public social media that contradict her claimed emotional and financial distress. Plaintiff's consistent and upbeat online presence following the alleged events is relevant to her damage claims and credibility.

7. Plaintiff disputes Defendant's harm.

Reply: Defendant suffered job loss, arrest, reputational harm, and emotional trauma directly connected to the allegations made by Plaintiff. Plaintiff's campaign included public Facebook posts naming Defendant, contacting his wife, and calling police to his workplace during a livestream. The Plaintiff's attempt to downplay this ignores significant factual disputes.

8. Plaintiff claims her affidavits are accurate and corroborated.

Reply: Defendant disputes the truthfulness and completeness of the affidavits submitted by Plaintiff and Ms. Douglas. Only a jury can assess their credibility. Defendant maintains these statements omit key facts, including Plaintiff's role in provoking contact and the mutual hostility that followed.

9. Plaintiff denies retaliatory motives.

Reply: Defendant contends that Plaintiff's filing of this lawsuit followed threats she made after Defendant blocked her, demanded money, and exposed falsehoods on social media. The timing and sequence of events support Defendant's position that the lawsuit is retaliatory and meant to punish, not to redress genuine harm.

10. Plaintiff claims no genuine dispute exists.

Reply: Numerous genuine disputes exist, including the intent behind Defendant's message, the credibility of Plaintiff's harm claims, whether consent was implied by the nature of the relationship, and the full context of post-relationship communication. These cannot be resolved without a trial.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Defendant's Reply to Plaintiff's Response to Statement of Material Facts in Dispute by delivering a copy to all counsel of record via the Court's CM/ECF electronic filing system, via email.

This 21st day of April, 2025.

Respectfully submitted,

*/s/ Wendell Holmes Jr.*

Wendell Holmes Jr. Pro Se
5934 Rosie LN SE
Mableton, GA 30126
(404) 664-2943
Wendellholmesjr@gmail.com