FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 21 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**Exhibit A**

**Defendant's Motion for Summary Judgment**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

Plaintiff,

v.

WENDELL HOLMES, JR.,

Defendant.

Civil Action No. 1:24-cv-02911-SDG

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Wendell Holmes, Jr., respectfully moves this Court to enter summary judgment in his favor on all claims brought by Plaintiff Natalie Soto, and on Defendant's Counterclaims. There are no genuine disputes as to any material fact, and the Defendant is entitled to judgment as a matter of law. In support thereof, the Defendant states the following:

### I. INTRODUCTION

This case arises from a private relationship between two consenting adults that ended poorly and resulted in retaliatory legal action. The Plaintiff has failed to establish essential elements of her claims under 15 U.S.C. § 6851 and related Georgia law. Furthermore, the Defendant has presented uncontroverted evidence of reputational harm, emotional distress, and financial loss directly caused by Plaintiff's conduct, including defamatory Facebook posts and baseless criminal accusations.

### II. STATEMENT OF UNDISPUTED FACTS

1. Plaintiff and Defendant engaged in a voluntary, intimate relationship during which the Plaintiff sent the Defendant a nude photo in November 2023.

2. Plaintiff publicly posted a defamatory statement on Facebook about the Defendant, visible to thousands, including the Defendant's wife, coworkers, church members, and professional contacts.

3. Defendant was arrested and subsequently terminated from his job at Pleasant Grove Missionary Baptist Church following this public defamation, causing severe financial hardship.

4. The Plaintiff contacted the Defendant's wife on Facebook messenger in February 2024, demanding $1700 and asserting that the Defendant owed her that sum; previously she had asked the defendant directly for $900 purportedly to cover her dog Bob surgery.

5. The Defendant did share the image in question with a third party, Dawn Douglas, but only after the Plaintiff made the Facebook post and refused to remove it. This was a reactive and private communication—not an act of malicious or public distribution.

6. Defendant has since acquired a therapy dog to help cope with the emotional toll of the Plaintiff's campaign against him, and he continues to suffer reputational damage and social stigma as a result of the Plaintiff's online and legal attacks.

### III. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

### IV. ARGUMENT

A.   Plaintiff's Claims Under 15 U.S.C. § 6851 Fail as a Matter of Law

The Plaintiff cannot prove that the Defendant distributed her image with the requisite intent to harass, intimidate, or threaten as defined by the statute. A one time private message sent to a third party does not meet the elements required under 15 U.S.C. § 6851.

B.   Plaintiff's Defamation and Emotional Distress Claims Are Barred by the First Amendment and Lack Proof of Falsity or Malice

Plaintiff's Facebook post was a public attack on the Defendant's character and cannot form the basis of a valid claim when it was opinion based, unprovoked, and inconsistent with her own public conduct.

C.   Defendant's Counterclaims Are Supported by the Record

The Defendant's counterclaims for defamation, malicious prosecution, and intentional infliction of emotional distress are supported by documented evidence of harm. Plaintiff's actions have caused actual damage to Defendant's livelihood, marriage, and reputation.

### V. CONCLUSION

There is no genuine issue of material fact, and the Defendant is entitled to judgment as a matter of law on both the Plaintiff's claims and his own counterclaims. Therefore, Defendant respectfully requests that this Court:

1. Grant summary judgment in favor of Defendant on all claims in Plaintiff's Complaint;

2. Grant summary judgment in favor of Defendant on his Counterclaims; and

3. Award such other relief as the Court deems just and proper.

Respectfully submitted,

*(signature)*

Wendell Holmes, Jr.

Defendant, pro se

5934 Rosie LN SE

Mableton, GA 30126

(404) 664 2943


## Declaration of Wendell Holmes, Jr.

I, Wendell Holmes, Jr., hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements in Exhibit A are true and correct to the best of my knowledge and belief.

Executed this 21st day of April, 2025, in Mableton, Georgia.

*(signature)*

Wendell Holmes, Jr.