FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 21 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

Plaintiff,

v.

WENDELL HOLMES, JR.,

Defendant.

Civil Action No.: **1:24-cv-02911-SDG**

## DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, Wendell Holmes, Jr., pro se, and respectfully moves this Honorable Court for leave to file a Sur-Reply to Plaintiff's Reply Brief in Support of Motion for Summary Judgment (Doc. 47), and shows the Court as follows:

1. Plaintiff's Reply Brief raises new arguments and factual assertions not previously addressed in her Motion for Summary Judgment, including claims related to Defendant's alleged "admissions," interpretation of the Defendant's deposition amendment, and allegations regarding Defendant's compliance with Local Rule 56.1.

2. Defendant respectfully asserts that a Sur-Reply is necessary to address and clarify these matters for the Court, including correcting mischaracterizations of the record, presenting context regarding the deposition amendment, and clarifying Defendant's compliance with Local Rule 56.1.

3. Sur-Replies are permitted at the discretion of the Court when a reply brief raises new arguments or evidence. Defendant respectfully requests this opportunity to ensure a full and fair presentation of the relevant facts and legal standards.

4. A proposed Sur-Reply is attached hereto as Exhibit A for the Court's consideration.

WHEREFORE, Defendant respectfully requests that this Court grant leave to file the attached Sur-Reply in opposition to Plaintiff's Motion for Summary Judgment.

Respectfully submitted this 21st day of April, 2025.

*[signature]*

Wendell Holmes, Jr.

Defendant, pro se

5934 Rosie LN SE

Mableton, GA 30126

(404) 664-2943

Wendellholmesjr@gmail.com

[EXHIBIT A]

DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Wendell Holmes, Jr., pro se, and respectfully submits this Sur-Reply in Opposition to Plaintiff's Motion for Summary Judgment, pursuant to the Court's discretion and in response to new arguments and assertions raised for the first time in Plaintiff's Reply Brief (Doc. 47). This Sur-Reply is necessary to clarify the record, correct mischaracterizations, and ensure a complete presentation of facts and legal standards.

## I. PLAINTIFF MISREPRESENTS THE NATURE OF DEFENDANT'S DEPOSITION AMENDMENT

Plaintiff contends that Defendant "admitted" to knowingly disclosing an intimate image. However, Defendant's Motion to Amend Deposition Testimony (Doc. 31) was made in good faith to ensure the record reflected the truth of images being sent during a time of emotional stress and confusion. This correction did not concede liability under 15 U.S.C. § 6851 and did not reflect intent to harm, knowing unlawfulness, or any lack of consent at the time.

Furthermore, Defendant maintains that this act occurred in the context of a private, emotionally charged dispute between adults, and the recipient was never instructed to share or publicize the image.

## II. PLAINTIFF'S ASSERTION OF CONSENT BEING "UNDISPUTED" IS INACCURATE

Plaintiff argues there was no "affirmative, conscious, and voluntary authorization." However, Defendant has presented evidence and context in his Response and Declaration (Doc. 45 and Exhibit D) that the image was previously shared consensually between the parties during an intimate relationship, and that the exchange in question occurred in the aftermath of Plaintiff's threats and harassment, not as an act of revenge or malice.

At minimum, this raises a factual question as to the nature of consent and the intent behind the disclosure, which is inappropriate for summary judgment.

## III. PLAINTIFF MISCHARACTERIZES DEFENDANT'S COMPLIANCE WITH LR 56.1

Defendant did respond to the key factual assertions made by Plaintiff and clearly stated which facts were in dispute, citing supporting explanations in his Statement of Material Facts in Dispute (Doc. 46) and Declaration. While Defendant, appearing pro se, may not have numbered his responses paragraph-by-paragraph in perfect alignment with Local Rule 56.1, courts afford

leniency to pro se litigants on formatting so long as the substance of factual disputes is clear. See Sanders v. United States, 113 F.3d 184 (11th Cir. 1997).

To deem all facts "admitted" solely on that basis would unjustly prejudice the Defendant and elevate form over substance.

## IV. CONCLUSION

Plaintiff's Reply contains factual mischaracterizations and legal conclusions that merit a response. There remain genuine disputes of material fact regarding intent, consent, context of disclosure, and damages. Defendant respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment and allow this case to proceed to trial.

Respectfully submitted this 21st day of April, 2025.

*/s/ Wendell Holmes, Jr.*

Wendell Holmes, Jr.

Defendant, pro se

5934 Rosie LN SE

Mableton, GA 30126

(404) 664-2943

Wendellholmesjr@gmail.com