IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: 1:24-cv-02911-SDG

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF DAWN DOUGLAS

COMES NOW Plaintiff Natalie Soto, by and through undersigned counsel, and respectfully submits this Response in Opposition to Defendant Wendell Holmes, Jr.'s Motion to Strike the Affidavit of Dawn Douglas [Doc. 47], and shows this Honorable Court the following:

### INTRODUCTION

Defendant's motion to strike the Affidavit of Dawn Douglas is procedurally improper and legally baseless. The motion is nothing more than an attempt to exclude highly probative evidence simply because it is unfavorable to him. Defendant fails to identify any valid legal basis under Rule 56(c)(4), the Federal Rules of Evidence, or Rule 12(f) that would justify striking Ms. Douglas's

affidavit. The affidavit is based entirely on Ms. Douglas's personal knowledge, contains admissible statements—including those attributable to Defendant himself. This Court should deny Defendant's motion in its entirety.

## ARGUMENT

### I. Defendant Has No Legal Basis to Strike the Affidavit Under Rule 12(f)

Federal Rule of Civil Procedure 12(f) allows a court to strike material from a "pleading." An affidavit in support of summary judgment is not a pleading. See Fed. R. Civ. P. 7(a) (defining "pleadings" as complaints, answers, etc.). Rule 12(f) cannot be used to strike an affidavit offered in support of a Motion for summary judgment.

### II. The Affidavit Is Based on Personal Knowledge and Is Admissible

Rule 56(c)(4) requires that an affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Ms. Douglas's affidavit easily meets this standard. She personally describes:

- Her use of a Facebook group where Plaintiff posted about Defendant;
- Direct messages and harassment she received from Defendant;
- Communications she had with Plaintiff regarding Defendant's

conduct;

- A nude image of Plaintiff that Defendant sent her without consent.

Each of these events happened directly to Ms. Douglas. Her testimony is based on personal experience and observation. Defendant's vague claims of "lack of foundation" and "speculation" are unsupported by any factual or legal authority and should be disregarded.

### III. The Affidavit Contains Non-Hearsay and Party Admissions Under Rule 801(d)(2)

The messages and images Ms. Douglas received from Defendant—including vulgar language and nude photos—are not hearsay. These are statements made by Defendant, offered against him. Such statements are explicitly excluded from the definition of hearsay. See Fed. R. Evid. 801(d)(2)(A). The affidavit describes firsthand communications initiated by Defendant, not secondhand rumors or speculative content.

### CONCLUSION

Defendant seeks to strike the affidavit of Dawn Douglas not because it violates any rule of evidence or procedure, but because it is damning. Ms. Douglas's testimony corroborates Plaintiff's claims, establishes Defendant's

harassment and unauthorized disclosure of intimate images. Defendant's motion lacks any legal merit and should be denied.

WHEREFORE, Plaintiff respectfully requests that this Court DENY Defendant's Motion to Strike the Affidavit of Dawn Douglas [Doc. 47] in its entirety.

Respectfully submitted, this 23rd day of April, 2024.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave.
Suite 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

## **LR 7.1(D) NDGa. CERTIFICATE**

I, Joseph W. Weeks, hereby certify that the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS IN DISPUTE has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

This 23rd day of April, 2025.

                                       **McNally Weeks**

                                       <u>/s/ Joseph W. Weeks</u>
                                       Joseph W. Weeks

**CERTIFICATE OF SERVICE**

The undersigned counsel of record hereby certifies that true and correct copies of the within and foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF DAWN DOUGLAS** have been served upon the Defendant via email and/or First Class Mail at Defendant's last known mailing address and/or email address, as follows:

>Wendell Holmes, Jr.
>5934 Rosie Lane, SE
>Mableton, GA 30126
>wendellholmesjr@gmail.com

This 23rd day of April, 2024.

>/s/ Joseph W. Weeks
>Joseph W. Weeks
>Attorney for Plaintiff
>Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)