IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: 1:24-cv-02911-SDG

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM

Plaintiff Natalie Soto submits this Reply Brief in further support of her Motion to Dismiss Defendant Wendell Holmes Jr.'s Amended Counterclaim (Doc. 52) and in response to Defendant's Opposition (Doc. 53). Defendant's Opposition fails to address the pleading defects identified in Plaintiff's Motion and misstates key legal standards. The Court should dismiss the Amended Counterclaim in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

### I. INTRODUCTION

Defendant's Response (Doc. 53), like his amended Complaint, contains no meaningful factual allegations—only threadbare legal conclusions. Defendant's Opposition misrepresents the content of his own pleading and the applicable legal

standards.  His amended Counterclaim should be dismissed in its entirety.

## II. MALICIOUS PROSECUTION (COUNT I) STILL FAILS

Defendant does not (and cannot) allege any facts showing termination of the underlying criminal charges in his favor, initiation of those charges under valid legal process, or specific facts showing a lack of probable cause.   Assertions that Plaintiff acted "maliciously," "without justification," or for "retaliatory purposes" are simply labels and conclusions, not facts. Under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), such conclusory statements are not entitled to the assumption of truth and are insufficient to survive a motion to dismiss.  Count I (Malicious Prosecution) should be dismissed .

***A.   Defendant does not allege in his pleading that the criminal charges were resolved in his favor***.

Defendant does not and cannot allege that the criminal charges were resolved in his favor—because they were not. The charges remain pending.  This alone defeats his malicious prosecution claim as a matter of law.  Favorable termination is an essential element of malicious prosecution under Georgia law. *See* Wal-Mart Stores, Inc. v. Blackford, 264 Ga. 612, 613 (1994); *O.C.G.A. § 51-7-41*.  A dismissed civil protective order (Am. Countercl. ¶ 8) is not a substitute for favorable resolution of a criminal proceeding.

**B.     *Defendant does not allege in his pleading that Plaintiff initiated the criminal prosecution under valid legal process*.**

Defendant fails to allege that Plaintiff initiated the criminal prosecution under valid legal process, such as a warrant or formal accusation. This omissions are fatal under Peterson v. Banker, 316 Ga. App. 571, 574 (2012), and Chen v. Tai, 232 Ga. App. 595, 598 (1998). The claim should be dismissed with prejudice.

**C.     *Defendant does not allege in his pleading that Plaintiff made any specific false statements to law enforcement or withheld exculpatory facts or that she knowingly made false statements to law enforcement***

Defendant's Opposition fails to address a central defect in his malicious prosecution claim: he does not allege that Plaintiff made any specific false statements to law enforcement or withheld exculpatory facts. Instead, Defendant merely recites conclusory phrases such as "without probable cause" and "with malice." (Am. Countercl. ¶¶ 15–17). These are not factual allegations—they are legal conclusions dressed up as pleading. Under well-settled Georgia law, to state a claim for malicious prosecution, a plaintiff must allege that the defendant procured the criminal prosecution by knowingly supplying false information or concealing material facts. See Willis v. Brassell, 220 Ga. App. 348, 353, 469

S.E.2d 733 (1996); Wolf Camera, Inc. v. Royter, 253 Ga. App. 254 (2002). Absent allegations of specific misconduct that induced law enforcement to act, there can be no inference of malice or want of probable cause. Defendant's failure to plead these basic facts dooms Count I.

## II. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT II) STILL FAILS

The alleged conduct is not "extreme or outrageous" as a matter of law and Defendant fails to allege "severe" emotional distress. Count II (Intentional Infliction of Emotional Distress) should be dismissed .

### A.   *The alleged conduct is not "extreme or outrageous" as a matter of law*

The conduct Defendant describes—being arrested at church, a captioned photo, and allegations of harassment—does not rise to the level of "extreme and outrageous" conduct required by Georgia law. These allegations, even accepted as true, fall well short of the "atrocious" and "utterly intolerable" conduct necessary to sustain a claim. See Racette v. Bank of America, 318 Ga. App. 171, 179 (2012).

### B.   *Defendant fails to allege any facts that support a claim of "severe" emotional distress*

Additionally, Defendant's conclusory claims of "severe emotional distress" are insufficient. He offers no factual allegations showing distress "so severe that no reasonable person could be expected to endure it." <u>Johnson v. Savannah College of Art & Design, Inc</u>., 218 Ga. App. 66, 67 (1995).

### III. DEFAMATION (COUNT III) REMAINS LEGALLY INSUFFICIENT

Defendant relies on the statement "If you see this man, run" as the core of his defamation claim. This is classic rhetorical hyperbole, not an actionable false statement of fact. <u>Bryant v. Cox Enters., Inc</u>., 311 Ga. App. 230, 232 (2011); <u>Smith v. Stewart</u>, 291 Ga. App. 86 (2008). Defendant cannot transform an opinion into a defamatory statement by asserting harm.

His remaining allegations vaguely refer to "false statements" made to family members without specifying what was said, how it was false, or when it was communicated. Georgia law requires defamatory statements to be pled with specificity. <u>Mathis v. Cannon</u>, 276 Ga. 16, 20–21 (2002). This failure alone is fatal. Count III (Defamation) should be dismissed.

### IV. ABUSE OF PROCESS (COUNT IV) IS BARRED BY STATUTE

Defendant attempts to recast his "abuse of process" claim under O.C.G.A. §

51-7-80 et seq., but he fails to allege the mandatory pre-suit written notice required by § 51-7-84(a). This is a strict condition precedent to bringing such a claim. See <u>Sevostiyanova v. Tempest Recovery Servs., Inc</u>., 307 Ga. App. 868, 870 (2011).

Even if he had provided notice (he did not), the claim would still fail because he does not plead facts showing that Plaintiff acted without substantial justification or with malice, as required under § 51-7-81. Conclusory references to "retaliation" are not enough. Count IV (Abuse of Process) should be dismissed

## V. CONCLUSION

Defendant's Response in Opposition confirms that his Amended Counterclaim is grounded in conclusory allegations, unsupported legal theories, and vague factual assertions. None of the four counts meets the plausibility standard required under <u>Twombly</u> and <u>Iqbal</u>. Accordingly, the Court should GRANT Plaintiff's Motion to Dismiss (Doc. 52) and dismiss Counts I–IV of Defendant's Amended Counterclaim with prejudice.

Respectfully submitted, this 24th day of April, 2024.

/s/ Joseph W. Weeks<br>
Joseph W. Weeks<br>
Attorney for Plaintiff

                                            Georgia Bar No. 912341

McNALLY WEEKS  
125 Clairemont Ave.  
Suite 450  
Decatur, GA 30030  
404-373-3131 (phone)  
404-373-7286 (facsimile)

## LR 7.1(D) NDGa. CERTIFICATE

I, Joseph W. Weeks, hereby certify that the foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

This 24th day of April, 2025.

**McNally Weeks**

/s/ Joseph W. Weeks
Joseph W. Weeks

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that true and correct copies of the within and foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM have been served upon the Defendant via email and/or First Class Mail at Defendant's last known mailing address and/or email address, as follows:

Wendell Holmes, Jr.
5934 Rosie Lane, SE
Mableton, GA 30126
wendellholmesjr@gmail.com


This 24th day of April, 2024.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)