IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

      Plaintiff,                            Civil Action
                                         File No.: 1:24-cv-02911-SDG

v.

WENDELL HOLMES, JR.,

      Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

      COMES NOW Plaintiff Natalie Soto and respectfully submits this Response

in Opposition to Defendant Wendell Holmes, Jr.'s Motion for Summary Judgment

[Doc. 57], showing the Court as follows:

**I. INTRODUCTION**

      Defendant's Motion for Summary Judgment violates Local Rule 56.1 of the

Northern District of Georgia, which mandates the filing of a separate, numbered

Statement of Undisputed Material Facts supported by specific citations to

evidence.  Defendant has not submitted any compliant Statement of Material

Facts, has not cited admissible evidence in support of his assertions, and has not

filed required exhibits.  As a result, Defendant's alleged "facts" should be disregarded, and his Motion denied on procedural grounds alone.

Substantively, Defendant fails to show any entitlement to judgment as a matter of law.  Defendant's arguments are based on misstatements of law, conclusory assertions, and facts that are either disputed or unsupported.  Plaintiff has presented clear evidence that Defendant disclosed intimate images of Plaintiff without her consent, using means of interstate commerce, in violation of 15 U.S.C. § 6851.  See Plaintiff's Motion for Summary Judge [Doc 42].  Defendant's counterclaims are equally meritless and have already been challenged through Plaintiff's pending Motion to Dismiss [Doc. 52].

Defendant's Motion for Summary Judgment should be denied.

## II. DEFENDANT'S MOTION MUST BE DENIED FOR FAILURE TO COMPLY WITH LOCAL RULE 56.1

Local Rule 56.1 requires that every motion for summary judgment include:

-        A separate, numbered Statement of Material Facts,

-        Supported by specific citations to admissible evidence, such as

         affidavits, deposition excerpts, or authenticated documents.

Defendant's Motion [Doc. 57] and its attachment [Doc. 57-1] are essentially identical.  Both fail to comply with LR 56.1 in several key respects:

*A.*     *No Separate Statement of Material Facts*:

Defendant embeds six factual assertions within the body of his brief without

filing a separate, numbered document as required by LR 56.1(B)(1).

*B.*     *No Specific Citations to Evidence:*

Defendant's factual assertions are wholly unsupported by citations to

affidavits, depositions, or discovery materials. See LR 56.1(B)(1)(a)-(c).

*C.*     *Failure to Attach Exhibits:*

Defendant did not file affidavits, deposition excerpts, or authenticated

exhibits as separate documents, in violation of LR 56.1(C).

*D.*     *Improper Legal Conclusions as "Facts":*

Defendant improperly states legal conclusions within his factual narrative,

such as that Plaintiff's conduct was retaliatory, without evidentiary support.

Under LR 56.1(B)(2)(a)(2), facts not supported by proper citations must be

deemed inadmissible and disregarded. Defendant's Motion thus fails at the

threshold.  *See, e.g.*, <u>Reese v. Herbert</u>, 527 F.3d 1253, 1268 (11th Cir. 2008)

(District courts... must disregard any statement of fact not supported by a specific

citation to evidence.).

## III. DEFENDANT FAILS TO ESTABLISH ENTITLEMENT TO SUMMARY JUDGMENT

Even setting aside Defendant's procedural failures, the Motion should be denied on the merits.

### A.    Plaintiff's Claims Under 15 U.S.C. § 6851 Are Well-Supported

The undisputed evidence—including Defendant's own admissions—establishes each element of Plaintiff's claim under 15 U.S.C. § 6851:

### 1.    *Disclosure of an intimate image:*

Defendant has admitted that he disclosed Plaintiff's nude image to Dawn Douglas via Facebook Messenger. ([Doc. 31-1], Motion to Amend Deposition Testimony).

### 2.    *Without Consent:*

Plaintiff and Ms. Douglas both attest that Plaintiff never consented to this disclosure. ([Doc. 40], Soto Affidavit; [Doc. 41], Douglas Affidavit).  Defendant has offered no evidence that he had the consent of Plaintiff to disclose the image.

### 3.    *Interstate Commerce:*

Defendant used Facebook Messenger and a T-Mobile cellular device—both recognized by the Eleventh Circuit as instrumentalities of interstate commerce.

See United States v. McKinley, 647 F. App'x 957, 962 (11th Cir. 2016). [1]

### 4.     *Intent Irrelevant to Liability*:

Defendant's argument that he lacked an intent to "harass or intimidate" misunderstands the statute.  Intent to harm is not required under § 6851(a); only a disclosure without consent is required.

For a more thorough discussion of these issues, see Plaintiff's Motion for Summary Judgment [Doc 42], Statement of Material Facts [Doc 43], and Reply Brief [Doc 51].

### B.     Defendant's Excuses do not provide him with a legal defense and do not entitled him to summary judgment.

Defendant's claim that his disclosure was a "reactive and private communication" does not excuse liability under § 6851, which prohibits any non-consensual disclosure regardless of motive or scope of distribution.

Moreover, Defendant's First Amendment defense is legally irrelevant. The nonconsensual disclosure of intimate images in violation of federal law is not protected speech under the First Amendment.  "Since its enactment, the First Amendment has permitted restrictions on a few historic categories of

---

[1] "The e use of cell phones, even without evidence that the calls were routed through the interstate system, sufficiently satisfies the use of interstate commerce element of an offense."
United States v. McKinley, 647 F. App'x 957, 962 (11th Cir. 2016)

speech—including obscenity, defamation, fraud, incitement, and speech integral to criminal conduct—that have never been thought to raise any Constitutional problem," United States v. Stevens, 559 U.S. 460, 460, 130 S. Ct. 1577, 1580, 176 L. Ed. 2d 435 (2010).

### C.    Defendant's Counterclaims Lack Merit

Defendant's counterclaims for defamation, malicious prosecution, and intentional infliction of emotional distress are defective as a matter of law, as set forth in Plaintiff's Motion to Dismiss [Doc. 52] and Reply [Doc. 60].  These counts should be dismissed as a matter of law.   However, if they somehow were to survive the pending Motion to Dismiss would not warrant summary judgment.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court disregard Defendant's improper purported factual assertions pursuant to LR 56.1 and deny Defendant's Motion for Summary Judgment [Doc. 57] in its entirety.

Respectfully submitted this 25th day of April, 2025.


/s/ Joseph W. Weeks
Joseph W. Weeks

Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave.
Suite 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

## LR 7.1(D) NDGa. CERTIFICATE

I, Joseph W. Weeks, hereby certify that the foregoing PLAINTIFF'S

RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY

JUDGMENT has been prepared with one of the font and point selections approved

by the Court in LR 5.1, NDGa.

This 25th day of April, 2025.

**McNally Weeks**

/s/ Joseph W. Weeks
Joseph W. Weeks

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that true and correct

copies of the within and foregoing PLAINTIFF'S RESPONSE IN OPPOSITION

TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT have been served

upon the Defendant via email and/or First Class Mail at Defendant's last known

mailing address and/or email address, as follows:

Wendell Holmes, Jr.
5934 Rosie Lane, SE
Mableton, GA 30126
wendellholmesjr@gmail.com

This 25th day of April, 2024.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)