IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action No. 1:24-cv-02911-SDG.



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
APR 28 2025
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

### **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant Wendell Holmes, Jr., pro se, respectfully replies to Plaintiff's Response in Opposition (Doc. 62) and demonstrates that leave to file the proposed sur-reply (Doc. 55) is warranted under Local Rule 7.1(C) because new matters were first raised in Plaintiff's reply brief (Doc. 51).

## **I. INTRODUCTION**

Plaintiff contends no new arguments appeared in her reply (Doc. 51) and thus no sur-reply is permitted. In fact, Plaintiff's reply introduced two discrete, material matters that were never addressed in her opening brief (Doc. 42) or in her opposition to Defendant's summary-judgment motion (Doc. 45):

1. A novel statutory theory under 15 U.S.C. § 6851 regarding the scope of "intimate images" and its application to non-party recipients; and

2. A factual assertion that Defendant's April 21 filing (Doc. 55) improperly "re-litigated" issues already decided in the Court's prior order—an issue not mentioned until Doc. 51.

Defendant's proposed sur-reply directly addresses those new points. Without leave, he would be denied the opportunity to correct the record.

## II. LEGAL STANDARD

Local Rule 7.1(C) prohibits additional briefing "absent leave of court," but expressly permits sur-replies when "new matters" arise in a reply brief. See Hammett v. American Bankers Ins. Co., 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001) (sur-reply appropriate to address arguments first raised in reply). The Court's discretion "should be exercised in favor of allowing a sur-reply" when necessary to avoid prejudice. Byrom v. Delta Family Care, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004).

## III. ARGUMENT

A. Plaintiff's Reply Raised New Statutory and Factual Arguments

- Statutory theory under 15 U.S.C. § 6851 — Plaintiff's opening brief never cited or discussed § 6851. In her reply (Doc. 51 at 3–4), she relied on that statute to argue non-party sharing falls within its scope. Defendant's sur-reply (Doc. 55   3) demonstrates that § 6851's text and legislative history preclude its application to this fact pattern.

- Alleged "re-litigation" of prior order — Plaintiff first argued in Doc. 51 (pp. 5–6) that Doc. 55 improperly "re-litigates" issues the Court already decided. Defendant's sur-reply corrects that misstatement by citing the Court's order and showing that Doc. 55 addressed newly raised legal standards, not previously decided holdings.

Because these matters appeared first in Plaintiff's reply, Defendant was entitled to file Doc. 55 to preserve his right to respond.

B. No Prejudice or Delay Will Result

The sur-reply is concise (2 pages), addresses only the two new points, and imposes no burden on Plaintiff beyond fair notice. Granting leave promotes judicial efficiency by ensuring the Court has a complete record on these discrete issues, rather than forcing Defendant to raise them in a later, piecemeal fashion.

## IV. CONCLUSION

Defendant respectfully requests that the Court GRANT his Motion for Leave (Doc. 58) and consider the proposed sur-reply (Doc. 55) as timely filed.

Respectfully submitted this 28th day of April, 2025.

*/s/ Wendell Holmes Jr.*

Wendell Holmes, Jr., Pro Se

5934 Rosie Lane, SE

Mableton, GA 30126

wendellholmesjr@gmail.com

## CERTIFICATE OF SERVICE

I certify that on April 28, 2025, I filed this Reply via email, which will serve:

Joseph W. Weeks

McNALLY WEEKS

125 Clairemont Ave., Suite 450

Decatur, GA 30030

jweeks@mcnallyweeks.com

*/s/ Wendell Holmes Jr.*