IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

Plaintiff,

v.

WENDELL HOLMES, JR.,

Defendant

CIVIL ACTION NO. 1:24-cv-02911-SDG



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 28 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF DAWN DOUGLAS

COMES NOW, Defendant Wendell Holmes, Jr., pro se, and submits this Reply in Support of his Motion to Strike the Affidavit of Dawn Douglas submitted by Plaintiff in support of her Motion for Summary Judgment. For the reasons set forth below and in the original motion, the Affidavit of Dawn Douglas should be excluded in its entirety.

### I. INTRODUCTION

Plaintiff relies heavily on the Affidavit of Dawn Douglas to support her claims of emotional distress and reputational harm. However, the affidavit is inadmissible on multiple grounds: (1) it contains inadmissible hearsay; (2) it lacks personal knowledge regarding any alleged harm to the Plaintiff; (3) it includes speculative and irrelevant statements; and (4) it is offered solely to inflame and mislead the Court rather than to present any material fact in dispute.

## II. THE AFFIDAVIT LACKS FOUNDATION AND PERSONAL KNOWLEDGE

Federal Rule of Civil Procedure 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." The Affidavit of Dawn Douglas fails this standard. Ms. Douglas has no personal knowledge of the Plaintiff's mental, emotional, or professional condition. Her statements regarding Plaintiff's alleged emotional suffering are entirely speculative, lacking any basis in direct observation or fact.

Statements such as "Natalie was traumatized by what Wendell did" and "she was embarrassed" are not statements of fact—they are conclusions that Ms. Douglas is not qualified to make and are not based on personal, first-hand knowledge.

## III. THE AFFIDAVIT CONTAINS INADMISSIBLE HEARSAY AND IRRELEVANT CHARACTER EVIDENCE

Ms. Douglas's affidavit includes hearsay statements allegedly made by Plaintiff and others, none of which are subject to any exception under the Federal Rules of Evidence. Additionally, her affidavit attempts to describe Defendant's alleged

character and motives—none of which are material to the core issues of this case, and all of which are impermissible under Federal Rule of Evidence 404.

Further, the inclusion of a nude image being sent to Ms. Douglas—while acknowledged by Defendant as part of a misguided attempt to get her to intervene and stop the Plaintiff's public defamation—is completely irrelevant to the Plaintiff's claims of emotional or reputational injury. The Plaintiff was not the recipient of the image, did not witness the interaction, and was not harmed by it. This tactic appears designed only to cast Defendant in a negative light, which is improper and prejudicial.

## IV. THE AFFIDAVIT IS A DISTRACTION FROM THE LEGAL DEFICIENCIES IN PLAINTIFF'S CASE

Plaintiff's use of Ms. Douglas's affidavit is a transparent effort to compensate for the total lack of evidence supporting her claims. Plaintiff has provided no medical records, no testimony from treating professionals, no employment records reflecting lost income, and no admissible evidence showing actual damage caused by Defendant.

The Affidavit of Dawn Douglas, filled with irrelevant, unverified, and inflammatory statements, cannot be used to fill that evidentiary void.

## V. CONCLUSION

Because the Affidavit of Dawn Douglas fails to satisfy the requirements of Federal Rule of Civil Procedure 56(c)(4) and the Federal Rules of Evidence, and because it is clearly being used to introduce improper character evidence and irrelevant hearsay, this Court should strike the affidavit in its entirety.

WHEREFORE, Defendant respectfully requests that this Court GRANT his Motion to Strike the Affidavit of Dawn Douglas in full, and for such other relief as this Court deems just and proper.

Respectfully submitted this 28th day of April, 2025.

*/s/ Wendell Holmes, Jr.*

Wendell Holmes, Jr., Pro Se

5934 Rosie Lane, SE

Mableton, GA 30126

wendellholmesjr@gmail.com

404-664-2943