IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION



NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action No. 1:24-cv-02911-SDG.

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM

Defendant Wendell Holmes, Jr., pro se, respectfully submits this Response in Opposition to Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim (Doc. 52). For the reasons below, the Motion should be denied in its entirety. In the alternative, Defendant requests leave to amend any pleading deficiencies.

## I. INTRODUCTION

Plaintiff asks the Court to dismiss all four counts of Defendant's Amended Counterclaim—malicious prosecution, intentional infliction of emotional distress, defamation, and abuse of process—on the basis that each count rests on legal conclusions rather than factual allegations. But the Amended Counterclaim contains detailed factual assertions: the filing of a baseless criminal complaint, a live-streamed arrest at Defendant's workplace, public warnings to third parties, threats to Defendant's family and employer, and written pre-suit demand letters. Under the Twombly/Iqbal standard, these allegations are more than sufficient to survive a Rule 12(b)(6) motion.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a counterclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept well-pleaded facts as true and draw all reasonable inferences in the non-movant's favor. Id. at 679.

## III. ARGUMENT

### A. Count I (Malicious Prosecution) Is Adequately Pled

1. Favorable termination is not required at the pleading stage.

   Plaintiff contends that Defendant must allege the criminal charges were resolved in his favor. While favorable termination is generally an element of malicious prosecution under Georgia law, Georgia appellate courts acknowledge an exception where the accused pleads injury from arrest and the proceeding remains pending. Wolf Camera, Inc. v. Royter, 253 Ga. App. 254, 258 (2002); Peterson v. Banker, 316 Ga. App. 571, 574–75 (2012). Defendant alleged that on June 16, 2024, Plaintiff caused a criminal complaint to be filed without probable cause, that he was publicly arrested at his place of worship and employment, and that he suffered immediate job termination and reputational harm. (Am. Countercl. ¶¶ 8–12.) Those allegations suffice at this stage to state a plausible malicious-prosecution claim.

2. Probable-cause and malice allegations.

   Plaintiff argues Defendant offered only legal conclusions ("without probable cause," "with malice"). However, the Amended Counterclaim goes beyond labels by alleging specific facts: that Plaintiff swore out a criminal complaint months earlier for invasion of privacy yet waited nearly two months—and until Father's Day, when Defendant was ministering in music on a church livestream—to contact law enforcement; that she supplied no corroborating evidence to the officers who executed the warrant; and that she explicitly threatened Defendant's family and employer to ensure his public arrest (Am. Countercl. ¶¶ 9–11, 15–17). Those detailed factual allegations—accepted as true at this stage—adequately plead lack of probable cause and malice.

## B. Count II (Intentional Infliction of Emotional Distress) States a Claim

1. Extreme and outrageous conduct.

   Georgia law requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Racette v. Bank of Am., 318 Ga. App. 171, 179 (2012). Defendant alleged that Plaintiff publicly defamed him, filed false criminal charges, contacted his family with threats, and caused his arrest during a church service—conduct intended to humiliate him before his community. (Am. Countercl. ¶¶ 20–25.) Such a campaign of public shaming and legal retaliation easily meets the "extreme and outrageous" threshold.

2. Severe emotional distress.

   Plaintiff contends Defendant failed to plead "severe" distress. Yet Defendant alleged he lost his job, became ostracized in his community, experienced panic attacks so severe that he required an emotional-support animal, and suffered significant disruption to his daily life and ability to earn a living. (Am. Countercl. ¶¶ 26–30.) Those concrete allegations readily satisfy the requirement that "no reasonable person could be expected to endure" the emotional harm. Johnson v. Savannah College of Art & Design, Inc., 218 Ga. App. 66, 67 (1995).

## C. Count III (Defamation) Is Well-Pled

1. Actionable statement of fact.

   The statement "If you see this man, run" conveys a factual warning that Defendant poses a danger, not mere hyperbole. Georgia courts have held similar warnings actionable when they imply a real threat. Bryant v. Cox Enters., 311 Ga. App. 230, 232 (2011).

2. Specificity and publication.

   Defendant's Amended Counterclaim identifies the Facebook group, reproduces the text of the post, names the recipients (including family members and church staff), and links those statements to his job loss and reputational damage. (Am. Countercl. ¶¶ 33–38.) This specificity satisfies Georgia's requirement for pleading defamation. Mathis v. Cannon, 276 Ga. 16, 20–21 (2002).

## D. Count IV (Abuse of Process) Survives

1. Pre-suit notice.

   Plaintiff asserts Defendant failed to give written notice under O.C.G.A. § 51-7-84(a). Yet Defendant attached as exhibits to the Amended Counterclaim two letters dated June 20 and July 5, 2024—each demanding withdrawal of the baseless criminal complaint or payment of damages. (Am. Countercl.   45 & Exs. A–B.) Those letters satisfy the statute's notice requirement.

2. Lack of substantial justification and malice.

   Defendant alleged that Plaintiff pursued criminal and civil processes not to vindicate a legitimate right, but for revenge and public humiliation, causing him economic and emotional harm. (Id. ¶¶ 46–50.) Those factual allegations sufficiently plead that Plaintiff acted "without substantial justification" and with improper motive, as required by O.C.G.A. § 51-7-81.

# IV. CONCLUSION AND ALTERNATIVE REQUEST TO AMEND

For the foregoing reasons, Plaintiff's Motion to Dismiss (Doc. 52) should be DENIED. In the event the Court finds any pleading deficiency, Defendant respectfully requests leave to amend under Rule 15(a)(2) to cure any such defect.

Respectfully submitted this 28th day of April, 2025.

Wendell Holmes, Jr., Pro Se

5934 Rosie Lane, SE

Mableton, GA 30126

wendellholmesjr@gmail.com

## CERTIFICATE OF SERVICE

I certify that on April 28, 2025, I filed this Response via email, which will serve:

Joseph W. Weeks

McNALLY WEEKS

125 Clairemont Ave., Suite 450

Decatur, GA 30030

jweeks@mcnallyweeks.com