IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

Plaintiff,

v.

WENDELL HOLMES, JR.,

Defendant.

Civil Action No. 1:24-cv-02911-SDG



## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

COMES NOW, Defendant Wendell Holmes, Jr., pro se, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Court for summary judgment in his favor as to all claims asserted by Plaintiff Natalie Soto, and on Defendant's counterclaims, because there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law.

## I. INTRODUCTION

This lawsuit is built on exaggerated claims and distorted narratives unsupported by competent evidence. Plaintiff has failed to establish the essential elements of any of her claims — including emotional distress, reputational harm, or actionable privacy violations. Meanwhile, Plaintiff initiated criminal proceedings which led to Defendant's public arrest and termination from employment, without any finding of guilt. Defendant therefore seeks summary judgment as to all of Plaintiff's claims and judgment in his favor on his counterclaims for malicious prosecution, defamation, intentional infliction of emotional distress (IIED), and abuse of process.

## II. LEGAL STANDARD

Under Rule 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is "material" only if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## III. PLAINTIFF HAS FAILED TO PROVE EMOTIONAL DISTRESS, REPUTATIONAL HARM, OR DAMAGES

Plaintiff claims to have suffered emotional distress, reputational harm, and financial losses due to Defendant's alleged conduct. However, Plaintiff has provided no evidence of lost wages, therapy or medical care, job termination, or damage to professional reputation. There is no documentation of mental health treatment, employer discipline, or witness testimony corroborating her claims of distress.

Moreover, Plaintiff has voluntarily shared information about the parties' past relationship with others and posted about Defendant publicly on Facebook before any alleged misconduct by Defendant. The content of those posts, and her communications with third parties, indicate she was publicly sharing their history, undermining her claim that Defendant's actions were a shocking invasion of privacy.

### Recent Social Media Concealment Suggests Consciousness of Guilt

Since Defendant filed recent motions challenging the veracity of Plaintiff's claims and pointing to her public online activity as inconsistent with alleged emotional distress or reputational harm, Plaintiff appears to have either deleted or made all of her social media accounts private. Given that this case involves allegations of online harassment and reputational damage, Plaintiff's sudden removal of potentially relevant social media content suggests an effort to avoid further exposure or scrutiny. If such content has been deleted, Defendant reserves the right to request sanctions for spoliation of evidence under Rule 37(e) of the Federal Rules of Civil Procedure.

Additionally, Defendant has preserved video recordings of prior public social media content by Plaintiff, in which she is seen bragging about a new job, engaging in pole dancing classes, vacationing with a romantic partner, and otherwise displaying confidence and well-being inconsistent with the claims of severe emotional distress. These posts severely undermine the credibility of Plaintiff's damages claims.

## IV. MALICIOUS PROSECUTION

Plaintiff initiated a criminal complaint against Defendant that led to his public arrest on June 16, 2024. This arrest resulted in immediate loss of employment and reputational damage. Defendant maintains that the charges were baseless and intended as retaliation after Plaintiff saw him on a church livestream and called the police. Although the criminal matter remains unresolved at the time of this filing, Defendant has not been convicted, and the record reflects a lack of probable cause or genuine criminal intent. Whether resolved favorably by dismissal or absence of prosecution, the record supports Defendant's claim that Plaintiff weaponized the justice system for personal revenge.

## V. DEFAMATION

Plaintiff published or caused to be published defamatory statements about Defendant to third parties and on Facebook, including calling him a liar, a fraud, and a criminal. These statements were not only false but intended to damage Defendant's reputation in the community. Plaintiff's sharing of these allegations with Defendant's family members, employer, and others is well-documented. No privilege or truth defense applies, and the damages were foreseeable and severe, as evidenced by Defendant's job loss and reputational harm.

## VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff's extreme and outrageous conduct — including public defamation, filing false criminal charges, contacting Defendant's family, and showing up at his church — goes beyond the bounds of decency. Defendant suffered humiliation, financial ruin, and loss of community standing, and has since had to obtain an emotional support animal to cope with the distress. These are not mild consequences but demonstrable injuries resulting from Plaintiff's vindictive actions.

## VII. ABUSE OF PROCESS

Plaintiff misused both civil and criminal legal processes with an ulterior motive of revenge, not justice. The filing of a temporary protective order and later criminal complaint — both without basis and ultimately dismissed or unresolved — illustrates Plaintiff's pattern of manipulation. Her intent was never to obtain relief for legitimate harm, but rather to damage Defendant personally and professionally.

## VIII. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court:

1. Grant summary judgment in favor of Defendant as to all of Plaintiff's claims;

2. Grant judgment on Defendant's counterclaims for malicious prosecution, defamation, IIED, and abuse of process;

3. Award damages in the amount of $350,000, including lost wages, emotional distress, reputational harm, and litigation-related costs.

4. Grant any further relief this Court deems just and proper.

Respectfully submitted,

This 28th day of April, 2025.

*/s/ Wendell Holmes, Jr.*

Wendell Holmes, Jr.

Defendant, Pro Se

5934 Rosie Lane SE

Mableton, GA 30126

wendellholmesjr@gmail.com

(404) 664-2943