IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: 1:24-cv-02911-SDG

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNAUTHORIZED SURREPLY [DOC. 67]

Plaintiff Natalie Soto respectfully moves the Court to strike Defendant's unauthorized surreply [Doc. 67], filed on April 28, 2025, in response to Plaintiff's Reply Brief [Doc. 60] in support of her Motion to Dismiss Defendant's Amended Counterclaim [Doc. 52]. In support thereof, Plaintiff shows the Court as follows:

### I. BACKGROUND

On April 17, 2025, Plaintiff filed a Motion to Dismiss Defendant's Amended Counterclaim [Doc. 52]. Defendant filed a Response in Opposition on April 21, 2025 [Doc. 54], and Plaintiff filed her Reply Brief on April 24, 2025 [Doc. 60]. On April 28, 2025, without seeking leave of Court, Defendant filed a second opposition brief styled as a "Response in Opposition to Plaintiff's Motion

to Dismiss Defendant's Amended Counterclaim" [Doc. 67]. This second opposition brief is plainly a surreply directed at Plaintiff's Reply Brief, and was filed without leave of Court.

## II. ARGUMENT AND CITATION OF AUTHORITY

Surreplies are not permitted as a matter of right in this District. As the Northern District of Georgia has held:

> "Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies. Although the Court may in its discretion permit the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists."
>
> Byrom v. Delta Family Care—Disability and Survivorship Plan, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004).
>
> "[T]o allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs."
>
> Garrison v. Northeast Ga. Med. Ctr., Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999).

Because Defendant did not seek or obtain leave to file a surreply, and no valid basis for such an additional filing exists, Doc. 67 should be stricken from the record.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court STRIKE Defendant's unauthorized surreply [Doc. 67] in its entirety, or in the alternative, disregard it for purposes of ruling on Plaintiff's Motion to Dismiss.

Respectfully submitted this 30th day of April, 2025.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave.
Suite 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

## LR 7.1(D) NDGa. CERTIFICATE

I, Joseph W. Weeks, hereby certify that the foregoing PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNAUTHORIZED SURREPLY [DOC. 67] has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

This 30th day of April, 2025.

                                            **McNally Weeks**

                                            <u>/s/ Joseph W. Weeks</u>
                                            Joseph W. Weeks

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that true and correct copies of the within and foregoing **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNAUTHORIZED SURREPLY [DOC. 67]** have been served upon the Defendant via email and/or First Class Mail at Defendant's last known mailing address and/or email address, as follows:

Wendell Holmes, Jr.
5934 Rosie Lane, SE
Mableton, GA 30126
wendellholmesjr@gmail.com

This 30th day of April, 2024.

                                             /s/ Joseph W. Weeks
                                             Joseph W. Weeks
                                             Attorney for Plaintiff
                                             Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)