IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: 1:24-cv-02911-SDG

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

COMES NOW Plaintiff Natalie Soto and submits this Response to Defendant's Motion to Strike [Doc. 68], showing the Court as follows:

**I. INTRODUCTION**

Plaintiff files this Response to Defendant's Motion to Strike [Doc. 68] and shows that Defendant's Motion is procedurally improper, internally contradictory, and based on a fundamental misrepresentation of the record. Defendant asks the Court to strike his own unauthorized surreply brief [Doc. 55] while simultaneously claiming that Plaintiff's timely and proper reply brief [Doc. 51] is a surreply. While Plaintiff agrees with Defendant that his unauthorized surreply brief [Doc. 55] should be struck (see Doc. 61), Plaintiff does not agree with Defendant's

attempt to characterize Plaintiff's timely reply brief [Doc. 51] as an "unauthorized surreply. Plaintiff's reply was filed as authorized by Local Rule 7.1(C). Defendant's motion is confusing and serves no legitimate purpose.

## II. FACTUAL BACKGROUND

On March 17, 2025, following a discovery hearing, the Court ordered Defendant to produce all outstanding discovery by 5:00 p.m. that day and to appear for his deposition on March 20, 2025. The Court further set March 21, 2025 as the close of discovery and April 21, 2025 as the deadline for dispositive motions. [Doc. 28].

Since that time, Defendant has disregarded both the Court's deadlines and basic procedural rules, filing a flurry of duplicative, incoherent, and often contradictory motions. These include:

- Four overlapping motions on March 24, 2025 (Docs. 30–33);

- A set of six additional filings on April 14, 2025 (Docs. 45–50);

- An unauthorized surreply on April 21, 2025 [Doc. 55];

- A motion for leave to file a surreply [Doc. 58], despite already having filed one;

- A second unauthorized surreply [Doc. 67]; and

- Two summary judgment motions within eight days [Docs. 57 and 69].

Plaintiff has already moved to strike both of Defendant's unauthorized surreplies [Docs. 61 and 70].

Defendant's latest filing—his Motion to Strike [Doc. 68]—adds to this pattern. It seeks to strike his own improper filing [Doc. 55], while wrongly characterizing Plaintiff's timely reply brief [Doc. 51] as a surreply.

### III. ARGUMENT AND CITATION OF AUTHORITY

1. ***Plaintiff's Reply Brief [DOC. 51] was timely and proper under 7.1(C)***

Local Rule 7.1(C) permits a reply brief in support of a motion. Plaintiff's Motion for Summary Judgment [Doc. 42] was filed on April 10, 2025. Defendant filed his opposition [Doc. 45] on April 14. Plaintiff filed her reply [Doc. 51] the next day—April 15. This was a proper and timely filing responding to Defendant's arguments. It is not a surreply and was not filed after briefing closed.

2. ***Defendant's Surreply [DOC. 55] was unauthorized and is the real improper filing***

Defendant filed Document 55 on April 21, 2025, nearly a week after Plaintiff's reply. He did not seek leave of court. Courts in this District have consistently held that surreplies are not permitted unless leave is granted and new

arguments are raised in a reply. *See:*

Byrom v. Delta Family Care, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004);

Garrison v. Northeast Ga. Med. Ctr., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999).

Plaintiff's Motion to Strike [Doc. 61] properly seeks to address that unauthorized filing.

### 3. *Defendant's Motion to Strike [DOC. 68] is contradictory and meritless*

Defendant's motion asks the Court to strike his own brief, but simultaneously uses that request as a vehicle to argue—incorrectly—that Plaintiff's reply [Doc. 51] was improper. The motion contains no legal authority and misstates the procedural posture of the case. It is duplicative of arguments already raised in his Motion for Leave to File Surreply [Doc. 58], which remains pending. The Court should reject it outright.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. DENY Defendant's Motion to Strike [Doc. 68] to the extent it seeks to strike Plaintiff's reply brief [Doc. 51];

2. GRANT Plaintiff's pending Motion to Strike Defendant's

unauthorized surreply [Doc. 55] [Doc. 61], consistent with Defendant's own request; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of April, 2025.

                                      /s/ Joseph W. Weeks
                                      Joseph W. Weeks
                                      Attorney for Plaintiff
                                      Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave.
Suite 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

## **LR 7.1(D) NDGa. CERTIFICATE**

I, Joseph W. Weeks, hereby certify that the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

This 30th day of April, 2025.

**McNally Weeks**

/s/ Joseph W. Weeks
Joseph W. Weeks

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that true and correct copies of the within and foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE have been served upon the Defendant via email and/or First Class Mail at Defendant's last known mailing address and/or email address, as follows:

> Wendell Holmes, Jr.
> 5934 Rosie Lane, SE
> Mableton, GA 30126
> wendellholmesjr@gmail.com

This 30th day of April, 2024.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)