IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action
File No.: 1:24-cv-02911-SDG

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT [DOC. 69]**

COMES NOW Plaintiff Natalie Soto and respectfully moves this Court to strike Defendant Wendell Holmes, Jr.'s second Motion for Summary Judgment [Doc. 69], and in support thereof shows the Court as follows:

### I. INTRODUCTION

Defendant's second consecutive motion for summary judgment [Doc. 69], filed on April 28, 2025, is untimely, in violations of this Court's standing order, and procedurally improper.   It should be stricken. It was filed:

1. Seven days after the dispositive motion deadline set by the Court's March 17, 2025 Minute Order [Doc. 28];

2. Without prior leave of Court, in violation of Judge Grimberg's Standing Order prohibiting successive summary judgment motions; and

3. Duplicative, repeating the same legal arguments and factual assertions raised in Defendant's first summary judgment motion [Doc. 57], now simply restructured to attempt (unsucessfully) to cure defects.

This tactic is not permitted under the Federal Rules or this Court's orders.

## II. PROCEDURAL BACKGROUND

On March 17, 2025, the Court ordered that all dispositive motions be filed by April 21, 2025. [Doc. 28]. Defendant filed a motion for summary judgment on that date [Doc. 57], but failed to comply with Local Rule 56.1. He did not file a separate, numbered statement of undisputed material facts, and provided no admissible evidence or exhibits. On April 22, 2025, Defendant submitted a "Declaration in Support of Summary Judgment"[Doc. 66], which he filed with the Court as his reply brief. At this point, briefing on Defendant's Motion for Summary Judgment was closed.

On April 28, 2025—seven days after the dispositive motion deadline (and

six days after briefing had closed on Defendant's Motion)—Defendant filed a second Motion for Summary Judgment [Doc. 69], appending a new LR 56.1 statement [Docs. 69-1, 69-2], exhibits, and arguments virtually identical to those raised in Doc. 57.  Defendant did not seek leave of Court to file a successive motion.

### III. ARGUMENT AND CITATION OF AUTHORITY

#### A.   *The Filing Is Untimely*

The Court's March 17 Order was explicit: dispositive motions were due by April 21, 2025. Defendant's second motion [Doc. 69] was filed on April 28, 2025. No motion for extension was filed, and no leave was granted.  As such, the motion should be stricken as untimely.

#### B.   *Successive Summary Judgment Motions Are Prohibited Without Leave*

This Court's Standing Order expressly provides: "The filing of piecemeal or successive motions for summary judgment by a single party is prohibited, absent prior permission of the Court." *Standing Order Regarding Civil Litigation, § IV(a)*.   Defendant did not request or obtain such permission. The Court should enforce its rule and strike Doc. 69 as a procedurally improper successive filing.

The Eleventh Circuit upheld the striking of a second dispositive motion filed under similar circumstances in Kelsey v. Withers, 718 F. App'x 817, 820 (11th Cir. 2017), where a party filed a second motion despite a bifurcated discovery order and failed to obtain leave or modify the case schedule. The court affirmed the trial court's decision, emphasizing that "district courts have unquestionable authority to control their own dockets." Id.

Similarly, in Smith v. Safelite, the court struck a second summary judgment motion filed after the deadline and without leave, noting the prejudice to plaintiffs and the waste of judicial resources when parties are allowed to "redo" defective motions. 2024 WL 3164648, at *5.

### C. *Defendant Is Attempting to Cure His Own Defective Motion after briefing is closed*

Doc. 69 is not based on new facts or legal theories. It simply reformats Defendant's original filing, now attaching a LR 56.1 statement and previously omitted exhibits—an impermissible attempt to salvage a procedurally defective motion. Courts have consistently held that this is not a proper use of Rule 56. See:

- Slimfold Mfg. Co., Inc. v. Kinkead Indus., Inc., 600 F. Supp. 1015, 1023 (N.D. Ga. 1984) (striking duplicative second MSJ filed without leave of court);

- <u>Smith v. Safelite</u>, 2024 WL 3164648, at *4 (striking second motion that "simply recycled" arguments already raised and rejected).

Defendant's conduct here is identical and should be treated the same.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. STRIKE Defendant's second Motion for Summary Judgment [Doc. 69] as untimely and unauthorized;

2. REJECT any new materials appended to Doc. 69 that were not included with the original filing; and

3. GRANT such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of April, 2025.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS

125 Clairemont Ave.
Suite 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

## **LR 7.1(D) NDGa. CERTIFICATE**

I, Joseph W. Weeks, hereby certify that the foregoing PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT [DOC. 69] has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

This 30th day of April, 2025.

                                               **McNally Weeks**

                                               /s/ Joseph W. Weeks
                                               Joseph W. Weeks

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that true and correct copies of the within and foregoing PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT [DOC. 69] have been served upon the Defendant via email and/or First Class Mail at Defendant's last known mailing address and/or email address, as follows:

Wendell Holmes, Jr.
5934 Rosie Lane, SE
Mableton, GA 30126
wendellholmesjr@gmail.com

This 30th day of April, 2024.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Suite 450
Decatur, GA 30030-2560
jweeks@mcnallyweeks.com (email)
404-373-3131 (phone)
404-373-7286 (facsimile)