IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATALIE SOTO,<br>   Plaintiff,<br>               v.<br>WENDELL HOLMES, JR.,<br>   Defendant. | Civil Action No.<br>1:24-cv-02911-SDG |

### ORDER

This case is before the Court on various motions filed by the parties and associated email correspondence. For the reasons stated below, the Court orders as follows:

1. Defendant Wendell Holmes, Jr.'s motion for reconsideration [ECF 30] is **DENIED**.

2. Holmes's motion to strike Plaintiff Natalie Soto's evidence [ECF 47] is **DENIED**.

3. Holmes's motion for leave to file a surreply in opposition to Soto's motion for summary judgment [ECF 58] is **GRANTED IN PART and DENIED IN PART**.

4. Soto's motion to strike Holmes's surreply to her motion for summary judgment [ECF 61] is **DENIED**.

5. Holmes's motion to strike Soto's "April 21, 2025 filing . . . which functions as an unauthorized surreply to Plaintiff's Motion for Summary Judgment" [ECF 68] is **DENIED**.

6. Soto's motion to strike Holmes's surreply to Soto's motion to dismiss Holmes's amended counterclaim [ECF 70] is **DENIED**.

7. Soto's motion to strike Holmes's second motion for summary judgment [ECF 72] is **DENIED**.

8.  Soto's obligation to respond to Holmes's second motion for summary judgment is **STAYED** pending the Court's ruling on Holmes's anticipated motion for leave to file a second motion for summary judgment.

## I. Holmes's Motion for Reconsideration

A review of Holmes's motion for reconsideration shows that Holmes is requesting that the Court rule on his pending motion to dismiss for improper service and lack of personal jurisdiction.[1] Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Rather, such motions should be filed only when "a party believes it is absolutely necessary." *Id.* In order to establish absolute necessity, the moving party must show that there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). The Court has not yet ruled on Holmes's motion to dismiss, and therefore as a preliminary matter there is no decision for the Court to reconsider.

To the extent Holmes is seeking an expedited ruling on his motion to dismiss, that request is denied. LR 7.2(B), NDGa, provides that "[u]pon written motion and for good cause shown, the Court may waive the time requirements of this rule and grant an immediate hearing on any matter requiring such expedited

---

[1] ECF 30. Holmes's pending motion to dismiss is docketed at ECF 19, and Holmes filed a "[r]eassertion" of his motion to dismiss at ECF 33.

procedure. The motion shall set forth in detail the necessity for such expedited procedure." Holmes's motion does not establish the necessity for an expedited ruling on his motion to dismiss, relative to the numerous other pending motions.

The Court is cognizant that "[a]s a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims," because "[a] defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (internal citations omitted). Fed. R. Civ. P. 12(i) provides that a Rule 12(b) motion "must be heard and decided before trial unless the court orders a deferral until trial." The Court will decide Holmes's motion to dismiss before reaching the merits of Soto's claims, whether at summary judgment or trial. Accordingly, Holmes's motion for reconsideration is **DENIED**.

## II.  The Motions to Strike

Both parties have filed several motions to strike directed at: (1) the affidavit of Dawn Douglas in support of Soto's motion for summary judgment [ECF 41]; (2) Holmes's surreply to Soto's motion for summary judgment [ECF 55]; (3) Soto's "April 21, 2025 filing [Doc. 55], which functions as an unauthorized surreply to Plaintiff's Motion for Summary Judgment"; (4) Holmes's surreply to Soto's motion

to dismiss Holmes's amended counterclaim [ECF 67]; and (5) Holmes's second motion for summary judgment [ECF 69].[2]

As an initial matter, Holmes seeks to strike the document filed at ECF 55, which he states is an unauthorized surreply by Soto in support of her motion for summary judgment, filed on April 21, 2025.[3] A review of the docket in this case shows that ECF 55 was an opposition to Soto's motion for summary judgment filed *by Holmes*. Holmes is the only party who filed in this case on April 21, 2025. This motion is **DENIED**.

More substantively, "[m]otions to strike are governed by Federal Rule of Civil Procedure 12(f), which allows the Court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1349 (N.D. Ga. 2011) (citing Fed. R. Civ. P. 12(f); Fed. R. Civ. P. 7 (distinguishing between pleadings and motions)). Rule 12(f) "applies to pleadings, not to motions or briefs filed in support of motions." *Id.*; *see also Lentz v. Hosp. Staffing Sols., LLC*, No. 1:06-CV-1893-WSD, 2008 WL 269607, at *10 (N.D. Ga. Jan. 28, 2008) (noting that Rule 12(f) permits the court to strike a pleading, not an affidavit attached to a motion for summary judgment).

