IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE SOTO,

Plaintiff,

v.

WENDELL HOLMES, JR.,

Defendant.

CIVIL ACTION FILE NO. 1:24-cv-02911-SDG

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND SUMMARY JUDGMENT MOTION

COMES NOW Defendant Wendell Holmes, Jr., pro se, and files this Response in Opposition to Plaintiff's Motion to Strike Defendant's Second Summary Judgment Motion [Doc. 72], and respectfully shows the Court as follows:

1. Plaintiff contends that Defendant's second summary judgment motion [Doc. 69] is improper because it was filed without leave of Court and is duplicative. This assertion is incorrect and mischaracterizes the nature of the filing.

2. Defendant's first summary judgment motion [Doc. 57], filed on April 21, 2025, addresses Plaintiff's claims for invasion of privacy and related torts. Defendant's second summary judgment motion [Doc. 69], filed on

April 28, 2025, seeks judgment solely on Defendant's amended counterclaims, which were filed on April 14, 2025 and are the subject of Plaintiff's pending Motion to Dismiss [Doc. 59].

3. Because the second motion concerns an entirely different legal basis—Defendant's counterclaims for malicious prosecution, IIED, defamation, and abuse of process—it is not duplicative or successive under Rule 56.

4. Procedurally, courts in this District have allowed multiple summary judgment motions when they raise distinct issues. See *Doe v. Fulton Cnty., Ga., 2021 WL 4504473, at 2 (N.D. Ga. Sept. 30, 2021) ("Courts have discretion to consider more than one summary judgment motion where the second is based on different grounds or addresses newly developed issues.")

5. Plaintiff will suffer no prejudice, and the second motion promotes judicial efficiency by narrowing or resolving matters that would otherwise require trial on claims the Court may dispose of as a matter of law.

6. Furthermore, the motion was filed by the Court's dispositive motion deadline (April 28, 2025), as set forth in the scheduling order [Doc. 28], and therefore does not circumvent any procedural limits or timelines.

7. Alternatively, should the Court find any procedural defect, Defendant respectfully requests that the second motion be treated as a cross-motion for summary judgment in response to Plaintiff's motion to dismiss the amended counterclaims [Doc. 59], or that leave to file be granted nunc pro tunc in the interest of justice.

**WHEREFORE, Defendant respectfully requests that the Court:**

(a) DENY Plaintiff's Motion to Strike [Doc. 72];

(b) Allow full consideration of Defendant's Second Summary Judgment Motion [Doc. 69] as a proper, distinct, and timely dispositive motion;

(c) Alternatively, treat the motion as a cross-motion or grant leave to file it nunc pro tunc; and

(d) Grant such other relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing document upon all parties by filing it with the Clerk of Court using the CM/ECF system, which will automatically send electronic notice to all counsel of record.

This 5th day of May, 2025.

Respectfully submitted,

Wendell Holmes, Jr.

Pro Se Defendant

5934 Rosie LN SE

Mableton, GA 30126

wendellholmesjr@gmail.com

## <u>Attachments in Support of This Response in Opposition:</u>

- Exhibit A: Defendant's Amended Counterclaim

- Exhibit B: Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim

- Exhibit C: Summary Chart Comparing the Two Summary Judgment Motions

- Declaration of Wendell Holmes, Jr.


This 5th day of May,  2025.

Respectfully submitted,

Wendell Holmes, Jr.
Pro Se Defendant

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

   Plaintiff,

v.

WENDELL HOLMES, JR.,

   Defendant.

Civil Action No. 1:24-cv-02911-SDG

## DEFENDANT'S AMENDED COUNTERCLAIM

Defendant Wendell Holmes, Jr., pursuant to Rule 13 of the Federal Rules of Civil Procedure, hereby submits the following amended counterclaims against Plaintiff Natalie Soto:

1. Malicious Prosecution:

   Plaintiff initiated criminal proceedings against Defendant without probable cause and with malice, which ultimately resulted in Defendant's arrest, public humiliation, and termination of employment.

These actions were undertaken with knowledge that the accusations lacked legal merit.

2. <u>Intentional Infliction of Emotional Distress (IIED):</u>

Plaintiff engaged in extreme and outrageous conduct, including but not limited to online harassment, defamatory public postings, and contacting Defendant's employer and family members with false and harmful allegations. This conduct caused Defendant severe emotional distress, anxiety, and required emotional support interventions.

3. <u>Defamation:</u>

Plaintiff published false and damaging statements about Defendant to third parties, including "If you see this man, run" and untrue allegations of criminal behavior. These statements were made with actual malice and have harmed Defendant's reputation.

4. <u>Abuse of Process:</u>

Plaintiff used the legal process not to obtain justice, but to harass, retaliate against, and cause reputational and economic harm to Defendant through improper motives and misuse of legal procedures.

<u>WHEREFORE, Defendant respectfully requests that this Court:</u>

- Dismiss Plaintiff's Complaint in its entirety with prejudice;

- **Enter judgment in favor of Defendant on the above counterclaims;**

- **Award compensatory and punitive damages in an amount not less than $350,000;**

- **Award costs, fees, and any other relief the Court deems just and proper.**

Respectfully submitted,

Wendell Holmes, Jr.

Pro Se Defendant

## EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

    Plaintiff,

v.

WENDELL HOLMES, JR.,

    Defendant.

