IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

NATALIE SOTO,

Plaintiff,

v.

WENDELL HOLMES, JR.,

Defendant.

Civil Action No. 1:24-cv-02911-SDG



## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE [Doc. 70]

COMES NOW Defendant Wendell Holmes, Jr., pro se, and respectfully files this Response in Opposition to Plaintiff's Motion to Strike [Doc. 70], showing the Court as follows:

I.

### Procedural Background

1. On April 17, 2025, Plaintiff filed a Motion to Dismiss Defendant's Amended Counterclaim [Doc. 52].

2. Defendant timely filed a Response in Opposition on April 21, 2025 [Doc. 54].

3. Plaintiff filed her Reply Brief on April 24, 2025 [Doc. 60].

4. On April 28, 2025, Defendant filed a document styled "Response in Opposition to Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim" [Doc. 67]. This filing was intended to address new arguments and factual issues that were raised for the first time in Plaintiff's Reply Brief.

5. Plaintiff has since moved to strike Defendant's filing, characterizing it as an "unauthorized surreply" [Doc. 70].

## II.

## Argument

While Defendant acknowledges that surreplies are not routinely permitted under the Local Rules of this District, courts possess discretion to consider such filings where necessary to address issues raised in a reply brief. See Byrom v. Delta Family Care, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004) (explaining that surreplies may be permitted to address new arguments raised in a reply). Allowing such a filing avoids "putting the court in the position of refereeing an endless volley of briefs," while ensuring fairness where new matters are introduced. Garrison v. Northeast Ga. Med. Ctr., Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999).

Defendant respectfully submits that:

- The filing [Doc. 67] was submitted in good faith to clarify factual disputes and properly address legal arguments raised for the first time in Plaintiff's Reply Brief [Doc. 60].

- As a pro se litigant, Defendant was unaware of the requirement to seek leave prior to filing a surreply and apologizes for any procedural oversight.

- Plaintiff suffers no prejudice from the inclusion of Doc. 67, while judicial efficiency is served by ensuring all arguments are properly considered.

For these reasons, Defendant respectfully requests the Court either:

- Consider Doc. 67 in ruling on Plaintiff's Motion to Dismiss [Doc. 52]; or

- Contrue Doc. 67 as a Motion for Leave to File a Surreply, granting such leave nunc pro tunc (retroactively).

## III.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court:

1. DENY Plaintiff's Motion to Strike [Doc. 70];

2. Alternatively, grant leave to file Defendant's surreply [Doc. 67] nunc pro tunc for consideration as part of the record; and

3. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 5th day of May, 2025.

*/s/ Wendell Holmes, Jr.*

Wendell Holmes, Jr.

Pro Se Defendant

5934 Rosie Lane SE

Mableton, GA 30126

wendellholmesjr@gmail.com

## Certificate of Service

I hereby certify that I have this day served the foregoing upon all parties by filing it with the Clerk of Court using the CM/ECF system, which will automatically send electronic notice to all counsel of record.

This 5th day of May, 2025.

*/s/ Wendell Holmes, Jr.*

Wendell Holmes, Jr.

Pro Se Defendant