---

[2]   ECFs 47, 61, 68, 70, 72.

[3]   ECF 68.

None of the parties' motions to strike are directed at a pleading as defined by Rule 7(a). Therefore, they are subject to denial on that basis alone. Striking the affidavit in support of Soto's motion for summary judgment would also be "improper," as "[t]he proper method to challenge such an affidavit is to challenge the admissibility of evidence contained in the affidavit." *Id.* at 10.

However, the parties are correct in the sense that "[n]either the Federal Rules of Civil Procedure nor the Local Rules of this Court contemplate the routine filing of briefs following the movant's reply." *Stephens v. Tr. For Pub. Land*, 475 F. Supp. 2d 1299, 1303 (N.D. Ga. 2007). Such surreplies "will typically be accepted by the Court only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review." *Id.* LR 7.1(F), NDGa, provides that "[t]he Court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of" the Local Rules.

Holmes has moved for leave to file a (second) surreply in opposition to Soto's motion for summary judgment.[4] In his motion, Holmes states that the surreply is necessary because Soto's reply brief in support of her motion for

---

[4] ECF 58. Holmes's opposition to Soto's motion for summary judgment was docketed at ECF 45, and his first surreply was docketed at ECF 55.

5

summary judgment raised new facts and arguments.[5] Having reviewed Soto's reply, the Court largely disagrees with Holmes's characterization. However, Soto's reply did appropriately raise the issue of Holmes's potential noncompliance with LR 56.1, NDGa, regarding the form and substance of Holmes's response to Soto's statement of undisputed material facts in support of summary judgment.[6] The Court will therefore consider Holmes's surreply for the limited purpose of assessing his compliance with LR 56.1, NDGa, and therefore Holmes's motion for leave is **GRANTED IN PART and DENIED IN PART**.

Lastly, Soto has moved to strike Holmes's second motion for summary judgment. In email correspondence, Holmes has represented that he anticipates filing a motion for leave to file his second motion for summary judgment on May 5, 2025. The Court will defer the question of whether to consider Holmes's second motion for summary judgment until it has reviewed Holmes's motion for leave. Accordingly, Soto's obligation to respond to Holmes's second motion for summary judgment is **STAYED** pending the Court's ruling on Holmes's anticipated motion for leave to file a second motion for summary judgment. Soto may file an opposition to Holmes's motion for leave consistent with LR 7.1(B), NDGa.

---

[5]   ECF 58.

[6]   ECF 51, at 4.

## III.     Conclusion

The Court issues the following orders: Holmes's motion for reconsideration [ECF 30] is **DENIED**. Holmes's motion to strike Soto's evidence [ECF 47] is **DENIED**. Holmes's motion for leave to file a surreply in opposition to Soto's motion for summary judgment [ECF 58] is **GRANTED IN PART and DENIED IN PART**. Soto's motion to strike Holmes's surreply to her motion for summary judgment [ECF 61] is **DENIED**. Holmes's motion to strike Soto's "April 21, 2025 filing . . . which functions as an unauthorized surreply to Plaintiff's Motion for Summary Judgment" [ECF 68] is **DENIED**. Soto's motion to strike Holmes's surreply to Soto's motion to dismiss Holmes's amended counterclaim [ECF 70] is **DENIED**.

Soto's motion to strike Holmes's second motion for summary judgment [ECF 72] is **DENIED**. Soto's obligation to respond to Holmes's second motion for summary judgment is **STAYED** pending the Court's ruling on Holmes's anticipated motion for leave to file a second motion for summary judgment. If no such motion is filed, Soto is **DIRECTED** to file a response only as to the procedural propriety of Holmes's second motion for summary judgment, no later than May 19, 2025.

The parties are **ADVISED** that future motions to strike that are not strictly compliant with Fed. R. Civ. P. 12(f) will be subject to summary denial. If a party

believes that a motion was improperly filed and should not be considered, that party should file a response pursuant to LR 7.1(B), NDGa, with support for such contention.

The parties are further **ADVISED** that the filing of future surreplies is discouraged, and any surreply filed in this case will not be considered by the Court absent express leave. If, after considering this Order, a party believes that the Court's consideration of any or all previously filed surreplies is proper, that party should file a single motion seeking leave for such surreplies. The opposing party shall file a single opposition to such motion pursuant to LR 7.1(B), NDGa. Motions that do not comply with this Order will be subject to summary denial.

**SO ORDERED** this 2nd day of May, 2025.

Steven D. Grimberg
United States District Judge