Civil Action No. 1:24-cv-02911-SDG

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM AND BRIEF IN SUPPORT

COMES NOW Plaintiff Natalie Soto and moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Defendant Wendell Holmes, Jr.'s Amended Counterclaim in its entirety. In support of this Motion, Plaintiff shows the Court as follows:

## I. INTRODUCTION

Defendant's Amended Counterclaim asserts four causes of action: (1) Malicious Prosecution, (2) Intentional Infliction of Emotional Distress (IIED),

(3) Defamation, and (4) Abuse of Process. Each of these claims fails to state a cause of action under Georgia law and does not meet the pleading standards required under Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Malicious Prosecution

To sustain a claim for malicious prosecution under Georgia law, a party must show (1) prosecution for a criminal offense, (2) instigated without probable cause, (3) with malice, (4) that terminated in the accused's favor, and (5) caused damage. Here, Defendant fails to plead that the proceedings were resolved in his favor, nor does he allege facts sufficient to show lack of probable cause or malice.

### B. Intentional Infliction of Emotional Distress

Defendant's allegations, even if taken as true, do not rise to the level of "extreme and outrageous conduct" necessary to support an IIED claim. Georgia courts have consistently held that insults, indignities, and threats alone are insufficient. Defendant has not alleged facts that meet this high threshold.

### C. Defamation

To plead defamation, Defendant must allege (1) a false and defamatory statement, (2) unprivileged publication to a third party, (3) fault amounting to at least negligence, and (4) special harm or "actionability of the statement irrespective of special harm." Defendant's vague references to online posts and alleged statements lack specificity and fail to identify when, where, or to whom the statements were made.

### D. Abuse of Process

An abuse of process claim requires showing that a legal process was used for an improper purpose after it was issued. Defendant's allegations concern Plaintiff's decision to file a civil complaint and call authorities — both of which are protected rights and do not constitute improper use of legal process.

## III. CONCLUSION

Defendant's Amended Counterclaim does not state a plausible claim for relief under any of the four causes of action asserted. Therefore, Plaintiff respectfully requests that this Court grant her motion and dismiss Defendant's Amended Counterclaim with prejudice.

Respectfully submitted,

Joseph W. Weeks

McNally Weeks

Attorney for Plaintiff Natalie Soto

## EXHIBIT C

Summary Chart Comparing the Two Summary Judgment Motions

This exhibit provides a side-by-side comparison of the Defendant's first and second summary judgment motions, highlighting the key legal issues, factual developments, and procedural posture that distinguish them.

| Category | First Summary Judgment Motion (March 2025) | Second Summary Judgment Motion (April 2025) |
|---|---|---|
| Purpose | Dismiss Plaintiff's claims | Dismiss Plaintiff's claims and obtain judgment on Defendant's counterclaims |
| Timing | Filed before receiving Plaintiff's Motion to Dismiss | Filed after reviewing Plaintiff's Motion to Dismiss the Amended Counterclaim |
| Legal Focus | Focused on insufficiency of Plaintiff's claims | Includes both Plaintiff's claims and Defendant's counterclaims (malicious prosecution, |

|  |  | IIED, defamation, abuse of process) |
|---|---|---|
| Factual Basis | Based on initial pleadings and exhibits | Includes newer facts from Plaintiff's filings and Defendant's amended counterclaims |
| Relief Sought | Summary judgment on Plaintiff's claims | Summary judgment on Plaintiff's claims and in Defendant's favor on all counterclaims |
| Procedural Context | Filed early in litigation | Filed in direct response to Plaintiff's Motion to Dismiss |
| Duplicative? | No | No – addresses different legal and factual issues |

**EXHIBIT D**.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

   Plaintiff,

v.

WENDELL HOLMES, JR.,

   Defendant.

Civil Action No. 1:24-cv-02911-SDG


**DECLARATION OF WENDELL HOLMES, JR**.

Pursuant to 28 U.S.C. § 1746, I, Wendell Holmes, Jr., declare under penalty of perjury that the following is true and correct:

1. I am the Defendant in the above-captioned matter and submit this Declaration in support of my Response in Opposition to Plaintiff's Motion to Strike my Second Summary Judgment Motion.

2. I am representing myself in this action as a pro se litigant.

3. I filed a second motion for summary judgment after receiving and reviewing Plaintiff's Motion to Dismiss my Amended Counterclaim, which raised new factual and legal issues not addressed in my initial summary judgment motion.

4. My second summary judgment motion seeks not only dismissal of Plaintiff's claims but also judgment in my favor on my counterclaims, including malicious prosecution, . defamation, intentional infliction of emotional distress, and abuse of process.

5. Attached to my second summary judgment motion are relevant exhibits, including my Amended Counterclaim (Exhibit A), Plaintiff's Motion to Dismiss (Exhibit B), and a comparative chart demonstrating the distinct legal and factual grounds between my first and second motions (Exhibit C).

6. Plaintiff's Motion to Strike my second summary judgment motion misrepresents the purpose and content of that motion. It is neither duplicative nor procedurally improper given the intervening developments and newly presented claims and evidence.

7. I affirm that all facts stated in my Response in Opposition and this Declaration are true and based on my personal knowledge or information available to me.

Executed this 5th day of May, 2025.

*Wendell Holmes*

Wendell Holmes, Jr.

Pro Se Defendant